United States District Court
Southern District of Texas
FILED

SEP 2 5 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| John Ocie Roberts | § | Civil Action No. **B-03-170** |
| | § | |
| vs. | § | |
| | § | |
| Eleanor Carte | § | |
| Estate of A. C. Carte | § | |
| Through its executrix, | § | |
| Celeste Bowman, | § | |
| Javier Gonzales, Salvador Gonzales | § | |
| and Harold Waite | § | |

## COMPLAINT

### I.

Plaintiff, John Ocie Roberts, is a citizen of the United States of America and a resident of the City of La Feria County of Cameron, State of Texas.

### II.

### Parties

The Defendants are the following:

1.  Eleanor Carte is an individual residing at1726 2nd Street, Corpus Christi, Nueces County, State of Texas 78504.

2.  Celeste Bowman is an individual who is the daughter of A. C. Carte and is the executrix of the Estate of A. C. Carte, Deceased.

3.  Javier Gonzales is an individual and an attorney and is resident of the City of Brownsville 55 Cove Circle, Cameron County, Texas 78520.

4.  Salvador Gonzalez is an individual and resides at Santa Rosa, Rt. 1,Box 7-C Cameron County, Texas.

5.  Harold Waite is an individual and resides in La Feria, Cameron County, Texas.

### III.

### Jurisdiction and Venue

6.  This is an action to redress the deprivation under color of a statute or, ordinance, or, regulation of a privilege or an immunity secured to plaintiff by the Act of Civil Rights, Section 1981 et seq. providing for equal rights of

OFFICIAL NOTICE—VO
COURT OF APPEALS
13TH JUDICIAL DISTRICT

September 24, 2001

RE: 13-01-00314-CV

Style: JOHN OCIE ROBERTS
    v. ELEANOR CARTE AND A. C. CARTE

Appellant's motion for leave to file motion for rehearing  on
dismissal for want of prosecution was filed and received on
September 21, 2001.  Mr. Roberts, please remit the $10.00 filing fee
within ten days from the date of this postcard.

T.C. Case # 2000-09-3842-C               CATHY WILBORN, CLERK
13TH COURT OF APPEALS
13TH FLOOR
NUECES COUNTY COURTHOUSE
CORPUS CHRISTI, TEXAS 78401

MAIL TO:
JOHN OCIE ROBERTS
P  O  BOX 1167
LA FERIA  TX  78559

EX4 F

CAUSE NO. 2000-09-3842-C

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 197TH JUDICIAL COURT |
| | § | |
| ELEANOR CARTE AND AC CARTE | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

ORDER SETTING HEARING TO REINSTATE
CASE AND FOR TRIAL SETTING FOR CASE

On this the _____ day of _March_, 2001, came on to be considered Plaintiff's John Ocie Roberts, Motion to Reinstate case and to set trial date. After considering the same, the Court grants the Motion.

It is hereby ordered, adjudged and decreed that this case is reinstated on the docket and the hearing for trial setting is for the _____ day of _March_, 2001. _at 9:00 am_

Signed for entry on this the _____ day of _March_, 2001.

_Misdalia López_
Judge Presiding

MAR 2 3 2001

COPIES TO:
HON JAVIER GONZALEZ
JOHN OCIE ROBERTS

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAR 2 2 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEP.

Exh.
G  80

citizens of all persons within the jurisdiction of the United States. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343. This action arises under the amendments IV, V, VI, IX, and XIV to the Constitution of the United States, as hereinafter more fully appears. Jurisdiction is founded upon 28 U.S. C. § 1331(a). This is an action to redress the deprivation under color of a custom or usage or law of the State of Texas of a right secured to plaintiff by the Constitution of the United States. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343.

7.    The acts and practices of the Defendants and their agents, as herein alleged, were performed under color of law, and therefore, constitute actions of the State within the meaning of the Fourteenth Amendment to the United States Constitution.

IV

Facts

.    On the 13TH day of February, 1987, Plaintiff and Defendant Eleanor and A. C. Carte entered into a contract for the sale/purchase of a tract of land. There was no doubt or ambiguity what Plaintiff saw in the contract. He was to pay $500.00 a month for fifteen (15) years. The interest was to be an overall ten (10%) per cent.

There were several clauses in the contract:

"From time to time" he could prepay without penalty. He could prepay either principal or prepay interest or both, although not yet due and owing, all without penalty! He had a 59 day grace period and as long as he was not behind 60 or more days, he would not have the contract canceled and all previous payments as liquidated damages.

9.    Not until he received a letter from Defendant's attorney. did he realized that the Defendants, the Sellers, had created an ambiguity in the contract. Plaintiff knew of no real problem until he found out that Defendants were refusing to cash his check. Therefore, he had no alternative but to seek judicial intervention. Then, the procedural anomalies began to occur.

10.    Having filed his petition on the 18th of September 2000, the first trial court decided to dismiss his petition. The first trial court had stated to Plaintiff on the previous occasion that pro se Plaintiffs never win in her court.

11.    Plaintiff then filed the following:

"Comes now, John Ocie Roberts, hereinafter referred to as Movant, and files this his MOTION FOR REINSTATEMENT AND FOR TRIAL SETTING HEARING

in the above styled and numbered cause and for his grounds would show the following:

I.

Movant, as of today, has not received any notification from the clerk as to any order passing this case to the drop docket. He was alerted to this in that he received Defendant's Motion for Reinstatement. The facts stated herein are based on Defendant's Motion and not from Movant's personal knowledge as to the matter of the drop docket.

II.

This case was placed on the drop docket on the 15th of February, 2001. This case was filed on the 18th of September, 2000, therefore, the rules allow more time than what this Court is allowing parties. It means that this Court is only giving parties less than 5 months for all discovery in that the first month was used up for the answers to be filed.

III.

Since then, the initial exchanges of request have been exchanged. This is an actual controversy that must be resolved. Movant is faced with a contract that if the terms are followed, at the end of one hundred years, he will owe a greater debt than what he started out with and still the property would not be his.

IV.

The failure to seek a trial setting was not intentional nor the result of conscious indifference but the discovery is still on-going.

Wherefore premises considered, Movant prays that this Court order a reinstatement of the case and hold a trial setting hearing."

