United States District Court
Southern District of Texas
FILED

OCT 2 0 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| John Ocie Roberts | § | CIVIL ACTION NO. B-03-170 |
| | § | |
| vs. | § | |
| | § | |
| Eleanor Carte | § | |
| Estate of A.C. Carte | § | |
| Through its executrix, | § | |
| Celeste Bowman, | § | |
| Javier Gonzales, Salvador Gonzales | § | |
| and Harold Waite | § | JURY |

## DEFENDANTS', ELEANOR CARTE AND JAVIER GONZÁLEZ ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendants, **ELEANOR CARTE** and **JAVIER GONZÁLEZ (Misnamed As "Javier Gonzales")**, who answer Plaintiff's Original Complaint as follows:

### FIRST DEFENSE

Eleanor Carte and Javier González answer the Complaint by correspondingly numbered paragraphs as follows:

I.     The allegations contained in paragraph I. of Plaintiff's Original Complaint are admitted.

II.1   The allegations contained in paragraph II.1 of Plaintiff's Original Complaint are admitted.

II.2   The allegations contained in paragraph II.2 of Plaintiff's Original Complaint are admitted.

II.3   The allegations contained in paragraph II.3 of Plaintiff's Original Complaint of Javier González being an individual and an attorney and resident of the City of Brownsville are admitted. The remainder are denied.

49802:1078942.1:102003

II.4    Defendants are without knowledge or information to form a belief at this time as to the truth of the averments in paragraph II.4, which are therefore denied.

II.5    Defendants are without knowledge or information to form a belief at this time as to the truth of the averments in paragraph II.5, which are therefore denied.

III.6   The allegations in paragraph III.6 pertain to law and not to fact, and accordingly, no answer is required. However, insofar as an answer is required, the allegations are denied and jurisdiction and venue being conferred on this court are denied.

III.7   The allegations in paragraph III.7 pertain to law and not to fact, and accordingly, no answer is required. However, insofar as an answer is required, the allegations are denied and that there has been "state action" is denied.

IV.8    The allegations contained in paragraph IV.8 of Plaintiff's Original Complaint that a contract for deed was entered into on February 13, 1987 between plaintiff and Eleanor Carte and A.C. Carte for the sale of land; that from time to time, plaintiff could prepay principal and/or interest without penalty; and that if plaintiff made default in payments under the contract for deed for 60 days, that all payments previously paid, at the option of the sellers, without notice or demand, would be forfeited and irrevocably retained by the sellers as liquidated damages and the agreement would be determined to be of no force and effect, and plaintiff would surrender possession to sellers and sellers would have the right to re-enter and take full possession of the property to the complete exclusion of plaintiff are admitted. Defendants are without knowledge or information to form a belief at this time as to the truth of the averments in paragraph IV.8, that there was no doubt or ambiguity what plaintiff saw in the contract, which are therefore denied.

IV.9    The allegations contained in paragraph IV.9 that sellers created an ambiguity in the contract; that defendants were refusing to cash plaintiff's check period; and that the procedural anomalies began to occur are denied. Defendants are without knowledge or information to form a belief at this time as to the truth of the remainder averments in paragraph IV.9, which are therefore denied.

IV.10   The allegations contained in paragraph IV.10 that the first trial court on September 18, 2000 or otherwise, decided to dismiss plaintiff's petition period are denied. Defendants admit plaintiff filed a petition on September 18, 2000, but are without knowledge or information to form a belief at this time as to the truth of the remainder averments in paragraph IV.10, which are therefore denied.

IV.11   Defendants admit that plaintiff filed a motion for reinstatement and for trial setting at some point and the form of the recitals in the motion and it being verified; and the order setting hearing to reinstate case and for trial setting. Deny the remaining averments and substance of the recitals in the motion for reinstatement and trial setting in paragraph IV.11 of Plaintiff's Original Complaint.

IV.12   Defendants admit the averments in paragraph IV.12 of Plaintiff's Original Complaint.

IV.13   Defendants deny defense counsel, Javier González "persuaded" the judge that the motion was a motion to dismiss plaintiff's petition and not one to obtain a trial setting. Defendants admit the remaining averments in paragraph IV.13 of Plaintiff's Original Complaint.

IV.14   Defendants deny plaintiff's case was dismissed for the averments made in paragraph IV.13 of Plaintiff's Original Complaint; that Defendant Carte's case was severed on April 4, 2001; and that the motion for new trial only went on appeal. Defendants admit the remaining

averments in paragraph IV.14 of Plaintiff's Original Complaint.

IV.15   Defendants deny the first trial judge assigned a visiting judge specifically for defendant's counterclaim and that case; that two months later, the second judge had a trial on the 15th of August, 2001; and that "trial" generally was had.    Defendants admit the remaining averments in paragraph IV.15 of Plaintiff's Original Complaint.

IV.16   Defendants deny the averment in paragraph IV.16 of Plaintiff's Original Complaint.

IV.17   Defendants deny the second trial judge granted a trial or that the he granted a final judgment, while the judgment which had ordered the severance was on appeal.   Defendants admit the remaining averments in paragraph IV.17 of Plaintiff's Original Complaint.

IV.18   Defendants deny during the trial, the second trial judge instructed defendant, Javier González that he was proposing double recovery and that such was not allowed or that Exhibit C is a true and correct copy of the statement of facts for reporter's record.   Defendants admit the remaining averments in paragraph IV.18 of Plaintiff's Original Complaint.

IV.19   Defendants deny defendant González went to the first  trial judge and had her sign a judgment allowing double recovery; that defendant Carte obtained a judgment ordering plaintiff to continue finishing off the contract; and that such contract was usurious. Defendants admit the remaining averments in paragraph IV.19 of Plaintiff's Original Complaint.

IV.20   Defendants admit the averments in paragraph IV.20 of Plaintiff's Original Complaint that plaintiff filed another petition in Cause No. 2002-01-252-E similar to the petition in Cause No. 2000-09-3842-C.   Defendants deny the remaining averments in paragraph IV.20 of Plaintiff's Original Complaint.

