United States District Court
Southern District of Texas
FILED

FEB 0 3 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | CIVIL ACTION NO. B-03-170 |
| | § | |
| vs. | § | |
| | § | |
| ELEANOR CARTE, ESTATE OF A. C. | § | |
| CARTE, THROUGH ITS EXECUTRIX, | § | |
| CELESTE BOWMAN, JAVIER GONZALES, | § | |
| SALVADOR GONZALES AND | § | |
| HAROLD WAITE | § | JURY |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Counsel for defendants, **ELEANOR CARTE** and **JAVIER GONZALEZ**, files this joint report of meeting and joint discovery/case management plan, pursuant to Fed. R. Civ. P. Rule 26(f), as follows:

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    **ANSWER**:

    Not held, as defendants' attorney on January 13, 2004 called *pro se* plaintiff at two disconnected telephone numbers. Accordingly, only defendants' attorney was available. On January 15, 2004, defendants' attorney wrote *pro se* plaintiff enclosing this plan and advising of the need to meet under FRCP 26(f). To date, there has been no response.

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

    **ANSWER**:

    Cause No. 2002-01-252-E
    *John Ocie Roberts vs. Eleanor Carte, the Estate of A. C. Carte, by and through its Executrix, Celeste Bowman and Javier Gonzales*
    pending in the 357th Judicial District Court of Cameron County, Texas

49802:1089239.1:011604

Cause No. 13-01-00766-CV
*John Ocie Roberts vs. Eleanor Carte and A. C. Carte*
pending under submission to the Court of Appeals for the 13th District of Texas

3. Briefly describe what the case is about.

   **ANSWER**:

   Defendants' position is that this lawsuit is over a contract for deed that was signed on or about February 13, 1987. Plaintiff's cause of action fails to meet the elements for a 42 U.S.C. § 1983, et. seq. civil rights action and is barred by res judicata and/or limitations.

4. Specify the allegation of federal jurisdiction.

   **ANSWER**:

   As defendants understand, plaintiff is asserting jurisdiction under the Federal Constitution and specifically, the Due Process clause and under 42 U.S.C. § 1983, et. seq.

5. Name the parties who disagree and the reasons.

   **ANSWER**:

   Answering defendants, Javier Gonzalez and Eleanor Carte, disagree to the court's exercise of jurisdiction. The basis is plaintiff fails to state a cause of action under 42 U.S.C. § 1983, et. seq. for the reason that there is no "state action" or "state actor" and so, no viable claim. This is also no viable Federal Constitutional claim. Further, under comity principles, this court should defer to the ongoing state court litigation referenced in item no. 2 above.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **ANSWER**:

   None anticipated at this time.

7. List anticipated interventions.

   **ANSWER**:

None.

8. Describe class-action issues.

   **ANSWER**:

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **ANSWER**:

   Defendants disclosures will be made within fourteen (14) days as per the Federal Rules of Civil Procedure, from the date of the initial pretrial conference, which would make disclosures due on or before February 17, 2004.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    **ANSWER**:

    1. There is no need for changes made in the timing, form or requirements for disclosures under Rule 26(a).

    2. There are no changes needed regarding limitations on discovery in this case.

    3. No orders need to be issued pursuant to Rule 26(c) or Rule 16(b) and (c) other than the orders this Court typically enters at its scheduling conference.

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    **ANSWER**:

    Unknown if plaintiff anticipates sending written discovery, if any, to the defendants.

    C. When and to whom the defendants anticipate they may send interrogatories.

    **ANSWER**:

Defendants anticipate propounding interrogatories, requests for production and requests for admission, if any, to the plaintiff on or before June 30, 2004.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

**ANSWER**:

It is unknown who plaintiff anticipates deposing of defendants and/or witnesses with knowledge of relevant facts. Consequently, it is unknown when plaintiff anticipates concluding these depositions.

E.  Of whom and by when the defendants anticipate taking oral depositions.

**ANSWER**:

Defendants anticipate deposing plaintiff and any other persons with knowledge of relevant facts on or before October 31, 2004.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(s)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**ANSWER**:

It is unknown when plaintiff anticipates designating experts and providing reports, if any, by.