12.    Plaintiff's motion was verified. First trial Court signed the following order:
       "ORDER SETTING HEARING TO REINSTATE
       CASE AND FOR TRIAL SETTING FOR CASE

On this the 22nd day of March, 2001, came on to be considered Plaintiff's, John Ocie Roberts, Motion to Reinstate case and to set trial date. After considering the same, the Court grants the Motion.

It is hereby ordered adjudged and decreed that this case is reinstated on the docket and the hearing for trial setting is of the 28th day of March, 2001 at 9:00 a.m.

Signed for entry on this 22nd day of March 2001."

13.    On the hearing of Mach 28, 2001, the Defendant Attorney Javier Gonzalez "persuaded" the judge that the motion was a motion to dismiss Plaintiff's petition and not one to obtain a trial setting. (Exhibit A is a true and correct copy of the statement of facts of the hearing and is incorporated by

referenced as if fully copied herein.)  (That was case No. 2000-09-3842-C)

14.    Therefore, Plaintiff's case was dismissed, Defendant Carte's case was severed on April 4, 2001.  Plaintiff filed a motion for new trial, then after the denial, went on appeal.

15.    While Plaintiff's case was on appeal, first trial judge assigned a visiting judge, second trial judge, by the name of Robert Barnes.  Two months later, second judge had a trial on the 15th of August, 2001.

16.    Plaintiff was not notified of this trial either.

17.    While the judgment which had ordered the severance was  on appeal, the second trial judge granted a trial and granted a final judgment.  (Exhibit B is a true and correct copy of the judgment and is incorporated by reference as if fully copied herein.)  This second case number is 2001-05-2303-C).

18.    During the trial, the second trial judge instructed Defendant Javier Gonzales that he Defendant Gonzales was proposing double recovery, and that such was not allowed.  (Exhibit C is a true and correct copy of the statement of facts of the trial p.47 and is incorporated by reference as if fully copied herein.)

19.    Defendant Gonzalez then went to the first trial judge and had her sign the judgment allowing double recovery.  (Exhibit B is a true and correct copy of the judgment and is incorporated by reference as if fully copied herein.)  Defendant Carte would keep the land and also got a judgment ordering Plaintiff's to continue finishing off the usurious contract.

20.    In order to attack  collaterally the two judgments which were obtained by and through violations of Plaintiff's rights guaranteed by the Constitution of the United States, its amendments and the Civil Rights Act, Plaintiff filed a third petition.

21.    What Defendants were to receive in favor of the judgments is the following: In that Defendant had asked for in her pleadings that the Court award her "any past installments payments...as liquidated damages" and the "principal balance due to" Defendant from date of default until judgment, and that the property be given back to Defendant.
The Court then in its judgment gave Defendant ordering Plaintiff to pay

inter alia for the following:

1.  Sum of $7,500.00 for alleged unpaid payments until August, the day of trial, under the contract for deed plus interest;
2.  Sum of $5,000.00 under the contract for deed plus interest;
3.  All previous payments as liquidated damages;
4.  The cancellation of deed;
.   Taxes: paid, unpaid and to be paid for the full term of the 15 years of the contract;
6.  Title and possession by Defendant of land; and
7.  Ordering specific performance, and the eviction of Plaintiff.

22.  Focusing on the payments (other than the taxes), there are three (3) sources of money; (a) unpaid payments until the trial, (b) previous payments as liquidated damages and (c) a sum of $5,000.00 under the contract for deed which has to be the future payments to complete the fifteen years.

Defendant contention on the total owed from the contract for sale is the following:

1. Price for land, $78,000:00
2. Interest - 10%
3. How would interest be applied?
   Plaintiff would owe $7,800.00 for the interest every year.
4. Plaintiff was to pay $7,800.00 for 15 years
5. The payments were to be for $500.00 per month for a total of $6,000.00 per year which created a deficit of $1,800.00 per year for fifteen years.
6. At the end of the 15 years period, Plaintiff would have to pay $105,000.00 as a balloon payment which represents $27,000.00 of back interest payments and the $78,000.00 - sales price.
7. At the end of the 15 years period. Plaintiff would have to pay $105,000.00 as a balloon payment made up of the $78,000.00 plus the deficit is the interest of $1,800.00 per year for 15 years.

   There is no place in the contract with such language. (Exhibit D is a true and correct copy of the contract and is incorporated by reference as if fully copied herein.)

   However, all this aside, the final outcome should be reviewed:

   #1. $78,000.00 - price of land = $ 78,000.00
   #4 $  7,800.00 - for 15 years = $117,000.00
            For a total of          $195,000.00

23.  Defendant claimed that is what ten (10%) per cent meant.  In actuality, this is over fifteen (15%) per cent per annum.

24.   Plaintiff understood the contract language to mean the following:
"That the purchaser agrees to pay to the Seller and the Seller agrees to receive as payment, for tract or parcel of land the sum of $78,000.00 dollars. Fully the terms of payment rate of interest
to be paid as follows:
        "$500.00 per month at 10% interest..."
Since there is no per annum or simple annual interest mentioned, Plaintiff's contention is that this would seem to mean that the price is $78,000.00 and the 10% is $7,800.00

$78,000.00
+  7,800.00
$85,800.00 as a total price.

The payments would be for $500.00. There is no mention in the contract of a balloon payment. The rationale was that from the beginning, the price of the land would be inflated therefore, that would justify the low interest charged.

25.   The second trial judge also in concert with Defendants, violated Plaintiff's civil rights when it took judicial notice of the Court's file in order to prove notice. There is no such file of the previous case in the Court's file. That file had been sent upon appeal.

26.   The second trial court took judicial notice of it own file and took judicial notice of the previous file. (Case No. 2000-09-3842-C) Unfortunately, there is no record known to Plaintiff that shows how the Court reviewed that first case. That case is not in the case file. If the Court had seen the first file, it would have notice several pertinent controlling facts;
(1) that in the 2000 case, Plaintiff claim was properly reinstated by the trial Court. The Court plainly ordered, "it is hereby ordered, adjudged and decreed that this case is reinstated on the docket and the hearing for trial setting is for the 28th day of March, 2001 at 9:00 a.m."
(2) the original claim was on appeal.
(3) Plaintiff's answer from the original case contained several affirmative defenses such as the statute of limitations.
            "By Way of Affirmative Defense
1.   Plaintiff hereby presents his affirmative defense of usury in that the contract sued upon is usurious.