IV.21  Defendants admit the averments in paragraph IV.21 of Plaintiff's Original Complaint that defendants, Eleanor Carte and The Estate of A.C. Carte obtained a judgment, ordering plaintiff to pay back unpaid monthly contract payments with interest up to date of judgment; that defendants, Eleanor Carte and The Estate of A.C. Carte were to keep all previous payments of the plaintiff as liquidated damages; that defendants, Eleanor Carte and The Estate of A.C. Carte obtained cancellation of the contract for deed awarding them unpaid property taxes up to August 14, 2001; title and possession to the land; specific performance and eviction of the plaintiff.  Defendants deny the remaining averments in paragraph IV.21 of Plaintiff's Original Complaint.

IV.22  Defendants admit the averments in paragraph IV.22 of Plaintiff's Original Complaint that defendants, Eleanor Carte and The Estate of A.C. Carte obtained a judgment, ordering plaintiff to pay back unpaid monthly contract payments with interest up to date of judgment and  they were to keep all previous payments of the plaintiff as liquidated damages; the defendants' contention as to the calculation of  the total that would be owed under the contract for deed for principal and interest; and that Exhibit D is a true and correct copy of the contract for deed.    Defendants deny the remaining averments in paragraph IV.22 of Plaintiff's Original Complaint.

IV.23  Defendants admit the contract for deed calls for 10% per annum interest averments in paragraph IV.23 of  Plaintiff's Original Complaint.   Defendants deny the remaining averments in paragraph IV.23 of Plaintiff's Original Complaint.

IV.24  Defendants admit the contract for deed does not mention the words per annum or simple

annual interest; that under the contract, plaintiff's minimum monthly payments would be $500.00 until the final payment in year 15; and that such contract does not mention a balloon payment in paragraph IV.24 of Plaintiff's Original Complaint. Defendants deny the rationale was from the beginning, the price of the land would be inflated therefore, that would justify the low interest charged in paragraph IV.24 of Plaintiff's Original Complaint. Defendants are without knowledge or information to form a belief at this time as to the truth of the remaining averments in paragraph IV.24 of Plaintiff's Original Complaint, which are therefore denied.

IV.25  Defendants admit the visiting judge took judicial notice of all matters and documents in Cause Nos. 2000-09-3842-C and 2001-05-2303-C before trial began and that plaintiff had notice of the dismissal, severance and trial setting of defendants', Eleanor Carte and The Estate of A.C. Carte counterclaim of the averments in paragraph IV.25 of Plaintiff's Original Complaint. Defendants deny the remaining averments in paragraph IV.25 of Plaintiff's Original Complaint.

IV.26  Defendants admit the visiting judge took judicial notice of all matters and documents in Cause Nos. 2000-09-3842-C and 2001-05-2303-C before trial began and that plaintiff had notice of the dismissal, severance and trial setting of defendants', Eleanor Carte and The Estate of A.C. Carte counterclaim of the averments in paragraph IV.26 of Plaintiff's Original Complaint. Defendants also admit plaintiff's answer to the counterclaim had affirmative defenses of limitations, usury and fraud of the averments in paragraph IV.26 of Plaintiff's Original Complaint. Defendants deny the remaining averments and substance of the recitals of plaintiff's answer to the counterclaim in paragraph IV.26 of Plaintiff's Original

Complaint.

IV.27   Defendants admit plaintiff filed a motion for new trial and that it was dismissed  of the averments in paragraph IV.27 of Plaintiff's Original Complaint.  Defendants deny the remaining averments in paragraph IV.27 of  Plaintiff's Original Complaint.

IV.28   Defendants deny the averments in paragraph IV.28 of  Plaintiff's Original Complaint.

IV.29   Defendants deny the averments in paragraph IV.29 of Plaintiff's Original Complaint that they have been removing personalty; that the property is plaintiff's; that Salvador Gonzales was ordered to remove property or has done so; or that in fact, items are missing or exist. Defendants are  without knowledge or information to form a belief at this time as to the truth of the remaining averments in paragraph IV.29, which are therefore denied.

IV.30   Defendants deny the averments in paragraph IV.30 of Plaintiff's Original Complaint that Harold Waite is informing them as to what is going on with the property; that plaintiff has a right to privacy in this case or under the facts of this case; and that if so, that those rights have been invaded. Defendants are  without knowledge or information to form a belief at this time as to the truth of the remaining averments in paragraph IV.30, which are therefore denied.

IV.31   Defendants are  without knowledge or information to form a belief at this time as to the truth of the averments in paragraph IV.31, which are therefore denied.

IV.32   Defendants deny the averments in paragraph IV.32 of Plaintiff's Original Complaint.

IV.33   Defendants admit the averments in paragraph IV.33 of Plaintiff's Original Complaint that there is pending a motion for temporary and permanent injunction issuance against plaintiff and others, but deny the remaining averments in paragraph IV.33 of Plaintiff's Original

Complaint.

IV.34  Defendants admit the averments in paragraph IV.34 of Plaintiff's Original Complaint that a pending motion for temporary and permanent injunction issuance against plaintiff and others will be heard without a jury and defendants are seeking in that motion to be given an order to sell the subject property, but deny the remaining averments in paragraph IV.34 of Plaintiff's Original Complaint.

IV.35  Defendants admit the averments in paragraph IV.35 of Plaintiff's Original Complaint that in Cause No. 2002-01-252-E, a procedural history and background paragraph is given in defendants', Eleanor Carte and the Estate of A.C. Carte motion for removal of drainage pipes and other apparel on real estate; that the Thirteenth Court of Appeals dismissed plaintiff's appeal of the order setting trial, dismissing case-in-chief and severing counterclaim of April 4, 2001; that plaintiff filed a motion for reinstatement on a dismissal for want of prosecution which was denied by the Thirteenth Court of Appeals on August 23, 2001; and that Exhibit F appears to be a true and correct copy. Defendants deny the remaining averments in paragraph IV.35 of Plaintiff's Original Complaint.