G.  List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**ANSWER**:

At this time, defendants only anticipate the need for experts on attorney's fees. Defendants would designate experts, if any, by December 15, 2004.

H.  List expert depositions the defendants anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**ANSWER**:

Defendants do anticipate deposing plaintiff's experts, if any, at this time. It is anticipated that the completion dates for these expert depositions, if any, will be by October 31, 2004.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **ANSWER**:

    Defendants' counsel has not been able to contact plaintiff who is *pro se* in this matter. Consequently, it is unknown at this point whether the parties agree with the proposed discovery plan. It would be better if the court issue a discovery plan. Defendants propose a trial setting sometime in early 2005, with expert designations for plaintiff on or before October 31, 2004; defendants designate experts on or before December 15, 2004; and a discovery cut-off of January 31, 2005.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **ANSWER**:

    Defendants are endeavoring to exchange interrogatories, requests for production and requests for admissions, if any, to the plaintiff. It is unknown, what plaintiff desires to do.

13. State the date the planned discovery can reasonably be completed.

    **ANSWER**:

    June 30, 2004 for discovery in item (12) above.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **ANSWER**:

    A prompt settlement or resolution of this case was not discussed as *pro se* plaintiff could not be contacted by telephone. But the parties have previously mediated this case unsuccessfully in Cause No. 2002-01-252-E, styled *John Ocie Roberts vs. Eleanor Carte, et al.*, pending in the 357th Judicial District Court of Cameron County, Texas. Consequently, the possibility for a prompt settlement is low.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **ANSWER**:

Defendants agree to discuss the issues and try to work together to understand the facts as quickly as possible with *pro se* plaintiff, should he make himself available.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such technique may be effectively used in this case.

    **ANSWER**:

    Plaintiff is *pro se* in this matter. Defendants are represented by counsel and do not envision any alternative dispute resolution techniques being suitable or effective in this case, since the case was mediated in state court already, to no avail. Please also see item nos. (14) and (15) above.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **ANSWER**:

    Defendants request trial be before the Honorable District Judge.

18. State whether a jury demand has been made and if it was made on time.

    **ANSWER**:

    Defendants timely made a jury demand.

19. Specify the number of hours it will take to present the evidence in this case.

    **ANSWER**:

    The defendants believe the evidence can be presented in 20-24 hours of testimony.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER:**

Defendants anticipate filing a dispositive Motion for Summary Judgment and motion for injunctive relief soon, but do not believe the motions would be ripe for consideration, prior to the initial scheduling conference.

21. List other motions pending.

    **ANSWER:**

    None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **ANSWER:**

    None, other than the Court being able to resolve this matter by dispositive motion for summary judgment.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order for Conference and Disclosures of Interested Parties, listing the date of filing for original and any amendments.

    **ANSWER:**

    Plaintiff filed his Disclosure of Interested Parties on October 15, 2003.

    Defendants have filed their Disclosure of Interested Parties on December 23, 2003, approximately 14 days after obtaining a copy of this court's order scheduling an initial conference.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

    **ANSWER:**

    Javier González
    State Bar of Texas No. 00787561
    Federal ID No. 19712
    Keith H. Uhles

State Bar of Texas No. 20371100
Federal ID No. 1936
ROYSTON, RAYZOR, VICKERY & WILLIAMS L.L.P.
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509
Telephone:   (956) 542-4377
Facsimile:   (956) 542-4370
Attorneys in Charge for
Defendants, **ELEANOR CARTE** and
**JAVIER GONZALEZ (Misnamed As "Javier Gonzales")**

John Ocie Roberts
P.O. Box 1167
La Feria, Texas 78559
Telephone number unknown
*Pro Se* plaintiff

_____          2-3-04
Javier González, Counsel for Defendants      Date


_____          _____
John Ocie Roberts, *Pro Se* Plaintiff         Date


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon *pro se* plaintiff, John Ocie Roberts at P.O. Box 1167, La Feria, Texas 78559, by United States Mail, First Class, Postage Prepaid on this the 3rd day of January, 2004.
                                                                February,

                                                          _____
                                                          **Javier González**