2.   Plaintiff hereby presents his affirmative defense of failure of consideration.

3.   Plaintiff hereby presents his affirmative defense of illegality.

4.    Plaintiff hereby presents his affirmative defense of payment.

5.    Plaintiff hereby presents his affirmative defense of fraud."

27.    Plaintiff filed a motion for new trial and that motion was categorically dismissed.

28.    Plaintiff has appealed that case.

29.    Defendants have been removing personalty on Plaintiff's property. Salvador Gonzales is the one ordered to remove property belonging to Plaintiff, to include the mail box.    The estimate value of the items is $15,000.00.

30.    Defendant Harold Waite is the one that is informing the other Defendants as to what is going on with the property and thereby invading Plaintiff's right of privacy.

31.    Defendant Harold Waite also may be desiring to purchase the property.

32.    Defendants have also interfered with contractual relationships between Plaintiff's tenants.  They have managed to constructively evict the tenants.

33.    On the third case, there is a motion pending to grant temporary and permanent injunctions against Plaintiff so that Plaintiff can not use nor enjoy his property.

34.    The Court is entertaining such a motion without any evidence nor with a jury as Plaintiff has requested.  Therefore, the third Court is now having in essence a trial without a jury and then giving the right to Defendants to sell and thereby, finalizing the litigation without a trial, therefore, being a denial of due process to Plaintiff.

35.    One can see that the state judge will only entertain what Defendant Javier Gonzales states.   In case number 2002-01-252-E, Defendants give a procedural history and background.  However, in page 3, Paragraph 1.02, Defendants present information stating that the case in the appeals Court had been dismissed. (Exhibit E is a true and correct copy of Defendants' Motion for Removal of Drainage Pipes and Other Apparel on Real Estate and is incorporated by reference as if fully copied herein.)

However, the Courts will readily accept this as a fact without seeing what Plaintiff has shown. True, the case had been dismissed at that time however, a timely motion for reconsideration had been filed therefore, the appeal's Court still maintained jurisdiction. (Exhibit F is a true and correct copy of the receipt of filing of the motion to reconsider and is incorporated by reference if fully copied herein.)

36. This third case seems to be following the same pattern of the very first case. In the first case, the judge had already reinstated the case yet it dismissed the case when asked by Defendants and Defendants' attorney. (Exhibit G is a true and correct copy of the receipt of filing of the motion to reconsider and is incorporated by reference if fully copied herein.)

37. The acts and practices of the Defendants and their agents, as herein alleged, were performed under color of law, and, therefore, constitute actions of the State within the meaning of the Fourteenth Amendment to the United States Constitution. All Defendants are being sued jointly and severally.

V.

Damages

38. Plaintiff has suffered damages in that he is paying into a totally illusory contract if Defendants' demands are met. Plaintiff has significantly improved the property.

Due to Defendant's conduct, being willful, intentional and knowing and due to such careless disregard for the rights of others, Plaintiff alleges exemplary damages should be imposed.

The amount of actual damages is no less than $150,000.00. Exemplary damages should be three times that amount.

VI.

Jury Request

39. Plaintiff demands a trial by jury and the fees have been paid.

Also, plaintiff's claims for statutory fraud is based on the Defendant's false promise to act. Plaintiff would show the Court the following:

1. A binding, valid contract to sell real estate exists: if reformed.
2. The defendant made a false promise to do an act; they would honor 60 day wait before writing a foreclosure letter and only charge ten (10%) percent.
3. The defendants' promise was material.
4. The defendants made the promise with the intention of not fulfilling it.

5. The defendants made the promise to the Plaintiff for the purpose of inducing the Plaintiff to enter into the contract.

6. The Plaintiff relied on the Defendants' promise in entering into the contract.

7. The Plaintiff was injured as result and incurred damages, which may include actual, special and exemplary damages, along with attorney's fees and costs.

40. The right of Plaintiff to be informed of the nature and cause of the accusation against him, secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States; and

41. The right of Plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured by the Fourteenth Amendment to the Constitution of the United States.

The acts, conduct, and behavior of defendants, and each of them, were performed knowingly, intentionally, and maliciously, by reason of which plaintiff is entitled to and award of punitive damages in the sum of $250,000.00.

Plaintiff, John Ocie Roberts, prays that Defendants upon final adjudication, that the contract be reformed to include a clarification of 10% over all interest on the full amount; that an accounting be given to Plaintiff; that an amortization schedule be given to Plaintiff; that actual damage be awarded to Plaintiff; that post judgment interest be awarded to Plaintiff; that exemplary damages be awarded to Plaintiff; that the transaction be declared an attempted fraud on Plaintiff by Defendants; that attorney fees be awarded to Plaintiff, if any.

**WHEREFORE**, Plaintiff demand judgment:

1. Awarding Plaintiff damages in the amount of $250.000.00.

2. Awarding Plaintiff punitive damages in the amount the jury decides.

3. Awarding Plaintiff the reasonable costs and expenses of this action; and

4. Granting Plaintiff such other and further relief as may be just.

Dated 25 TH day of SEPTEMBER 2003.

Respectfully submitted,

John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559

## INDEX OF EXHIBITS

Exhibit A    Reporter's Record Volume 1 of 1 Volume, Trial Court Cause No. 2000-09-3842-C; Plaintiff's Motion for Reinstatement and Trial Setting and Defendants/Counter-Plaintiffs' Motion for Reinstatement and for Trial Setting of Counterclaim and Motion for Severance.

Exhibit B    Judgment ruled on by Judge Robert Barnes and signed by Judge Migdalia Lopez.

Exhibit C    Page 46 and 47 Reporter's Record Volume 4 of 5 Volumes Trial Court Cause No. 2001-05-2303-C Trial on Merits.

Exhibit D    Contract between Plaintiff, John Ocie Roberts and Defendant, A. C. Carte and wife Eleanor Carte.

Exhibit E    Defendants' Motion for Removal of Drainage Pipes and Other Apparel on Real Estate.

Exhibit F    Official Notice Court of Appeals 13th Judicial District, Motion for rehearing.

Exhibit G    Order Setting Hearing to Reinstate Case and for Trial Setting for Case.