IV.36  Defendants admit the averments in paragraph IV.36 of Plaintiff's Original Complaint that in Cause No. 2000-09-3842-C, plaintiff's case was dismissed at the request of defendants' counsel. Defendants deny the remaining averments in paragraph IV.36 of Plaintiff's Original Complaint.

IV.37  Defendants admit the averments in paragraph IV.37 of Plaintiff's Original Complaint that it would appear they are being sued jointly and severally without merit, basis and vexatiously. Defendants deny the remaining averments in paragraph IV.37 of Plaintiff's

Original Complaint.

V.38    Although Federal Rule of Civil Procedure 8(d) does not require denial of the amount of damages, Defendants deny the averments in paragraph V.38 on amount of damages and all other averments in that paragraph of Plaintiff's Original Complaint.

VI.39    Defendants admit plaintiff has requested a jury trial, but are without knowledge or information to form a belief at this time as to the truth of the averment that the fees have been paid in paragraph VI.39, which are therefore denied. Defendants deny the remaining averments in paragraph VI.39 of Plaintiff's Original Complaint.

VI.40    Defendants admit the Fourth, Fifth, Sixth and Fourteenth Amendments exist to the Constitution of the United States in paragraph VI.40 of Plaintiff's Original Complaint. Defendants deny the remaining averments in paragraph VI.40 of Plaintiff's Original Complaint.

VI.41    Defendants admit there are due process and equal protection clauses in the Fifth and Fourteenth Amendments to the United States Constitution in paragraph VI.41 of Plaintiff's Original Complaint. Although Federal Rule of Civil Procedure 8(d) does not require denial of the amount of damages, Defendants deny the averments in paragraph VI.41 on amount of damages and all other averments in that paragraph of Plaintiff's Original Complaint, including but not limited to denying the averments in that paragraph in the prayer and denying Plaintiff is entitled to the relief requested therein.

## **SECOND DEFENSE**

Pleading further and in the alternative, defendants make specific negative averments under Federal Rule of Civil Procedure 9(a), and challenge the plaintiff's lack of capacity to sue defendant,

Javier González or this defendant having capacity to be sued.  Defendants would show that defendant, Javier González has always acted in his capacity as counsel to defendants, Eleanor Carte and The Estate of A.C. Carte, and himself and all acts have been undertaken in legal proceedings or related to them, and as attorney for defendants.  Consequently, he is immune and no liability.  He owes no duty to the plaintiff.

### THIRD DEFENSE

Pleading further and in the alternative, Plaintiff's alleged injuries and damages, if any, were proximately caused by the negligent acts or omissions of third or unknown parties over whom these Defendants had no control or right to control and for whom these Defendants had no responsibility.

### FOURTH DEFENSE

Pleading further and in the alternative, Plaintiff's negligence was a cause or the sole cause of the incident and/or alleged damages made the basis of this suit and the resulting injuries and damages allegedly sustained by the Plaintiff.  Defendants raise the issues of contributory negligence and assumption of the risk.

### FIFTH DEFENSE

Pleading further and in the alternative, the parol evidence rule bars Plaintiff's attempt to contradict, open or attack the contract for deed in question.

### SIXTH DEFENSE

Pleading further and in the alternative, similar litigation was initiated, dismissed and/or exists filed before this action and initiated by plaintiff, so, was first-filed and comity given to the state court in this matter; and/or for which jurisdiction attached; and raises the issue of estoppel and waiver of plaintiff to seek this action or utilize a federal court.

### SEVENTH DEFENSE

Pleading further and in the alternative, Defendants deny that proper federal jurisdiction exists in this matter, including but not limited to under a federal question or diversity of parties.

### EIGHTH DEFENSE

Pleading further and in the alternative, Defendants raise and reserve their right to seek remand of this action back to state court for any basis, including but not limited to the first-filing rule, estoppel, waiver, and/or lack of proper federal jurisdiction existing, under a federal question or diversity of parties. Defendants specifically reserve and aver that any request for jury trial shall not be construed or is intended to waive any right to seek remand of this matter to state court.

### NINTH DEFENSE

Pleading further and in the alternative, Defendants raise the issue and defense of the statute of limitations/limitations.

### TENTH DEFENSE

Pleading further and in the alternative, Defendants raise the issue and defense of judicial estoppel and waiver, including but not limited to plaintiff's pleadings admitting the statute of limitations/limitations is applicable. Defendants raise the affirmative defense of defensive use of issue preclusion.

### ELEVENTH DEFENSE

Pleading further and in the alternative, Defendants raise the issues and defenses of waiver, estoppel and laches.

### TWELFTH DEFENSE

Pleading further and in the alternative, Defendants raise the issues and defenses of res

judicata and/or collateral estoppel.

## THIRTEENTH DEFENSE

Pleading further and in the alternative, Defendants raise the issue and defense of and reserve

their right to assert other affirmative defenses under Federal Rule of Civil Procedure 8(c) and so,

plead "any other matter constituting an avoidance or affirmative defense."

## FOURTEENTH DEFENSE

Pleading further and in the alternative, Defendants raise the issue and defense of comparative

fault of a phantom party.

## FIFTEENTH DEFENSE

Pleading further and in the alternative, Defendants raise the issue and defense of immunity,

full immunity, and qualified and/or good-faith immunity.

## SIXTEENTH DEFENSE

Pleading further and in the alternative, Defendants raise the issue and defense of  no duty

owed to plaintiff.  Defendants would show that defendant, Javier González has always acted in his

capacity as counsel to defendants,  Eleanor Carte and The Estate of A.C. Carte, and himself and all

acts have been undertaken in legal proceedings or related to them, and as attorney for defendants.

Consequently, he is immune and no liability.  He owes no duty to the plaintiff.

## SEVENTEENTH DEFENSE

Pleading further and in the alternative, Defendants raise the issue and defense of the statute

of frauds in that plaintiff's attempts to "create" a new contract for deed, attack it, revive it or alter

its interpretation is barred by the statute of frauds.