1

1          REPORTER'S RECORD

2         VOLUME 1 OF 1 VOLUME

3     TRIAL COURT CAUSE NO. 2000-09-3842-C

4   - - - - - - - - - - - - - - - - x
                                     :
5   JOHN OCIE ROBERTS,               :  IN THE DISTRICT COURT
    Plaintiff                        :
6                                    :
    VS.                              :  CAMERON COUNTY, TEXAS
7                                    :
    ELEANOR CARTE AND AC CARTE,      :
8   Defendants                       :  197TH JUDICIAL DISTRI
                                     :
9   - - - - - - - - - - - - - - - - x

10

11  *********************************************************

12   PLAINTIFF'S MOTION FOR REINSTATEMENT AND TRIAL SETTING

13       AND DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR

14        REINSTATEMENT AND FOR TRIAL SETTING OF

15        COUNTERCLAIM AND MOTION FOR SEVERANCE

16  *********************************************************

17

18      On the 28th day of March, 2001, the following

19  proceedings came on to be heard in the above-entitled an

20  numbered cause before the Honorable Migdalia Lopez, Judg

21  Presiding, held in Brownsville, Cameron County, Texas.

22      Proceedings reported by computerized stenotype

23  machine.

24                      COPY

25

                                        Exh. A

                                            81

1           A P P E A R A N C E S

2        (NO APPEARANCE FOR THE PLAINTIFF)

3               -AND-

4        Mr. Javier Gonzalez
         ROYSTON RAYZOR, VICKERY & WILLIAMS, L.L.P.
5        SBOT NO. 00787561
         55 Cove Circle
6        P.O. Box 3509
         Brownsville, Texas  78523-3509
7        Telephone:  (956) 542-4377
         ATTORNEY FOR DEFENDANTS/COUNTER-PLAINTIFFS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

```
 1                    P R O C E E D I N G S
 2                (Open court, 2:05 p.m.)
 3                THE COURT:  What do you have?
 4                MR. GONZALEZ:  Judge, good afternoon.  I
 5    represent Eleanor Carte and A.C. Carte, Cause
 6    No. 2000-09-3842-C, Judge.
 7                THE COURT:  Okay.
 8                MR. GONZALEZ:  Judge, it's a -- I
 9    represent the --
10                THE COURT:  It's a trial setting?
11                MR. GONZALEZ:  Yes, ma'am.
12                THE COURT:  Okay.
13                MR. GONZALEZ:  But the reason, Judge, I'm
14    before you is because there is a pro se plaintiff on the
15    other side.
16                THE COURT:  Who is the pro se plaintiff?
17                MR. GONZALEZ:  They were not here this
18    morning, Judge.  The reason why I came back at 1:30 was
19    my clients, we've been sued in this case.  The
20    reinstatement was for today for the trial, and also I
21    filed a counterclaim against the pro se plaintiff.  I'm
22    here to reinstate the counterclaim.  Janet was good to
23    give me dates for August 10th and 13th.
24                But what I'm asking the court to do,
25    Judge, is being that he's not here for his reinstatement,
```

83

4

1  I'm asking the court to dismiss his case and I'm asking

2  the court to sever my counterclaim so I can go forward on

3  August 10th and August 13th for trial.

4             I'm also asking, Judge -- He demanded a

5  jury trial.  My understanding of the rules is that if

6  he's not here to object, I can ask that it be taken off

7  the jury docket and heard before the court.  Your Honor

8  knows this already.  I'm asking that it be taken off the

9  jury docket, Judge, and placed on the bench docket for

10  that date with no objection.

11            THE COURT:  It will be granted.

12            MR. GONZALEZ:  Judge --

13            THE COURT:  Submit an order to that

14  effect.

15            MR. GONZALEZ:  Yes, ma'am.

16            THE COURT:  I'm sorry.  What were you

17  going to say?

18            MR. GONZALEZ:  No, that was it, Judge.

19  What I will do is I will submit a proposed order.  I

20  wanted to make sure it was on the record so that way when

21  the order is signed by Your Honor it's before the court

22  and adequately explained.

23            THE COURT:  Okay.

24            MR. GONZALEZ:  Thank you, Judge.  May I be

25  excused?

84

5

1          THE COURT:  Yes.

2          (The hearing was concluded at 2:07 p.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

6

THE STATE OF TEXAS:

COUNTY OF CAMERON:

1.     I, KARY RICHARDSON, Official Court Reporter in and
2. for the 197th District Court of Cameron County, State of
3. Texas, do hereby certify that the above and foregoing
4. contains a true and correct transcription of all portions
5. of evidence and other proceedings requested in writing by
6. counsel for the parties to be included in this volume of
7. the Reporter's Record, in the above-entitled and numbered
8. cause, all of which occurred in open court or in chambers
9. and were reported by me.

    I further certify that this Reporter's Record of the
proceedings truly and correctly reflects the exhibits, if
any, admitted by the respective parties.

    I further certify that the total cost for the
preparation of this Reporter's Record is $_____ and
will be paid by Defendants.

    WITNESS MY OFFICIAL HAND on this the 24th day of
July, 2001.

*Kary Richardson*

KARY RICHARDSON, Texas CSR 1952
Expiration Date:  12/31/2002
Official Court Reporter
197th District Court
Cameron County, Texas
974 East Harrison Street
Brownsville, Texas 78520
(956) 544-0874

CAUSE NO. 2001-05-2303-C

| | | |
|---|---|---|
| ELEANOR CARTE, | § | IN THE DISTRICT COURT |
|     *Counter-Plaintiff* | § | |
| | § | |
| vs. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| JOHN OCIE ROBERTS | § | |
|     *Counter-Defendant* | § | CAMERON COUNTY, TEXAS |