49802:1078942.1:102003                         -12-

## EIGHTEENTH DEFENSE

Pleading further and in the alternative, Defendants raise the issue and defense of judicial and equitable estoppel and waiver, and would show this court that plaintiff continues to attempt to litigate matters that were or could have been litigated and/or was or is affiliated with the Republic of Texas and so, does not recognize the validity and existence of state and federal courts here in Texas, much less Article III courts and judges and should not be allowed to utilize them. Attached hereto as Exhibit "A" and incorporated herein by reference is evidence of such action or views, either current or past.

## NINETEENTH DEFENSE/DEFAULT JURY REQUEST

Pleading further and in the alternative, and simply done out of caution, should this matter remain in federal district court, and without the benefit of foresight, pursuant to Federal Rule of Civil Procedure 38, Defendants demand a trial by jury. Defendants specifically reserve and aver that any request for jury trial shall not be construed or is intended to waive any right to seek remand of this matter to state court.

## TWENTIETH DEFENSE

Pleading further and in the alternative, defendants would show that the facts of this case are such that the contract in question was *open and obvious* to the plaintiff and unambiguous.

## TWENTY-FIRST DEFENSE

Pleading further and in the alternative, defendants would show that plaintiff's complaint fails to state a cause of action for which relief may be given or awarded on.

## TWENTY-SECOND DEFENSE

Pleading further and in the alternative, and out of caution, to the extent that plaintiff pleads

for punitive damages, defendants invoke their legal right to assert alternative affirmative defenses and defendants affirmatively allege that plaintiff's claims for exemplary or punitive damage are arbitrary, unreasonable, excessive and in violation of the defendants' rights to due process of law under the 5th and 14th Amendments to the United States Constitution. In addition, punitive damages must be proved against defendant in accord with *Transportation Insurance Company v. Moriel*, 879 S.W. 2d 10 (Tex. 1994). In the unlikely event such damages are recoverable, defendants would affirmatively aver that the amount recoverable, if any, is governed by the Texas Civil Practice and Remedies Code, 41.000, et seq.

### TWENTY-THIRD DEFENSE

Pleading further and in the alternative, and out of caution, as a specific and affirmative defense, defendants would assert that punitive damages violate the Equal Protection Clause of the 5th and 14th Amendments to the United States Constitution and Article I §19 of the Texas Constitution. Current rules governing discovery and trial practices, current evidentiary rules and current substantive standards pertaining to punitive damages in this jurisdiction are impermissibly vague and otherwise insufficient to protect defendants' constitutional rights.

### TWENTY-FOURTH DEFENSE

Pleading further and in the alternative, and out of caution, defendants deny that plaintiff is entitled to recover punitive damages in this case. To recover punitive damages, plaintiff must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm. An intent to injure, actual or constructive, is completely absent in the instant suit.

## TWENTY-FIFTH DEFENSE

Pleading further and in the alternative, and out of caution, defendants would hereby assert

that plaintiff's claims for punitive, enhanced, aggravated, treble, exemplary or other similar damages

are unconstitutional pursuant to the Texas State Constitution and the United States Constitution, as

violative of their substantive and procedural Due Process rights. Specifically, the imposition of

punitive or exemplary damages against defendants would violate their constitutional rights under

the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution os of the United

States, the Excessive Fines clause in the Eighth Amendment to the Constitution of the United States,

the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, similar

provisions of the Texas State Constitution, and/or the common law and public polices of the Texas,

and/or applicable statutes and court rules, in the circumstances of this litigation, for a variety of

reasons, including, but not limited to the following:

(a)     There is no evidence or insufficient evidence to warrant the submission of a punitive damage special issue to the jury and an affirmative answer by the jury would be supported by no evidence or by insufficient evidence.

(b)     Punitive damage awards are based on rank speculation by the jury. They are not based, like actual damages purportedly are, on any rational decision or on any evidence received from the witness chair. The jury is virtually allowed to award any figure, based on the whims of the jurors. This is improper.

(c)     Since punitive or exemplary damages are criminal in nature, the burden of proof should be that used in criminal cases. The plaintiff should be required to prove such damages "beyond a reasonable doubt," or by some other standard higher than "by a preponderance of the evidence," (e.g., a "clear and convincing evidence" standard).

(d)     Since punitive damages are of a criminal nature, the defendants are entitled to notice by statute particularly setting out the acts or omissions allegedly engaged in by this defendant which allegedly violate the statute and the punishment provided for the alleged violation of any such statute. No such statute exists in Texas.

(e)     Punitive or exemplary damages constitute a taking of property without due process. There are reasonable standards to use for the award of such damages. Defendants

49802:1078942.1:102003                                    −15−

are punished without reference to a specific statutory scheme as required by the Texas and United States Constitutions.

(f)     Punishment and deterrence are not viable theories in a civil setting. Punitive damages should not be awarded in a civil trial. Such damages are criminal or quasi-criminal in nature and civil juries are not appropriately instructed on such matters.

(g)     The award of punitive damages in this case would violate public policy and would be unconstitutional, would violate due process of law required by the Texas and United States Constitutions and would deny the defendants their due process and equal protection rights.

(h)     At minimum, the assessment of punitive damages should be based on a finding of intentional, malicious, and conscious criminal wrongdoing.

(i)     Alternatively, and without waiver of the foregoing, an award of punitive damages in an amount in excess of any alleged actual damages is unlawful.

(j)     There is an absence of uniformity, consistency and predictability in the assessment of punitive damages, accordingly, the doctrine presents an unfettered destructive force eroding the economic stability of society. Such unpredictability undermines the notions of reasonable punishment and deterrence.

(k)     The threat of punitive damages is a club by which claimants seek to intimidate a defendant into excessive and unreasonable settlements and to inflame the bias and prejudice of juries; accordingly, punitive damages are objectionable for that reason as well.

(l)     If the jury awards punitive damages here and that award is upheld by the Court, the award constitutes nothing more than a windfall to plaintiff. At best the award should go to some charitable or public entity rather than to the plaintiff.