## JUDGMENT

On the 13TH day of August, 2001, came on to be considered this severed counterclaim wherein **ELEANOR CARTE** and **CELESTE BOWMAN, AS INDEPENDENT EXECUTRIX OF THE ESTATE OF A C CARTE** are Counter-Plaintiffs and **JOHN OCIE ROBERTS** is Counter-Defendant. The Court after calling this case for trial on its bench docket, without objection by counter-defendant, counter-plaintiffs announced present and ready for trial and counter-defendant did not appear notwithstanding having been given notice of the setting by order dated April 4, 2001 in this cause and Cause No. 2000-09-3842-C styled *John Ocie Roberts v. Eleanor Carte, et al.* Upon such announcements, the Court called this case back up for a bench trial on August 15, 2001, wherein counter-plaintiffs announced present and ready for trial and counter-defendant did not appear nor object to the case proceeding before the bench. The Court took judicial notice of all documents in this cause and cause no. 2000-09-3842-C and proceeded thereafter to a trial wherein counter-plaintiffs presented evidence before the Court. The Court after considering the pleadings on file in this civil cause, the applicable law, the argument of counsel and the evidence presented is of the opinion that judgment should be granted for and in favor of counter-plaintiffs, **ELEANOR CARTE** and **CELESTE BOWMAN, AS INDEPENDENT EXECUTRIX OF THE ESTATE**

Exh B

68

OF A C CARTE against counter-defendant, John Ocie Roberts and enters the following orders accordingly:

ORDERED, ADJUDGED and DECREED and the Court so finds that the allegations in counter-plaintiffs Original Counterclaim filed in Cause No. 2000-09-3842-C and severed into this cause of action are admitted and accepted and the Court further finds that on or about March 21, 1984, a option to purchase (hereinafter "the option to purchase") was entered into between Eleanor Carte and A. C. Carte and John Roberts for the purchase of approximately 40 acres of land such being more fully defined and described in that certain warranty deed from Aurora Longoria to Eleanor Humphries and filed of record on September 1, 1961, and that land described in that certain warranty deed executed by Antonias Sanchez and Pedro Vite Sanchez to Eleanor Hendricks, same being filed of record in Volume 1232, page 743, Deed Records of Cameron County, Texas (hereinafter "the property") wherein Eleanor and A. C. Carte were the Sellers and John Roberts the Purchaser and that thereafter on or about February 13, 1987, a contract for deed was signed and entered into between A. C. Carte and Eleanor Carte as Sellers and John Roberts as Purchaser of the property (hereinafter "the contract for deed"). The Court further finds that there has been a material breach and default of said option to purchase and contract for deed and said defaults were not remedied. The Court further finds that counter-plaintiffs have suffered damages and are entitled to any past installment payments by counter-defendant as liquidated damages, pursuant to the contract for deed and counter-plaintiff, Eleanor Carte shall have as her separate and sole property, the property reverted back and awarded to her for her exclusive use, ownership and possession and shall have the right to re-enter and take possession of the property to the exclusion of counter-defendant under said contract for deed. The Court further finds that pursuant to the Texas Declaratory

Judgments Act, counter-plaintiffs are *"prevailing parties"* as that te... .s defined by law and as such, are entitled to recover reasonable attorney's fees and also as allowed under §38.001 of the Texas Civil Practice & Remedies Code, as a result of the material breaches of contract. The Court further finds that counter-plaintiffs shall have judgment against counter-defendant for the debt owed, property taxes, court costs, attorney's fees and pre-judgment and post-judgment interest as provided by law and automatic reversion and ownership of the property back to Eleanor Carte, without cloud to title. Accordingly, it is therefore,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs recover the sum of $7,500 for unpaid payments up until August of this year under the contract for deed and interest as stated under the contract for deed on this amount at 10% annual simple interest of $500 from June of 2000. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs shall have and recover from counter-defendant the sum of $1,050 under the option to purchase and pre-judgment interest on that amount at the rate of 6% annual simple interest of $912.88 from February 13, 1987. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs shall have and recover against counter-defendant the sum of $5,000 under the contract for deed plus pre-judgment interest at the rate of 10% annual simple interest of $1,347.85 from December 3, 1998. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs shall have and recover from counter-defendant the sum of $101.71 for unreimbursed property taxes paid for tax years 1984 through 1986 to the Cameron County tax office plus pre-judgment interest at the rate of 6% annual simple interest of $84.79 from September 21, 1987. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs shall have and recover

Independent School District for tax year 1997; to La Feria Irrigation district for tax years 1990-1997; and to Cameron County for tax years 1994-1997 and court costs and attorney's fees at a pre-judgment simple interest of 10% of $170.95. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs shall have and recover from counter-defendant unpaid property taxes from 1998 through 2000 for Cameron County taxes of $1,079.60; for La Feria Independent School District taxes in the amount of $3,361.57; and for La Feria Irrigation District taxes in the amount of $750.24; and also recover and have pro-rated estimated taxes for each of these three taxing entities for the year 2001 up to August 14, 2001 of $649.23 for Cameron County; $101.68 for the La Feria Irrigation District; and $481.88 for the La Feria Independent School District. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs have and recover from counter-defendant reasonable attorney's fees in the amount of $11,945.00 and an additional $10,000 in reasonable attorney's fees should this case be appealed to the Court of Appeals and an additional

of John Ocie Roberts and others as provided under the contract for deed and as specific performance under such contract and that a writ of possession shall issue to place Eleanor Carte in possession of the property without the requirement that she start proceedings for that purpose and this Order shall be relied upon and acted upon instanter by any Sheriff or Constable or other law enforcement officer(s) within the County, as provided under Texas Rule of Civil Procedure 310. It is further,

ORDERED, ADJUDGED and DECREED that title to the property is quieted in favor of Eleanor Carte as her sole and separate property and ownership and she is granted any and all remedies and benefits to the property and entitled to any and all rights, ownership and glories to the property and title, ownership and any and all rights and interest to the property are automatically conveyed and transferred in fee simple, without any cloud to title, to Eleanor Carte and that this judgment shall be filed as a conveyance and transfer of such property to Eleanor Carte as the sole and rightful owner in fee simple in the official deed records of Cameron County, Texas and shall serve as a full conveyance of the property to Eleanor Carte as owner and give notice to all others who may act or rely upon it. It is further,