(m)     Plaintiff may not recover punitive damages here as Texas law already compensates allegedly injured persons for every element of damage. Punitive damages do not serve any function which is appropriate in the context of a case for civil damages.

(n)     These defendants move the Court to take judicial notice of the probability that some civil suits filed in the Court during the last twelve (12) months contain a punitive damage prayer. Such judicial notice demonstrates that the threat of punitive damages is a coercion on every civil defendant.

(o)     Punitive damages are not necessary to fulfill any function of punishment or deterrence. The licensing bodies of this state are the appropriate forum to achieve penal deterrence for allegedly egregious conduct by the defendants.

(p)     Punitive damages pose a threat to the economic viability of every defendant in every civil case and any such assessment is made at the expense of potential future litigants.

(q)     Punitive damages place civil litigants in grossly unfair positions and deny defendants the right to a fair, constitutionally protected trial. The perfunctory allegations of gross negligence and punitive damages and the resulting submission of special issues to juries give plaintiffs a distinctly unfair advantage in civil litigation. This exerts on defendants an irresistible pressure to settle in fear, with the knowledge that a jury has a virtually unfettered license to award any sum as punitive damages. The Supreme Court has often cited its strong intent to encourage settlements. That policy is misguided when it coerces defendants, but not plaintiffs, into a settlement posture because of fear of punitive damages. Accordingly, defendants are denied due process and equal protection under the laws and Constitutions of Texas and the United States as compared with plaintiffs.

(r)     There is no constitutionally recognized statutory basis in Texas for the award of punitive damages.

(s)     Punitive damages constitute an unconstitutional *ex post facto* law. A defendant under present law can be charged and found liable for punitive damages for conduct which was not subject to clearly and readily identifiable guidelines. There are no guidelines which one can consult at the time one acts to see if one will or will not be subject to punitive damage liability for such act. Any subsequent punitive damage award is therefore constitutionally defective as an *ex post facto* law under the Texas and United States Constitutions.

(t)     Because punitive damages are criminal or quasi-criminal in nature, they should be subject to the procedural safeguards available to a criminal defendant. A criminal defendant has a constitutionally protected right to remain silent, yet a civil litigant, if he hopes to defend himself in a civil lawsuit, cannot remain silent as a practical matter. Therefore, the trial of a civil defendant for punitive damages forces the defendant to relinquish his/her/its constitutionally protected rights under the Fifth Amendment.

(u)     An award here of punitive damages is not constitutional. Such an award would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution as applied to this proceeding through the Fourteenth Amendment.

(v)     Punitive damages are unlawful because in reality they bear no reasonable relation to the amount of actual damages.

(w)     Plaintiff should at least be required to make a *prima facie* showing of his right to punitive damages before an issue on punitive damages is submitted to the jury.

(x)    No assessment of punitive damages is lawful unless the verdict is by a unanimous vote of twelve (12) jurors.

(y)    On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would result in the imposition of grossly excessive or arbitrary punishment on defendants in violation of the Fourteenth Amendment due process clause of the Constitution of the United States of America. *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003).

Out of caution, should, however, the Court overrule defendants' objections stated herein, and allow plaintiff to proceed at trial on his alleged common law and/or statutory punitive, enhanced, aggravated, treble, exemplary or other similar damage claims, then defendants would request that any evidence considered on this issue meet the clear and convincing evidentiary standard, pursuant to statutory and common law.

## TWENTY-SIXTH DEFENSE

Pleading further and in the alternative, and out of caution, defendants would hereby assert that although defendants expressly deny liability for such alleged damages, defendants assert that any award of exemplary damages should be limited to no more than the greater of two times the amount of economic damages plus an amount equal to any noneconomic damages found by the jury not to exceed $750,000.00 (Seven hundred fifty-thousand dollars and no/100), or $200,000.00 (Two hundred thousand dollars and no/100), in accordance with §41.008 of the Texas Civil Practice and Remedies Code.

## TWENTY-SEVENTH DEFENSE

Pleading further and in the alternative, Defendants would show that plaintiff is a vexatious litigant and continues to litigate matters that were or could have been litigated previously, such as this present action. Further, any claims have no basis in law or fact, and are meritless.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants, **ELEANOR CARTE** and

**JAVIER GONZALEZ (Misnamed As "Javier Gonzales")**, respectfully requests that this Court

enter judgment in this case as follows:

1.    Dismissing the Plaintiff's claims against Defendants with prejudice;

2.    Awarding Defendants their costs incurred in connection with this case, including attorneys' fees; and

3.    Granting Defendants such other and further relief, at law and in equity, general or special, to which they may show themselves justly entitled.

Respectfully submitted,

By: _____
Javier González
State Bar of Texas No. 00787561
Federal ID No. 19712
James H. Hunter, Jr.
State Bar of Texas No. 00784311
Federal ID No. 15703
Attorneys in Charge for
Defendants, **ELEANOR CARTE** and
**JAVIER GONZALEZ (Misnamed As "Javier Gonzales")**

OF COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS L.L.P.**
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509
Telephone:    (956) 542-4377
Facsimile:    (956) 542-4370

49802:1078942.1:102003                            **-19-**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to *pro se* party of record via **Certified Mail-Return Receipt Requested** and **Regular U.S. Mail** on this the 20th day of October, 2003:

> John Ocie Roberts
> P.O. Box 1167
> La Feria, Texas 78559

_____

**Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

NO. 96-08-4064-B

LA FERIA INDEPENDENT SCHOOL DISTRICT §

VS. §

ELEANOR G. HOLLINGSWORTH, ET AL §

*REFUSED FOR FRAUD UNDER UNDER RULE 9 (b) (2) CP*

*UCC 3-505*

IN THE DISTRICT COURT

103RD JUDICIAL DISTRICT

CAMERON COUNTY, TEXAS

## JUDGMENT

BE IT REMEMBERED, that on the 24th day of September, 1998, came on to be heard in regular order the above numbered and entitled cause, wherein La Feria Independent School District is Plaintiff and wherein La Feria Irrigation District Cameron County Number Three and Cameron County are Impleaded Defendant Taxing Units or Intervenors; and wherein JOHN ROBERTS, who answered herein pro se and was notified of this setting, and ELEANOR HOLLINGSWORTH, who being duly served with process as required by law, failed to appear or answer herein and wholly made default, are Defendants; and