ORDERED, ADJUDGED and DECREED that for taxing purposes, any and all taxing entities including but not limited to Cameron County, the La Feria Irrigation District, the La Feria Independent School District and the Cameron County Appraisal District are hereby ordered to change their tax rolls to reflect Eleanor Carte at P. O. Box 331276 in Corpus Christi, Texas 78463 as owner of the property and that such taxing entities and Appraisal District shall treat the property as vested in Eleanor Carte for any and all taxing purposes upon the date of this Order and are ordered to do so for Cameron County account nos. 85/5380/0800/0100/10 and 85/5380/0800/0100/00; for the La Feria Irrigation District account nos. 00029-00-080-0001-00 and 00029-00-080-0000-00; and

for the La Feria Independent School District account nos. of 855380-0800-0100-10 and 855380-0800-0100-00; and that Eleanor Carte shall be reflected as title owner of the property the subject of this suit on any and all tax rolls and as owner and possessor of the property and that it be declared and ordered that there are no clouds, encumbrances, hypothecations, liens, hindrances, or other claims to the property other than property taxes owed to Cameron County, the La Feria Irrigation District for 1998 to the present and the La Feria Independent School District and any such other encumbrances, hypothecations, liens, hindrances, clouds or claims to the property are extinguished by this judgment and that the only allowable encumbrances, hypothecations, hindrances, liens or claims, except for taxes owed for 1998 to the present to the three taxing entities noted above, shall only be those created by Eleanor Carte and no other person or entity.  It is further,

ORDERED, ADJUDGED and DECREED that this judgment shall be effective after recording in the official records of Cameron County, Texas where the property is located ,to establish a chain of title awarding fee simple interest to Eleanor Carte only and serve to give notice thereof to any and all persons or entities hereafter.  It is further,

ORDERED, ADJUDGED and DECREED that any and all subtenants, tenants, lessees or other possessors on the property now, shall be allowed to finish their lease terms and it is ordered that they are to pay monthly rents hereon out to Eleanor Carte for her use and benefit at P. O. Box 331276 in Corpus Christi, Texas 78463 or in person to her via hand-delivery and she is to be considered landlord and lessor of the property to them and that Eleanor Carte shall notify each and every such subtenant, tenant, lessee or other possessor of the property in writing of her status as owner, landlord and lessee of the property and that rent payments are to be directed to her and that if any such lease term or arrangement by which a subtenant, tenant, lessee or other possessor of the

property is to be extended, it shall be done at the sole discretion of Eleanor Carte and any such agreement by her shall be signed in writing to be enforceable. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs recover and have judgment against counter-defendant, post-judgment interest at the rate of 10% per year on the total judgment herein from the date of judgment rendered herein until paid, compounded annually and counter-plaintiff shall recover all court costs. It is further,

ORDERED, ADJUDGED and DECREED that with the ordering of this judgment, this judgment expressly disposes of all claims and all parties of this severed action and this is a final judgment as to all claims and all parties in the severed action and counter-plaintiffs are granted and allowed all such writs and processes that may be necessary, including seizure, execution, and garnishment and all such other writs and processes, to collect this judgment.

The Court denies all relief not expressly granted in this judgment.

SIGNED FOR ENTRY this 17th day of August, 2001.

_____
JUDGE PRESIDING

cc:   Hon. Javier González
      ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
      P. O. Box 3509
      Brownsville, Texas 78523-3509

cc:   John Ocie Roberts
      1726 N. Commerce
      Harlingen, Texas 78550

FILED 3 : 60 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

AUG 17 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

1    intending on accelerating the debt in this case and asking

2    the Court for a specific performance in these documents,

3    Judge.

4                    Will the Court take such notice, Judge?

5                    THE COURT:  Yes, I will take notice of that,

6    and the only question the Court has in that case is if we

7    are going to in effect cancel the deed -- the contract for

8    deed and order a specific performance to her --

9                    MR. GONZALEZ:  Yes, sir.

10                   THE COURT:  -- to award the property back, at

11   the same time you're asking for a judgment for the balance

12   of what would be due under the contract?

13                   MR. GONZALEZ:  I see what you're saying,

14   Judge, and you're right is that -- under that situation

15   then --

16                   THE COURT:  I don't think we can do both.

17                   MR. GONZALEZ:  Yes, sir.  It stops -- we would

18   ask then in that situation, Judge, that it stop today in

19   August --

20                   THE COURT:  That's right.

21                   MR. GONZALEZ:  -- and I'm going to instead go

22   back on the -- reverse it back over to her.  And I'll do --

23   I will take care of that in the judgment, too, Judge.

24   You're right about that.

25                   THE COURT:  All right.  Ma'am, will you raise

CINDI CAVAZOS, CSR

Exh C

1          THE COURT:  That will be awarded.

2          MR. GONZALEZ:  Judge, I have one other witnes

3    I would like to put on just very briefly, and I am going to

4    testify on attorney fees since I am also seeking a breach

5    contract, Judge.

6          THE COURT:  Yes.  All right.

7          MR. GONZALEZ:  Judge, we call Celeste Bowman.

8    Judge, I would also ask the Court to take judicial notice

9    that on the contract for deed, Plaintiff's Exhibit No. 5,

10   there is a waiver down on -- for presentment purposes, there

11   is a waiver on contract for deed, and I also ask the Court

12   to take judicial notice of my counterclaim that I filed,

13   responses to requests for disclosure and responses to

14   request for admissions.

15          And the reason why I am asking that, Judge, is

16   because in those documents, which I served -- and I have

17   also attached the return receipts to Mr. Roberts.  I gave

18   him an accounting in there on -- you know, he asked for this

19   accounting and that's what he had sued.  I gave him an

20   accounting on that.

21          Now, on the other issue, Judge -- the reason

22   why I have the disclosures is because under the legal

23   theories I set out in my defaults that I put him on notice

24   of -- and, of course, the original answer and counterclaim

25   that he has a copy of, puts him on notice, Judge, that I'm

VOL 7048 PG 0114

THE STATE OF TEXAS,

COUNTY OF_____CAMERON

**OFFICIAL RECORDS**

**21512**

This agreement between____A.C. CARTE AND WIFE, ELEANOR CARTE_____, of the

County of____CAMERON_____, hereinafter called "Seller" and

_____JOHN ROBERTS_____of the County of____CAMERON____

hereinafter called "Purchaser", WITNESSETH:

1. That Purchaser has agreed, and does hereby agree, to take by conveyance from Seller a certain tract or

parcel of land situated in _____CAMERON_____County, Texas, and described as follows:

APPROXIMATELY FORTY (40) ACRES OF LAND DESCRIBED IN THAT CERTAIN
WARRANTY DEED FROM AURORA LONGORIA TO ELEANOR HUMPHRIES AND FILED
OF RECORD ON SEPTEMBER 1, 1961, AND THAT LAND DESCRIBED IN THAT
CERTAIN WARANTY DEED EXECUTED BY ANTONIAS SANCHEZ AND PEDRO VITE
SANCHEZ TO ELEANOR HENDRICKS, SAME BEING FILED OF RECORD IN VOLUME
1232, PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.