This cause coming on for trial came Plaintiff and Intervenors above named by their attorneys, and all of said parties announced ready for trial; and Plaintiff having moved the Court to dismiss from this suit any parties not named above, it was so ordered; and as to those Defendants above named who appeared and answered pro se, the Court is of the opinion and finds that Plaintiff and Intervenors should have judgment for taxes owing them and for foreclosure and Order of Sale as hereinbelow decreed; and a jury being waived, the parties submitted all matters of controversy, both of fact and of law, to the Court without the intervention of a jury, and evidence was submitted concerning the ownership and title of the land hereinafter described, and the inventory sheets, assessment rolls, and delinquent tax records of Plaintiff and Intervenors were introduced into evidence, and evidence was submitted as to the value of the hereinafter described land; and the Court having heard the pleadings, the evidence and the argument of counsel, is of the opinion and finds as follows:

There are taxes, penalties, interest and attorney's fees due, owing and unpaid to Plaintiff and Intervenors in the amounts hereinafter set out upon the hereinafter described land. Said taxes, penalties, interest and attorney's fees constitute a separate, valid and subsisting lien in favor of Plaintiff and Intervenors and on each tract of land hereinafter described to secure the payment of the taxes, penalties, interest and attorney's fees hereinafter adjudged to be due against each separate tract of land hereinafter described, which said lien is prior and superior to all claims, right, title, interest or liens asserted by any of the Parties Defendant hereto.

It is therefore ORDERED, ADJUDGED AND DECREED that there is due, owing and unpaid to Plaintiff and Intervenors in the capacity in which they sue the following amounts of taxes, penalties, interest and attorney's fees for all delinquent years upon the following described property as set out in the Schedule immediately following, together with additional penalties and interest at the rates prescribed by Subchapters A and C of Chapter 33, Property Tax Code, which accrue hereafter on all said taxes from date of judgment until paid, to wit:

**EXHIBIT "A"**

## SCHEDULE

Delinquent taxes, penalties, interest and attorney's fees due for which judgment is herein rendered covering all years delinquent at the date of the judgment:

Property Description

All of Block 80, Minnesota-Texas Land and Irrigation Company Subdivision in the La Feria Grant, Cameron County, Texas.  Account Nos. 855380-0800-0100-00 & 855380-0800-0100-10

AMOUNTS DUE TO:

| | | |
|---|---|---|
| La Feria ISD | $ | 744.50 |
| La Feria ID Cameron County Number Three | $ | 2,447.57 |
| County of Cameron | $ | 731.02 |
| TOTAL TAXES DUE | $ | 3,923.09 |

ADJUDGED VALUE:   $66,306.00

It is further ORDERED, ADJUDGED AND DECREED that Plaintiff and Intervenor do have and recover judgment for all sums set out in the foregoing Schedule, together with all costs of suit and sale now or hereafter incurred, including abstract costs incurred in securing data and information as to the name, identity, and location of necessary parties and the necessary legal description of the above described property, as such abstract costs are more particularly set out in Plaintiff's Petition on file herein, in the total amount of $50.00. In the event one or more of the Defendants shall pay off and discharge all of the amounts herein adjudged to be due against one or more tracts, prior to the holding of the foreclosure sale hereinafter decreed, such Defendant shall be liable only for the pro rata part of the accrued costs properly chargeable to such tract or tracts; but the proceeds of any foreclosure sale in this cause shall be applied first to the payment of all accrued costs of suit and sale, and any residue shall be distributed pro rata to Plaintiff and Intervenors as provided by law.

It is further ORDERED, ADJUDGED AND DECREED that a lien exists against each of said lots, tracts, or parcels of land, for the amount of the taxes, penalties, interest, attorney's fees and costs herein adjudged to be due on each particular lot, tract, or parcel of land, which lien is prior and superior to all claims, right, title, interest or liens asserted by any of the Parties Defendant herein, and that Plaintiff and Intervenors have foreclosure of their liens on each of said lots, tracts or parcels of land as against all the Defendants herein or any person claiming under the said Defendants by any right acquired pending this suit; that an Order of Sale be issued by the Clerk directed to the Sheriff or any Constable of said County, commanding such officer to seize, levy upon and advertise the sale of each of said tracts of land, and sell the same to the highest bidder for cash, as under execution, provided that none of said property shall be sold to any party other than a taxing unit which is a party to this suit for less than the amount of the adjudged value of the property or the aggregate amount of the judgment against the property in said suit, whichever is lower; the said adjudged value, or reasonable fair value of the property as set by this Court is as shown on the foregoing Schedule; but if the Defendant, in person or by attorney, shall at any time before the sale file with the Sheriff or other officer in whose hands said Order of Sale shall be placed a written request that the property described herein shall be divided and sold in less tracts than the whole, together with a description of said subdivision, then such officer shall sell the land in such subdivisions as the

Defendant may request and, in such case, shall only sell as many subdivisions as necessary to satisfy this judgment, interest, attorney's fees and cost, the net proceeds of any sale of such property made hereunder to any party other than a taxing unit who is a party to this suit to be applied to satisfy the judgment and liens foreclosed herein, but any excess in the proceeds of sale over and above the amount necessary to pay the taxes due, defray the costs of suit and sale and other expenses chargeable against said property, shall be paid to the parties legally entitled to such excess; that the owner of such property, or anyone having an interest therein, or their heirs, assigns, or legal representatives, may redeem such property in the time and manner prescribed by law; that the officer executing the Order of Sale shall make proper conveyance to the purchaser or purchasers of said land, as prescribed by law, subject to such right of redemption; and that if before the expiration of the period of redemption fixed by law no person who is entitled to redeem the said property has exercised the right of redemption, then a Writ of Possession shall be issued to the purchaser at foreclosure sale or his assigns by the Clerk of this Court within twenty (20) days after recording the sheriff's/constable's deed, ordering the Sheriff or proper officers to place the purchaser or purchasers, or their heirs, executors, assigns, or administrators in possession of the property so purchased in accordance with the laws of the State of Texas.