The indebtedness (principal and/or interest) evidenced herein may
be pre-paid, from time-to-time, without penalty.

Remaining balance, principal and interest shall be due and payable
fifteen (15) years from date hereof.

2. That the Purchaser agrees to pay to the Seller, and the Seller agrees to receive as payment, for tract or

parcel of land the sum of____78,000_____dollars, to be paid as follows:
(Describe fully the terms of payment, rate of interest)

$500 PER MONTH AT 10% INTEREST. COMPREHENSIVE AND GENERAL, PUBLIC
LIABILITY INSURANCE. THE LIMITS OF SUCH INSURANCE SHALL BE AGREED
UPON BY AND BETWEEN SELLER AND PURCHASER. PROPERTY DAMAGE INSURANCE
IN AN AMOUNT NOT LESS THAN ONE HUNDRED (100%) PERCENT OF THE FULL
INSURABLE VALUE OF THE PREMISES.

3. That the Purchaser agrees to pay any and all taxes that may be hereafter levied on the aforesaid tract or parcel of land, before the same shall become delinquent.

4. That if any default shall be made in the payment of any of the said installments as herein provided, and if such default shall continue for sixty (60) days, then, after the lapse of said period of sixty (60) days, all payments previously paid shall, at the option of the Seller, without any notice or demand, be and become forfeited, irrevocably, and be retained by the Seller as liquidated damages, and, thereupon, this agreement shall determine, and be of no further force or effect, and Purchaser shall surrender possession to Seller and Seller shall have the right to re-enter and take full possession of such property to the complete exclusion of Purchaser.

5. That upon the purchase price being fully paid, according to the terms, provisions, and conditions of this agreement, the Seller shall convey, by warranty deed to the Purchaser, the said tract or parcel of land, in fee simple, free from any and all encumbrances that are not herein assumed by Purchaser.

This agreement shall apply to and bind the heirs, executors, administrators, and assigns of the respective parties.

Witness our hands this____Feb 13____day of_____A. D. 19 87

WITNESSES:

_____

_____    *A. C. Carte*
                                    A. C. CARTE                    SELLER

_____    *Eleanor Carte*
                                    ELEANOR CARTE                  Seller

_____    *John Roberts*
                                    JOHN ROBERTS                   Purchaser

NOTE: If this instrument is to be recorded it must be acknowledged by both parties to the contract.



**PLAINTIFF'S EXHIBIT**

VOL 70 PG 0115

THE STATE OF ____ XAS.  }

*County of* ____ NUECES ____    BEFORE ME ____ Pat Brumley,

____ Notary Public ____ in and for said County and State,

on this day personally appeared ____ A. C. Carte ____ and Eleanor Carte

____ known to me

to be the person ____ whose names are subscribed to the foregoing instrument, and acknowledged to me that ____ they executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office, this ____ 13th ____ day of ____ February ____ 19 87.

*Pat Brumley*

Notary Public, State of Texas
Printed Name:  Pat Brumley
My commission expires 10-31-87

THE STATE OF TEXAS.  }

*County of* ____ NUECES ____    BEFORE ME ____ Pat Brumley,

____ Notary Public ____ in and for said County and State,

on this day personally appeared ____ John Roberts ____

____ known to me

to be the person ____ whose name is subscribed to the foregoing instrument, and acknowledged to me that ____ he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office, this ____ 13th ____ day of ____ February ____ 19 87

*Pat Brumley*

Notary Public, State of Texas
Printed Name:  Pat Brumley
My commission expires 10-31-87

THE STATE OF TEXAS  }

COUNTY OF ____ NUECES ____    BEFORE ME ____

____ Notary Public ____ in and for said County and State, on

this day personally appeared ____ known to me to be the person

whose name is subscribed to the foregoing instrument, and acknowledged to me that ____ he ____ executed the same as the act and deed

of ____ ____ Texas, and as the

____ thereof and for the purposes and consideration therein expressed.

Given under my hand and seal of office, this ____ day of ____ 19 ____

THE STATE OF TEXAS.  }

*County of* ____

Clerk of the County Court of said County, do hereby certify that the above instrument of writing, dated on the ____

day of ____ 19 ____ with its Certificate of Authentication, was filed for record in ____ the

day of ____ 19 ____ at ____ o'clock ____ and duly recorded ____

19 ____ at ____ o'clock ____ M. in the ____ RECORDS ____ on page ____

WITNESS my hand and the seal of the County ____ the day and year last above written.

____ Clerk

____ County, Texas.

County Clerk
Cameron County, Texas

____ Deputy

21512

CONTRACT
FOR SALE OF REAL ESTATE—
DEED AFTER FULL PAYMENT

TO

Filed for record

____ day

A. D. 19 ____

o'clock ____ M

County Clerk
Deputy
A. D. 19

County Record

County Clerk
Deputy

FILED FOR RECORD

AT ____

2001 MAY -9 P 12: 25

JOE G. RIVERA
CLERK COUNTY COURT
CAMERON COUNTY, TEXAS
BY ____ DEPUTY

RECORDING FEE $ ____

This Contract should be immediately Filed with the County Clerk for Record

CAUSE NO. 2002-01-252-E

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| ELEANOR CARTE, THE ESTATE OF | § | 357TH JUDICIAL DISTRICT OF |
| A.C. CARTE BY AND THROUGH | § | |
| ITS EXECUTRIX, CELESTE BOWMAN | § | |
| AND JAVIER GONZALES | § | |
| *Defendants* | § | CAMERON COUNTY, TEXAS |

### DEFENDANTS' MOTION FOR REMOVAL OF
### DRAINAGE PIPES AND OTHER APPAREL ON REAL ESTATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ELEANOR CARTE and THE ESTATE OF A.C. CARTE, BY AND THROUGH ITS EXECUTRIX, CELESTE BOWMAN**, Defendants in the above-entitled civil action and files this their Motion for Removal of Drainage Pipes and Apparel on Real Estate and would show the Court more fully as follows:

### I.

### PROCEDURAL HISTORY & BACKGROUND

1.01    This current suit ("third suit") arises from 2 prior suits that were both disposed of at the trial level. Initially, on or about September 18, 2000, plaintiff, John Ocie Roberts ("plaintiff") filed his original petition in Cause No. 2000-09-3842-C styled *John Ocie Roberts v. Eleanor Carte and A. C. Carte* ("first suit"). In his original petition filed on or about September, 18, 2000, plaintiff claimed defendant, Eleanor Carte and the late, A.C. Carte, had entered into a written contract for deed dated February 13, 1987 ("contract for deed") and thereafter, defendants had breached their contract. Further in his original petition, plaintiff claimed relief under the Declaratory Judgments

Exl E

Act; for breach of contract; alleging an illusory contract; calling for specific performance; and alleging both common law and statutory fraud, claiming among other things, that defendants made false representations; that option money would apply under the contract for deed; that the value of the property in question was exaggerated; and that interest under the contract for deed would be 10% simple interest.  Plaintiff claimed actual damages of $150,000, plus exemplary damages.  *See attached hereto as Exhibit "A," plaintiff's, John Ocie Roberts Original Petition in the first suit; and this plaintiff's Original Petition in this pending matter, along with his exhibit of the contract for deed in question, dated February 13, 1987, all incorporated herein by reference.*  Defendants answered the first suit on October 20, 2000 and also asserted a counterclaim for breach of contract and judicial foreclosure, among other things.  *See Defendant's, Eleanor and A. C. Carte Original Answer and Counterclaim,  marked as Exhibit "B," and incorporated herein by reference.*  The property the subject of the first suit and this current suit is located in La Feria, Cameron County, Texas and has the following legal description (hereinafter "the property"):

> **APPROXIMATELY FORTY (40) ACRES OF LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM AURORA LONGORIA TO ELEANOR HUMPHRIES AND FILED OF RECORD ON SEPTEMBER 1, 1961, AND THAT LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED EXECUTED BY ANTONIAS SANCHEZ AND PEDRO VITE SANCHEZ TO ELEANOR HENDRICKS, SAME BEING FILED OF RECORD IN VOLUME 1232, PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.**

1.02    The Court in the first suit advised the parties the case would be placed on the drop docket and dismissed if not reinstated, and set for trial and so plaintiff filed a motion to reinstate and defendants filed one too, as to their counterclaim. Plaintiff's motion to reinstate and for trial setting was set by order dated March 22, 2001 and defendant's motion to resinate and for trial setting was

set for hearing, by order dated March 12, 2001. The hearings on both motions were set for March 28, 2001. On this date, defendants appeared by and through their counsel, who is now named as a defendant in this case. Plaintiff did not appear, notwithstanding, 2 separate orders, setting hearings for that date. Accordingly, defense counsel requested plaintiff's case be dismissed; that defendant's counterclaim be placed on the bench trial docket; and that defendant's counterclaim be severed from the underlying first action. *See the Order Setting Trial, Dismissing Case-in-Chief and Severing Counterclaim signed April 4, 2001, marked as Exhibit "C," and incorporated herein by reference.* Plaintiff appealed to the 13th Court of Appeals, the Order of Dismissal, Severance of the Counterclaim and Setting of the Counterclaim for Bench Trial. By judgment dated July 19, 2001, the 13th Court of Appeals, dismissed the appeal for want of prosecution. *See the certified copy of said Judgment, filed and entered in the minutes of the 13th Court of Appeals on the 19th day of July, 2001 in Cause No. 13-01-314-CV, styled John Ocie Roberts v. Eleanor Carte and A. C. Carte, marked as Exhibit "D," and incorporated herein by reference.*

1.03    Pursuant to the order setting trial on defendants' counterclaim, in the first suit, signed on April 4, 2001, defendants proceeded to trial before the court on their counterclaim. It was set for announcements on August 10, 2001 at 9:00 a.m., with a bench trial on August 13, 2001 at 9:00 a.m., both in the 197th Judicial District Court of Cameron County, Texas. Plaintiff did not appear for either the announcements or bench trial. Defendants did, through their counsel, and announced ready for trial. The case was called back on August 15, 2001 and upon presentation of the evidence, a final judgment was rendered in favor of Eleanor Carte and the Estate of A. C. Carte, on August 17, 2001 ("second suit"). *See hereto marked as Exhibit "E," a certified copy of the Final Judgment, entered in Cause No. 2001-05-2303-C, styled Eleanor Carte v. John Ocie Roberts, which is also*

*incorporated herein by reference.*  The final judgment gave all rights, title and ownership to the property in fee simple to Eleanor Carte and further ordered that upon the recording in the official records of Cameron County, Texas,  the Final Judgment served as a conveyance document, conveying the property in fee simple without "cloud of title," to Eleanor Carte.  The Final Judgment was properly abstracted and filed in the official records of Cameron County, Texas in Volume 7598, Pages 1-10. *See hereto attached as Exhibit "F," a true and correct copy of the Abstract of Judgment and Judgement signed in Cause No. 2001-05-2303-C, styled Eleanor Carte v. John Ocie Roberts, signed on August 17, 2001, which are all incorporated herein by reference.*  The Final Judgment is under submission before the 13th Court of Appeals in Cause No. 13-01-00766-CV.   It was argued on October 17, 2002.  The final judgement in effect, gives Eleanor Carte fee simple and exclusive ownership in the property.

## II.

## DRAINAGE PIPE PLACEMENT

2.01    Defendants would show this court that since the Final Judgment was taken, defendant, Eleanor Carte has acted in a way consistent with her ownership of the property. She took steps to attempt to sell the property and placed "For Sale" signs on it.  The signs were mysteriously taken down.  A sale of the property was imminent once, but could not be consummated due to plaintiff's continued attempts to "cloud" title to the property and initiation of this spurious lawsuit, in the face of his claims being dismissed and defendants prevailing on final judgment. Notwithstanding, Ms. Carte has incurred unnecessary litigation expenses.

2.02    Exacerbating matters, Ms. Eleanor Carte has found out that approximately 25