All relief prayed for in any of the pleadings in the cause which is not specifically granted by this judgment is hereby denied.

SIGNED, APPROVED and ORDERED FILED and RECORDED this the 24th day of September, 1998.

JUDGE PRESIDING

09/28/98 COPIES AS TO:

APPROVED AS TO FORM:

Attorney for Plaintiff, La Feria Independent
School District and Intervenor, La Feria Irrigation
District Cameron County Number Three

FILED 9:00 ___ ___
AURORA DE LA ___ ___ DIST. Clerk
SEP 25 1998
DISTRICT COURT OF CAMERON COUNTY, TEXAS

Attorney for Intervenor, Cameron County

REFUSED FOR FRAUD UNDER UCC 3-501
UNDER RULE FRCP 9b UCC 3-505

Defendant, John Roberts, Pro Se

REFUSED FOR FRAUD BECAUSE OF CONVERSION,
ATTEMPTED EXTORTION, COLLUSION AND
A SUBSTANTIVE RIGHTS VIOLATION GUARANTEED
AND PROTECTED BY THE CONSTITUTION.

**NON-NEGOTIABLE**                                      Notice August 13,2000
~~Registered~~ Mail 7099 3400 0014689 7 0607 Res/ In Rem: Account #00029-00-080-0001-00 9820
Certified                                               Account #00029-00-080-0000-00 9820

**John Ocie: Roberts**
**C/o 1726 North Commerce**
**Harlingen, Texas [78550]**

**BILL FRIEND and/or Bill Friend Manager LA FERIA IRRIGATION DISTRICT**

In the matter of : **Notice of Acceptance for Value and Exempt from Levy**

To: Mr. BILL FRIEND and/or Bill Friend:

Regarding your NOTICE of Res/In Rem: **Account # 00029-00-080-0001-00 9820 and Account # 00029-00-080-0000-00 9820** Dated August 02,2000

On the date first above written, I, John Ocie: Roberts ACCEPT for VALUE your commercial presentment in full and any amount specified in full accord with UCC 3-419 and Texas Business and Commerce Code 3.419 and H.J.R. 192 (June 5,1933) all endorsements front and back, per the above referenced.

Please charge My Treasury Direct Account (Priority) Employer Identification Number 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 for the registration fees and command the memory of Employer Identification Number 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 to charge the same to the debtor's order or your order.

When completion of the Adjustment to My Account occurs please notify Me at the above return location and release the "Order" for the NOTICE of Res/In Rem: **Account # 00029-00-080-0001-00 9820 and Account # 00029-00-080-0000-00 9820** to Me immediately within 72 hour period, Regulation Z, Truth-in-Lending Act,
15 USC section 226.1 et.seq.

In the alternative, since the maker of the original notes has either refused or neglected (dishonored) the obligation to pay, I am formally requesting copies of the Fiduciary Tax Estimate and the Fiduciary Tax Return covering this matter to be provided to Me for My examination and discovery of Who is delinquent or making other claims since My Account is pre-paid and has exempt priority status. Therefore, please provide the information and release the Order/Property  to Me Immediately.

Sincerely,

*John Ocie Roberts*
John Ocie: Roberts

Invoice # LFIRRG8132k

Enclosed:        1 "Acceptance for Value" Account # 00029-00-080-0000-00 9820
                 1 "Acceptance for Value" Account # 00029-00-080-0001-00 9820
                 1 each copy/file UCC-1

1

08/02/2000   12:04

La Feria Irrigation Distric
( 00029-00-080-0001-00 )

\* \* \* P R O P E R T Y   I N F O R M A T I O
( Aging Date: 08/02/2000 )

| Acct# / Name / Address | Property Description | | Acreag |
|---|---|---|---|
| 00029-00-080-0001-00<br>9820  ROBERTS, J<br>ROBERTS, JOHN<br>RT 1, BOX 80<br>RAYMONDVILLE, TX 78580 | MINN-TEX BLK 80 - 1. 0/0 NW<br>CORNER OF 39.34 | Gross<br>Roads<br>Canal<br>Drain<br>Levee<br>Other | 1.00<br>0.00<br>0.00<br>0.00<br>0.00<br>1.00 |
| 9820-    29-    80-    - 1 | | Net | 0.00 |

Bond: Y   Flat: N   DRAINAGE: N   Lawn:

TAX INFORMATION: ( Aging as of: 08/02/2000 )

\*\*\* BOND TAXES

| YEAR | DUE DATE | AMOUNT | AM PD | DATE | PRN. DUE | DS |  |
|---|---|---|---|---|---|---|---|
| 1998 | 01/31/1999 | 4.00 | | / / | | 1.34 | 6.03 |
| 1999 | 02/01/2000 | 4.00 | | / / | | 0.76<br>0.71 | 5.47 |

TOTAL DUE:     11.50

GRAND TOTAL TAXES/CONTRACTS DUE:     11.50

*[handwritten/stamped diagonal overlay:]* Non-Negotiable Charge Back Lawrence H. Summers

I accept for value all related endorsements, front and back, in accordance with U.C.C. 3-419 in accord with H.J.R. 192. Please charge my Treasury Direct Account # 462529844 for the registration fees and command the memory of account number to charge the same to debtor's order or to your order.
462529844

Employer Identification # 462529844
Posted Certified/Registered Account # 563440
Value $ 100,000,000.00
Invoice # LFIRRGB132R

*[signature]* James Oie Roberts
Authorized Signature

AUGUST 15, 2000
Date

THIS SPACE FOR USE OF FILING OFFICER

164280
FILED FOR RECORD
AT...
JOE G. RIVERA
CLERK COUNTY COURT
CAMERON COUNTY TEXAS
BY...............DEPUTY
2003 JUL 14 A 11: 13

**FINANCING STATEMENT — FOLLOW INSTRUCTIONS CAREFULLY**
This Financing Statement is presented for filing pursuant to the Uniform Commercial Code and will remain effective, with certain exceptions, for 5 years from date of filing.

A. NAME & TEL. # OF CONTACT AT FILER (optional)

B. FILING OFFICE ACCT. # (optional)

C. RETURN COPY TO: (Name and Mailing Address)

John Ocie Roberts
c/o 1726 North Commerce
Harlingen, near (78550) Texas

D. OPTIONAL DESIGNATION [if applicable]: ☐ LESSOR/LESSEE ☐ CONSIGNOR/CONSIGNEE ☐ NON-UCC FILING

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b)

**JOHN OCIE ROBERTS (OR ANY DERIVATION THEREOF)**

| 1a. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | COUNTRY | POSTAL CODE |
|---|---|---|---|---|
| 1726 NORTH COMMERCE | HARLINGEN | TX | US | 78550 |

| 1d. S.S. OR TAX I.D. # | OPTIONAL ADD'NL INFO RE ENTITY DEBTOR | 1e. TYPE OF ENTITY | 1f. ENTITY'S STATE OR COUNTRY OF ORGANIZATION | 1g. ENTITY'S ORGANIZATIONAL I.D.#, if any |
|---|---|---|---|---|
| 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 | | Transmitting utility | TEXAS | 142-35-010684 ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b)

| 2a. ENTITY'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | COUNTRY | POSTAL CODE |
|---|---|---|---|---|

| 2d. S.S. OR TAX I.D.# | OPTIONAL ADD'NL INFO RE ENTITY DEBTOR | 2e. TYPE OF ENTITY | 2f. ENTITY'S STATE OR COUNTRY OF ORGANIZATION | 2g. ENTITY'S ORGANIZATIONAL I.D.#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S (ORIGINAL S/P or ITS TOTAL ASSIGNEE) EXACT FULL LEGAL NAME - insert only one secured party name (3a or 3b)

| 3a. ENTITY'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| Roberts | John | Ocie | |

| 3c. MAILING ADDRESS | CITY | STATE | COUNTRY | POSTAL CODE |
|---|---|---|---|---|
| c/o 1726 North Commerce | Harlingen | Tx | uSA | near (78550) |

4. This FINANCING STATEMENT covers the following types or items of property:

(1) The above secured party a living soul, hereby secures all CITY, COUNTY, STATE, FEDERAL and FOREIGN rights, interest and title past, present and future to the certificate(s) of birth including but not limited to #142-35-010684 as received by the Texas Department of Health, Bureau of Vital Statistics on February 15, 1935. Employer Indentification number #462529844 and all others unknown all Treasury Direct Accounts including 462529844, all real and personal property, the pignus, hypotheca, hereditaments, res, all creations of marriage, all pledges, all energy, all licenses and all liens. All property Public offerings are accepted for value and are exempt from levy. Adjustments of this filing is from Public Policy HJR 192 of June 5, 19,13, and UCC 10-104. All proceeds, products, accounts, fixtures, and orders therefrom are released to the Debtor, but not limited to the all capital name JOHN OCIE ROBERTS, or any derivative thereof and all signatures on all contracts and agreements perdicated on the Straw Man described above as the debtor. Secured Party holds all interest including the attached Bill(s) of Exchange(s) total value at $3,099,000.000,000.00 all being part of attached Security Agreement dated and witnessed March 23, 2000.
(2) Texas Driver's License No. 03583006 (3) Social Security No. 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

5. CHECK ☐ THIS FINANCING STATEMENT is signed by the Secured Party instead of the Debtor to perfect a security interest

JOHN OCIE ROBERTS     DEBTOR

*John Ocie Roberts*     Secured Party

6. ACKNOWLEDGMENT COPY — NATIONAL FINANCING STATEMENT (FORM UCC1) (TRANS) (REV. 12/18/95)

08/02/2000   12:03

La Feria Irrigation District
( 00029-00-080-0000-00 )

* * * P R O P E R T Y   I N F O R M A T I O N
( Aging Date: 08/02/2000 )

| Acct# / Name / Address | Property Description | | Acreage |
|---|---|---|---|
| 00029-00-080-0000-00 | MINN-TEX BLK 80 - 39.34 L | Gross | 38.340 |
| 9820  ROBERTS, J | 1.00 O/O NW CORNER | Roads | 0.000 |
| ROBERTS, JOHN | | Canal | 0.000 |
| RT 1, BOX 80 | | Drain | 0.000 |
| RAYMONDVILLE,TX 78580 | | Levee | 0.000 |
| | | Other | 38.340 |
| 9820-   29-   80-   - 0 | | | --------- |
| | | Net | 0.000 |

Bond: Y   Flat: N   DRAINAGE: N   Lawn:

TAX INFORMATION: ( Aging as of: 08/02/2000 )

*** BOND TAXES

| YEAR | DUE DATE | AMOUNT | AMT PD | PEN.DUE | PAST DUE |
|---|---|---|---|---|---|
| 1998 | 01/31/1999 | 162.00 | | 82.05 | 244.05 |
| | | | | 50.23 | |
| 1999 | 02/01/2000 | 162.00 | 0.00 | 30.78 | 221.70 |
| | | | | 28.92 | |
| | | | | TOTAL DUE: | 465.75 |
| | | TOTAL TAXES/CONTRACTS DUE: | | | 465.75 |

Non-Negotiable
Charge Back
Lawrence H. Summers

I accept for value all related endorsements, front and back, in
accordance with U.C.C. 3-419 in accord with HJR 192. Please
charge my Treasury Direct Account # 4625 29844 and charge the
registration fees and command the memory of account number
4625 29844 to charge the same to debtor order or to
your order.

Employer Identification # 4625 29844
Posted Certified/Registered Account # 5634104786
Value $ 100,000,000.00
Invoice # LFIRRG8132k

John Orie Robert
Authorized Signature

August 15, 2000
Date