*14*

United States District Court
Southern District of Texas
FILED

MAR 1 7 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| John Ocie Roberts | § | CIVIL ACTION NO. B-03-170 |
| | § | |
| vs. | § | |
| | § | |
| Eleanor Carte | § | |
| Estate of A.C. Carte | § | |
| Through its executrix, | § | |
| Celeste Bowman, | § | |
| Javier Gonzales, Salvador Gonzales | § | |
| and Harold Waite | § | JURY |

---

## DEFENDANTS', ELEANOR CARTE AND JAVIER GONZALEZ MOTION TO DISMISS PURSUANT TO FRCP 12(B)

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ELEANOR CARTE** and **JAVIER GONZÁLEZ (Misnamed As "Javier Gonzales"),** Defendants in the above-entitled civil action and files this their Motion to Dismiss, pursuant to 12(b) of the Federal Rules of Civil Procedure, for plaintiff's failure to state a claim upon which relief can be granted; and for lack of jurisdiction over the subject matter, and would show the Court more fully as follows:

## I.

## LACK OF JURISDICTION OVER SUBJECT MATTER, FAILURE TO STATE CAUSE OF ACTION & IMPROPER VENUE

1.01    The United States District Court for the Southern District of Texas lacks jurisdiction over the subject matter of plaintiff's lawsuit in that the legal issues urged by plaintiff are barred by the doctrine of *res judicata*. The facts upon which plaintiff relies in his legal issues are all derived

from the lawsuit filed in state court and on which, plaintiff suffered an appealed and redismissed order of dismissal of his case; and a counterclaim judgment being taken against him.

1.02    In addition, plaintiff fails to state a claim against defendants under 42 U.S.C. § 1981 and 1983, *et seq.* In order to hold defendants liable under a federal civil rights cause of action, there has to be *state action.* There is none and so, his case should be dismissed.

1.03    Additionally, no diversity exists amongst the parties, and so improper venue shown. Defendants would be entitled to 12(b)(3) relief. In the alternative, the court should abate the proceedings and under principles of comity, defer to the state court on previous filings by plaintiff.

## II.

## BACKGROUND & PROCEDURAL HISTORY

2.01    Plaintiff, John Ocie Roberts ("Roberts") initially brought this suit in federal court, on September 25, 2003, bringing a claim against moving defendants and others for alleged violations of his civil rights, under 42 U.S.C.S. § 1981 and 1983, *et seq. See plaintiff's Complaint on file in Civil Action No. B-03-170, filed September 25, 2003.* Prior to this, this case has a long history between the parties in state district courts of Cameron County, Texas.

2.02    On or about September 18, 2000, plaintiff initially filed suit against Eleanor and A.C. Carte ("first suit"). *Attached here and incorporated herein by reference as Exhibit "A" is Plaintiff's Original Petition and exhibits, incorporated herein by reference.* Plaintiff claimed in the first suit that he and Eleanor and A.C. Carte entered into negotiations on or about the 15th day of January, 1984 for the sale and purchase of approximately 40 acres of real property located in La Feria, Cameron County, Texas. The property the subject of this suit ("the property") is described as follows:

**APPROXIMATELY FORTY (40) ACRES OF LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM AURORA LONGORIA TO ELEANOR HUMPHRIES AND FILED OF RECORD ON SEPTEMBER 1, 1961, AND THAT LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED EXECUTED BY ANTONIAS SANCHEZ AND PEDRO VITE SANCHEZ TO ELEANOR HENDRICKS, SAME BEING FILED OF RECORD IN VOLUME 1232, PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.**

2.03    Plaintiff further claimed in the first suit that a contract for deed was entered into between these parties on or about February 13, 1987 and that A.C. and Eleanor Carte explained what each clause meant and plaintiff accepted their contract with their explanations. *See Exhibit "A" to Plaintiff's Original Petition in this case, as well as Exhibit "A," which is Plaintiff's Original Petition in the first suit, both incorporated herein by reference.*

2.04    Plaintiff further claimed in the first suit that he faithfully paid on the property, but yet claims he was defrauded into thinking that option money would apply to the sale price and that interest would be 10% simple interest. Plaintiff further alleged that A.C. and Eleanor Carte falsely promised to honor and wait for 60 days before writing a foreclosure letter; and that they never provided him an accounting or amortization schedule. Accordingly, plaintiff filed suit against these two individuals in the first suit seeking a declaratory judgment. He also sought damages for breach of contract; sought reformation of the contract for deed; sought damages for common law statutory fraud; and sought specific performance under the contract for deed and recovery of attorney's fees, although he was unrepresented. *See Exhibit "A," which is Plaintiff's Original Petition in the first suit, which is incorporated herein by reference.* Eleanor and A.C. Carte both answered and counterclaimed against him, seeking among other things, a judicial foreclosure and damages for breach of contract. They successfully showed plaintiff did not cure any defaults for untimely

-3-

installment payments, failed to pay real estate taxes on the property, and failed to insure the real property. *Attached hereto as Exhibit "B" is Eleanor and A.C. Carte's Original Answer and Counterclaim, which is incorporated herein by reference.*

2.05    In the first suit, the court set the case for a trial setting on March 28, 2001. Plaintiff did not appear, and  so his claims in the first suit were dismissed. Eleanor and A.C. Carte both appeared by and through their attorney of record and had their counterclaim severed completely and set for bench trial without objection ("counterclaim suit"). *See attached hereto as Exhibit "C," the Order Setting Trial, Dismissing Case-in-Chief and severing counterclaim signed April 4, 2001, which is incorporated herein by reference.* The severance order set the counterclaim of Eleanor and A.C. Carte for a bench trial on August 13, 2001.

2.06    Plaintiff initially appealed the Order Setting Trial, Dismissing Case-in-Chief and severing counterclaim signed April 4, 2001 to the Thirteenth District Court of Appeals, on April 26, 2001. The appeal was assigned cause no. 13-01-00314-CV.   *See attached hereto as Exhibit "D," the Amended Appeal Schedule in Cause No. 2000-09-3842-C, which is incorporated herein by reference.*

2.07    On July 19, 2001, the Thirteenth District Court of Appeals dismissed plaintiff's appeal for want of prosecution. *See attached hereto as Exhibit "E," the opinion of the Thirteenth District Court of Appeals in Cause No. 13-01-00314-CV, which is incorporated herein by reference.*

2.08    On or about August 3, 2001, plaintiff filed a motion for reinstatement on a dismissal for want of prosecution. On August 23, 2001, the Thirteenth District Court of Appeals denied the motion. *See attached hereto as Exhibit "F," the clerk's, of the Thirteenth District Court of Appeals in Cause No. 13-01-00314-CV, card notice of even date, which is incorporated herein by reference.*

2.09    On or about September 6, 2001, plaintiff filed a motion for rehearing on his motion for reinstatement on a dismissal for want of prosecution, denial.  On September 27, 2001, the Thirteenth District Court of Appeals overruled the motion.  *See attached hereto as Exhibit "G," the clerk's, of the Thirteenth District Court of Appeals in Cause No. 13-01-00314-CV, card notice of even date, which is incorporated herein by reference.*

2.10    No stays or injunctions issued, enjoining or staying Eleanor Carte and Celeste Bowman, as independent executrix of the Estate of A.C. Carte, from proceeding to trial on their counterclaim. Defendants in the state court action proceeded on their counterclaim to trial. The case was called on August 13, 2001 and recalled again on August 15, 2001.  Plaintiff did not participate in nor attend either of these settings.  After evidence was heard by the court, Eleanor Carte and Celeste Bowman, as independent executrix of the Estate of A.C. Carte,  obtained a judgment on August 17, 2001 that among other things, gave  fee simple title to the property to Eleanor Carte as her sole and separate property.  *Attached hereto as Exhibit "H" is the Final Judgment in the counterclaim suit, signed on August 17, 2001, and incorporated herein by reference.*

2.11    Plaintiff moved for a new trial of the final judgment of August 17, 2001, by motion on September 13, 2001.  The trial court by order dated September 19, 2001, denied the motion.  *Attached hereto as Exhibit "I" is the Order denying plaintiff's motion for new trial, of September 19, 2001, and incorporated herein by reference.*   An appeal from the counterclaim suit is currently pending in the Thirteenth Court of Appeals in Cause No. 13-01-00766-CV.

2.12    Notwithstanding plaintiff's claims  in the first suit being dismissed and the dismissal of the appeal of such dismissal, plaintiff on January 22, 2002, repackaged and essentially refiled the exact same lawsuit into a third pending case in Cause No. 2002-01-000252-E ("second suit").  In this

suit, plaintiff sued Eleanor Carte and the Estate of A.C. Carte, by and through its executrix, Celeste

Bowman and also sued their attorney, Javier González. The original petition arises from the same

facts, but adds allegations of tortious interference with a contract by Eleanor Carte, alleging

interference by her with plaintiff's contract for deed with A.C. Carte, by essentially, Ms. Carte

obtaining the quitclaim deed from A.C. Carte, prior to his death. *Attached hereto as Exhibit "J"*

*is plaintiff's original petition in Cause No. 2002-01-000252-E, styled John Ocie Roberts vs. Eleanor*

*Carte, et al., filed on January 22, 2002, and incorporated herein by reference.*

    2.13    On September 25, 2003, just as the 357th Judicial District Court of Cameron County

was set to hear defendants/applicants', Eleanor Carte and the Estate of A.C. Carte, by and through

its Executrix, Celeste Bowman First Supplemental Motion/Application for Temporary & Permanent

Injunction & For Emergency Relief and their Motion for Removal of Drainage Pipes and Apparel

on Real Estate in Cause No. 2002-01-000252-E, plaintiff filed this complaint. *Attached hereto as*

*Exhibit "K" is a signed order dated September 3, 2003, resetting defendants/applicants', Eleanor*

*Carte and the Estate of A.C. Carte, by and through its Executrix, Celeste Bowman First*

*Supplemental Motion/Application for Temporary & Permanent Injunction & For Emergency Relief*

*and their Motion for Removal of Drainage Pipes and Apparel on Real Estate, in Cause No. 2002-01-*

*000252-E, and incorporated herein by reference.*

### III.

### RES JUDICATA

    3.01    Under Rule 12(b)(1) (attacks on subject matter jurisdiction), there are two forms of

attacks, facial and factual. A facial attack requires only that the court review the plaintiff's pleadings

to see if plaintiff has alleged a basis of subject matter jurisdiction. Factual attacks challenge the

very existence of subject matter jurisdiction and the court may consider testimony, affidavits and other outside matters. *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997).

3.02    A review of plaintiff's complaint now before the court will demonstrate that it is based upon matters which plaintiff could have been litigated and that were judicially determined against him. Accordingly, *res judicata* bars relitigation of these claims. Plaintiff is attempting to relitigate his first lawsuit, the counterclaim and further, his second lawsuit filed in state district court. The instant action in federal court is barred.

3.03    Res judicata.[1] *Res judicata*, sometimes referred to as claim preclusion,

. . . prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit.

*****

. . . The policies behind the doctrine [of res judicata] reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery.

*Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628-29 (Tex. 1992). Texas law on *res judicata*, and federal law are "strikingly similar." *Flippin v. Wilson State Bank*, 780 S.W.2d 457, 459 (Tex. App. Amarillo 1989, *writ denied*). Additionally, under the *Erie* doctrine, federal court must apply state law to state issues. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).

3.04    Elements of *res judicata*. Under federal law, a party asserting that a second lawsuit is barred by the doctrine of res judicata must prove four elements:

---

[1] *Res judicata* (claim preclusion) should not be confused with the related but less expansive doctrine of collateral estoppel (issue preclusion). To be sure, lawyers and courts often do confuse the two. *See, e.g.*, examples of such confusion noted in *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628, fn. 2 (Tex. 1992).

(1) the parties must be identical in both suits;
(2) the prior judgment must have been rendered by a court of competent jurisdiction;
(3) there must have been a final judgment on the merits; and
(4) the same causes of action must be involved in both cases.

*Intelogic Trace, Inc. v. Ernst & Young, LLP*, 200-F.3d 382, 386 (5th Cir. 2000); *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 559 (5th Cir.1983)(en banc).[2] As will be further shown below, all four elements of federal *res judicata* are present in the instant case, and the doctrine precludes relitigation of plaintiff's claims.

3.05    The parties are identical.    Plaintiff and defendants, Eleanor Carte and the Estate of A.C. Carte, by and through its Independent Executrix, Celeste Bowman were parties to plaintiff's first lawsuit that was dismissed and redismissed on appeal; and parties to Eleanor Carte and the Estate of A.C. Carte, by and through its Independent Executrix, Celeste Bowman's counterclaim that was taken to judgment. They are also parties to plaintiff's second suit. Accordingly, the first element of *res judicata* is present.

3.06    The prior judgments were rendered by courts of competent jurisdiction. It is also beyond dispute that the judgments in the first suit and counterclaim suit were rendered (and redismissed by an appellate court as to the first suit) by courts of competent jurisdiction. The second element of *res judicata* is present.

3.07    Such competent courts rendered final judgments on the merits. As Exhibits C, E and H all demonstrate, plaintiff's case was dismissed, the appeal of this dismissal dismissed at the appellate court level, and Eleanor Carte and the Estate of A.C. Carte, by and through its Independent

---

[2]Under the Texas formulation, a party asserting *res judicata* must show that (1) a court of competent jurisdiction rendered a final judgment on the merits in the first suit; (2) the parties in the first suit are the same as those in the subsequent suit; (3) the subsequent suit is based on the same claims that were raised, or that with diligence could have been raised, in the first suit. *Arnstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652-53 (Tex. 1996). While it rearranges the elements and expresses them as three elements rather than four, the Texas test is the same as the Fifth circuit approach now that both Texas and the Fifth Circuit have adopted the transactional approach to determine exactly what claims constitute "the same causes of action."

Executrix, Celeste Bowman's counterclaim taken to final judgment on August 17, 2001. Accordingly, all of the parties claims in question, were adjudicated by the state district courts for Cameron County, Texas and the 13th District Court of Appeals in Corpus Christi, Texas.

3.08    While the 13th District Court of Appeal's speedy disposition of plaintiff's appeal of his first suit, lends a greater air of finality to the coverage proceedings, the fact that plaintiff appealed the district court decision did not in any way "stay" the doctrine of *res judicata*. In the federal courts, the doctrine of *res judicata* attaches even if a judgment is under appeal, except in those circumstances -not relevant here - where appeal consists of a trial de novo. *See Prager v. El Paso Nat 'l Bank*, 417 F.2d 1111, 1112 (5th Cir.1969).    Accordingly, the third element of *res judicata* is present, and has been present since the moment the district court dismissed plaintiff's case in the first suit on April 4, 2001.

3.09    <u>The same causes of action are involved</u>.  Plaintiff's claims in this lawsuit are barred because they could have been - and in the exercise of diligence should have been - asserted in the prior action.

3.10    <u>"Transactional approach</u>."  The United States Fifth Circuit has adopted the "transactional approach" to determine when a second lawsuit is barred by the judgment rendered in a prior lawsuit.

> Under this approach, the critical issue is whether the two actions were based on the "same nucleus of operational facts." In this inquiry, we look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies ....

*Eubanks* v. *FDIC*, 977 F.2d 166, 171 (5th Cir. 1992)(interior citations omitted). Moreover,

> [s]ubstance, not technicalities, governs the application of this test.

> ****

> Under the transactional approach to *res judicata*, moreover, **the fact that some claims or theories were not adjudicated in the first suit does not preclude a *res judicata* effect**. *(emphasis ours)*. The fact that these claims or theories *could* have been brought in the [earlier] suit is controlling.

*Robinson v. National Cash Register Co.*, 808 F.2d 1119, 1124 (5th Cir. 1987).[3]

3.11    As the *Barr* court described Texas's "strikingly similar" approach, the focus is not on

the claims, causes of action or defenses that were actually asserted in the first suit, but on the "causes

of action or defenses which arise out of the same subject matter and which *might have been litigated*

in the first suit." 837 S.W.2d at 630-31. As the Restatement phrases the matter,

> . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

> What fact grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24(1),(2).

3.12    <u>The allegations of the plaintiff's two previous suits</u>. As is readily demonstrated from

the attached Exhibits A and J, and the instant lawsuit of plaintiff, they all stem from the common

transaction, one contract for deed that was entered into between plaintiff and Eleanor and A.C. Carte

on February 13, 1987. The common allegations are that A.C. and Eleanor Carte explained what

each clause meant and plaintiff accepted their contract with their explanations. Plaintiff further

claimed he faithfully paid on the property, but yet claimed he was defrauded into thinking that

option money would apply to the sale price and that interest would be 10% simple interest. Plaintiff

---

[3]Robinson's holding on an unrelated point (test for imposition of Rule 11 sanctions) was later abrogated by the Fifth Circuit sitting *en banc* in *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866 (5th Cir. 1988). *Robinson's* teaching on *res judicata* remains good Fifth Circuit law.

further alleged A.C. and Eleanor Carte falsely promised to honor and wait for 60 days before writing

a foreclosure letter; and that they never provided him an accounting or amortization schedule.   His

suits against these two individuals sought a declaratory judgment.   He also sought damages for

breach of contract; sought reformation of the contract for deed; sought damages for common law

statutory fraud; and sought specific performance under the contract for deed and recovery of

attorney's fees, although he was unrepresented. *See the attached Exhibits "A" and "J," which are*

*both incorporated herein by reference.*   In fact, plaintiff's lawsuit against counsel is repackaged and

makes a vail attempt at pleading a cause of action, where no duty is owed to him and no such *state*

*action* under federal civil rights law exists.   Plaintiff filed such claims in his second suit and now,

in the instant suit before this court.   Any further allegations, have been, and with the exercise of

diligence could have been, advanced in the first, second and now, third suits.   Accordingly,

defendants are entitled to 12(b) relief.

  3.13 At the end of the day, all of the alleged causes of action arise out of the "same

nucleus of operational facts," *Eubank*, 977 F.2d at 171, that fueled the first, second and third suits.

All actions speak to the same contract for deed, and the same underlying incident, the alleged

fraudulent acts of Eleanor and A.C. Carte. This instant case, pertains to the "same subject matter[,]

which might have been litigated in the first, second and third suits." *Barr*, 837 S.W.2d at 630-31. The

claim arises out of "all or any part of the transaction, or series of connected transactions, out of

which the [previous] actions arose." Restatement, § 24(1). Compared to the "previous" allegations

of Mr. Roberts, the "new" allegations are "related in time, space, origin, or motivation, [] form a

convenient trial unit, and [] their treatment as a unit conforms to the parties' expectations or business

understanding or usage." Restatement, § 24(2).

3.14    Nor can plaintiff complain that he did not have an opportunity to explore "additional" claims, if he even has any, "in the exercise of diligence." Quite the contrary, he did and has. In his first suit, the case had been on file for several months. Plaintiff propounded requests for disclosures and admissions, which were timely responded to. His petition in the first suit was never amended and he never sought to depose anyone. Yet in his second suit, it has been on file now for over 2 years. During the course of this time, plaintiff has never amended his original petition, never propounded a single discovery request to defendants, and never sought to depose a single witness. *See the attached Exhibit "L," which is the affidavit of Javier Gonzalez, incorporated herein by reference.* Plainly, plaintiff's claim is barred by *res judicata* and this court lacks jurisdiction over the subject matter.

## IV.

### NO STATE ACTION TO INVOKE COURT'S JURISDICTION OR TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

4.01    Defendants would further show they are entitled to relief under Federal Rule of Civil Procedure 12(b)(1) and (6) on a dual basis, as plaintiff's claims under federal civil rights laws do not arise from "state action" and so, grant this court no jurisdiction over this matter and leaves absent a critical element of a claim upon which relief could, arguably, be granted. More so, the claims against defense counsel are so nebulous, and couched in "gray areas" of "violations of constitutional guarantees of the United States Constitution and the Constitution of the State of Texas" and "violations of the Texas State Bar Rules for Attorneys," that they fail to state a cause of action or show a duty owed to plaintiff by counsel.

4.02    Eleanor Carte and Javier González have no official function or duty with respect to

49802:1080279.2:031704                          -12-

the manner in which the state courts held against the plaintiff. Under "color of law," it requires state action. *See 42 U.S.C. §1983, et seq.*

4.03    State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982); see also *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978). In our case, there are and have only been, private individuals involved.

4.04    Although private actors can fall within "state action," and be held liable under 42 U.S.C. § 1983, they must act in "concert" with a state actor. The case of *Dennis v. Sparks*, 449 U.S. 24 (1980) held that private persons, jointly engaged with state officials in a challenged action, are acting "under color" of law for purposes of § 1983 actions. But it is not to be automatically assumed that a victorious defendant in a previous case at the state level, equals the notion that such defendant "conspired" with the judge or court system to deprive anyone of their rights. Merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge, or for that matter, a "state actor." *See Dennis, Id. at 28; see also Spencer v. Steinman, 968 F.Supp. 1011 (E.D. Pa. 1997) (holding attorney alleged to have special relationship with the state court judge, failed to state a cause of action for conspiracy to violate § 1983).*

4.05    Here, Carte and Gonzalez are private individuals and mere utilization of the state court system, does not elevate their status to "state actors." *See Dennis, Id. at 28*. In fact, conclusory allegations, such as those of the plaintiff, of a conspiracy, are insufficient to establish an attorney's

involvement in such an alleged conspiracy, such that he or she can be held liable under § 1983. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Consequently, this court lacks subject matter jurisdiction over plaintiff's cause of action for § 1983 and plaintiff's claims, fail to state a cause of action upon which relief may be granted.

## V.

## IMPROPER VENUE

5.01    Plaintiff further attempts to have this court exercise improper jurisdiction in a matter in which all parties are citizens of the same state and no federal question is set out in plaintiff's pleadings.

5.02    A motion brought pursuant to Rule 12(b)(3) may be considered without accepting the pleadings as true and the court may consider facts outside the pleadings. *Kukje Hwajae Ins. Co.* v. *M/V Hyundai Liberty*, 294 F.3d 1 171, 1174 (9th Cir. 2002). The exhibits attached to this motion may be considered by the court in determining that no diversity exists; that no federal question is factually present; and there is no other basis for asserting venue in federal court. Most, if not all, of the exhibits are public record and may be referred to in deciding a motion to dismiss under Rule 12(b)(6). *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). Such consideration leads to one conclusion, venue is improper for lack of diversity and federal question.

## VI.

## ALTERNATIVELY, ABATEMENT WARRANTED

6.01    Alternatively, abstention by the federal court, may be decided, to defer issues raised in factual allegations, to a state court, since plaintiff's invocation of the judicial branch was in state court. Abstention is appropriate also, since plaintiff's second suit is before the 357th Judicial District

Court of Cameron County, Texas. *See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987)*. Under

principles of comity, courts can abstain under *Younger* abstention doctrine for exhaustion of Texas

courts. *See Pennzoil Co., Id. at 10; Younger v. Harris*, 401 U.S. 37 (1971); and *Colorado River*

*Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

## VII.

## CONCLUSION

7.01    Plaintiff's claims are barred under *res judicata*. The court lacks subject matter

jurisdiction. Likewise, plaintiff fails to state a claim against defendants under 42 U.S.C. § 1983, *et*

*seq.*, because there is no "state action" or even, the appearance of such.

7.02    Additionally, no diversity exists amongst the parties, and so venue improper.

Defendants are therefore, entitled to relief under 12(b)(1)(3) and (6). In the alternative, the court

should abate the proceedings under principles of comity, and defer to previous state invocation.

7.03    Defendants incorporate the attached exhibits by reference and request consideration

of each for the purposes of this motion to dismiss under Rule 12(b)(1)(3) and(6). Defendants move

for dismissal of plaintiff's complaint pursuant to such.

**WHEREFORE, PREMISES CONSIDERED, ELEANOR CARTE** and **JAVIER**

**GONZÁLEZ (Misnamed As "Javier Gonzales"),** Defendants pray that this Court upon

consideration of their Motion for Summary Judgment, grant the motion to dismiss pursuant to FRCP

12(b); dismiss plaintiff's complaint; and further grant defendants any and all relief to which they

may show themselves justly entitled.

49802:1080279.2:031704                    -15-

Respectfully submitted,

By: _____

Javier González
State Bar of Texas No. 00787561
Federal ID No. 19712
James H. Hunter, Jr.
State Bar of Texas No. 00784311
Federal ID No. 15703
Attorneys in Charge for
Defendants, **ELEANOR CARTE** and
**JAVIER GONZALEZ (Misnamed As
"Javier Gonzales")**

OF COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS L.L.P.**
55 Cove Circle
P.O. Box 3509
Brownsville, Texas 78523-3509
Telephone:    (956) 542-4377
Facsimile:    (956) 542-4370

## CERTIFICATE OF CONFERENCE

I certify that on this _____ day of March, 2004, pursuant to Local Rule 7.1.D, there is no necessity to confer with all counsel on this motion or determine their agreement to the disposition of this motion.

_____
**Javier Gonzalez**

49802:1080279.2:031704                    -16-

## CERTIFICATE OF SERVICE

I certify that on the ___ day of **March, 2004,** a true and correct copy of the foregoing **Defendants' Motion to Dismiss Pursuant to FRCP 12(b),** was delivered via **Regular U.S. Mail,** to all counsel of record, as follows:

Hon. William F. Kimball
Attorney at Law
312 East Van Buren Avenue
Harlingen, Texas 78550-6832

Hon. Alberto Garcia
Law Offices of Alberto Garcia
519 S. Commerce
Harlingen, Texas 78550

Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

# EXHIBIT "A"

FILED AT ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 18 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2000-09-3842-c

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, PLAINTIFF | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE | § | |
| AC CARTE | § | CAMERON COUNTY, TEXAS |
| | § | |
| DEFENDANTS | § | |

*************************************************************************

## ORIGINAL PETITION

To The Honorable Judge of Said Court:

Comes now, John Ocie Roberts, Plaintiff herein, and files this his ORIGINAL PETITION in the above styled and numbered cause and brings the motion pursuant to the Declaratory Judgment Act §37.001 ET seq of the Civil Practice and Remedies Code, and for his grounds would show the court the following:

I.

### Jurisdiction and Venue

Jurisdiction is proper in this Court in that it is for determination of title to land, as the ultimate result of this litigation therefore; this court holds the exclusive jurisdiction.

Venue is proper in this court in that the land is situated in this county.

II.

### Parties

Plaintiff, John Roberts, is an individual residing in this county.

Defendant, Eleanor Carte, is an individual residing in Nueces County, and may be served with service of citation at:

1726 2nd St.

Corpus Christi, Texas 78404

Defendant, A C Carte, is an individual residing in the County of Nueces, State of Texas and may be served with citation at: *No Need For Service At This Time*

## III.
## THE PROPERTY

This case should be treated as a level 3 (three) according to the discovery rules in Rules 190, et seq. of the Texas Rules of Civil Procedure.

The subject matter of this lawsuit is a tract of land situated in Cameron County, Texas and shall be hereinafter referred to as the "Property". Said property is the following:

### ABSTRACT 10 MINN-TEX BLK 80 40 ACRES

Incident to the property, is a contract for the sale/purchase of the property. It is a contract signed by the parties to this lawsuit. (Exhibit A is a true and correct copy of the contract and is incorporated by reference as if fully copied herein.) Said instrument shall hereinafter be referred to as "contract".

## IV.
## FACTS

On or about the 15th day of January, 1984, parties entered into negotiations for the sale and purchase of the property. Defendants Eleanor Carte and A C Carte and Plaintiff, Buyer had paid on options on the property to be applied later to the sales price. A C Carte and Eleanor Carte were the sellers and Plaintiff, John Ocie Roberts, was the buyer. The sellers' offers were reduced to writing as a proposed contract. The Defendants/Sellers explained what each clause meant and Plaintiff/Buyer accepted their contract with their explanations. The contract was signed on or about the 13th of February 1987. Defendants claimed they were the owners of the property and would deliver a free and clear general warranty deed. Plaintiff intended to make it his residence as soon as property was paid for.

Plaintiff began to make payments in reliance of Defendant's promises as stated in the contract and explained by Defendants/Sellers. Plaintiff also began to make improvements.

Defendants informed Plaintiff that the terms of the contract were very liberal in that land was difficult to sell at that period of time. In the latter part of the 1980's, land prices were totally deflated. Plaintiff was induced to buys in that the interest was a simple 10 %; he could actually be late up to three months and the Defendants would not foreclose; and the price being offered of almost $1,950.00 per acre, was a very low price for the area. He was also told that part of the money he paid for this option to buy would be applied for the contract. Therefore, he bought the property. He has faithfully paid on the property.

Defendants have called Plaintiff to inform him that he has been late on his payment. Plaintiff then and there invoked his right under the contract. However, the check that Plaintiff sent Defendant has not been cashed. This check would have placed him within the 60-day period as stated in the contract.

Plaintiff has also requested an accounting and an amortization schedule. Defendants have refused to comply with such a request. Plaintiff then went to speak to Seller/Defendant, A C Carte only to find out

that Defendant Carte was selling his portion to Defendant Eleanor Carte. He stated that there was not going to be a judicial foreclosure as he had envisioned in that Defendant Eleanor Carte was now the full owner.

Plaintiff alleges that Defendants are defrauding him for their internal contracts. Plaintiff contracted with Defendant A C Carte, yet Carte is apparently no longer an owner. He has apparently sold his portion.

Plaintiff has been informed of a payment plan that he is to follow. Under the plan he is now being informed, it is a negative interest plan. This means that the more he pays, the more money he owes in that his payment does not cover the interest being charged under the contract. That is not what he was told when he was buying the property. And now he is told that even 10 (ten) or 20 (twenty) years from now, if he is delinquent of over 60 days, the Defendants/Sellers may keep the property.

The Plaintiff has learned that the property overpriced by double of the value of the land. He was told he would only get a judicial foreclosure if necessary as if this document were a deed of trust.

All this has been to Plaintiff's damage.

## V.

Plaintiff has met all conditions precedent.

## VI.
### CAUSES OF ACTION

Plaintiff brings this action pursuant to Section 37.001 et seq. of the Texas Civil Practice and Remedies Code, the Declaratory Judgments Act. This is needed in that Plaintiff's rights are based on a contract, which is either deficient or fraudulent.

All the acts of Defendants are willful, intentional, knowing and unconscionable. Plaintiff has asked for an accounting and an amortization schedule.

Plaintiff brings his actions on breach of contract, reformation of the contract, specific performance and fraud, both common law and pursuant to Section 27.01 of the Texas Business and Commerce Code.

Plaintiff alleges that Defendants have given Plaintiff an illusory contract or else, the court should reform the contract so as to be enforceable according to the representations of Defendants.

Plaintiff's claim for statutory fraud is based on a false representation made by the defendants. Plaintiff would show the court;

1. A binding, valid contract to sell real estate exists if reformed.
2. The defendant made a false representation of a past or existing material fact. I.e. Defendants stated that some of the option money would apply. Also, the value of the property was exaggerated, and the interest to be 10% simple.

3. The representation was made to the plaintiff for the purpose of inducing the plaintiff to enter into the contract.
4. The plaintiff relied on the defendants' representation in entering into the contract.
5. The plaintiff was injured as result and incurred damages, which includes actual, special and exemplary damages, along with attorney's fees and costs.

Also, plaintiff's claims for statutory fraud is based on the defendant's false promise to act. Plaintiff would show the court the following:

1. A binding, valid contract to sell real estate exists; if reformed.
2. The defendant made a false promise to do an act; they would honor 60-day wait before writing a foreclosure letter.
3. The defendant's promise was material.
4. The defendants made the promise with the intention of not fulfilling it.
5. The defendant made the promise to the plaintiff for the purpose of inducing the plaintiff to enter into the contract.
6. The plaintiff relied on the defendant's promise in entering into the contract.
7. The plaintiff was injured as result and incurred damages, which may include actual, special and exemplary damages, along with attorney's fees and costs.

## VII.
## DAMAGES

Plaintiff has suffered damages in that he is paying into a totally illusory contract if Defendants' demands are met. Plaintiff has significantly improved the property.

Due to Defendant's conduct, being willful, intentional, and knowing, and due to such careless disregard for the rights of others, Plaintiff alleges exemplary damages should be imposed.

The amount of actual damages is no less than $150,000.00. Exemplary damages should be three times that amount.

## VIII.
## JURY REQUEST

Plaintiff demands a trial by jury and the fees have been paid.

## IX.

## <u>ATTORNEY FEES</u>

Plaintiff hereby requests attorney fees in that attorney fees are authorized by Sec. 38.001 et seq. of the Texas Civil Practice and Remedies Code and the Texas Business and Commerce Code §27.001.

Plaintiff, John Ocie Roberts, prays that Defendants Eleanor Carte and A C Carte be cited to appear and file an answer herein. That upon final adjudication, that the contract be reformed to include a clarification of 10% simple interest on the full amount; that an accounting be given to Plaintiff; that an amortization schedule be given to Plaintiff; that actual damage be awarded to Plaintiff; that post judgment interest be awarded to Plaintiff; that exemplary damages be awarded to Plaintiff; that the transaction be declared an attempted fraud on Plaintiff by Defendants; that attorney fees be awarded to Plaintiff; that Plaintiff be awarded any other relief at law or in equity, as he may show himself justly entitled to receive.

Respectfully Submitted,

John Ocie Roberts
1726 N. Commerce
Harlingen, Texas 78550
956-797-0027



FILED __ O'CLOCK __ A __ M
AURORA DE LA GARZA DIST. CLERK

SEP 18 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2000-09-3842-C

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, PLAINTIFF | § | IN THE DISTRICT COURT |
| VS. | § | |
| ELEANOR CARTE | § | JUDICIAL DISTRICT |
| AC CARTE | § | |
| DEFENDANTS | § | CAMERON COUNTY, TEXAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VERIFICATION

STATE OF TEXAS§
COUNTY OF CAMERON§

Before me, the undersigned Notary Public, on this day personally appeared John Ocie Roberts who being

by me duly sworn on his oath deposed and said that he is the above-entitled and numbered cause; that he

has read the above and foregoing ORIGINAL PETITION and that every statement contained in it is within

his personal knowledge and is true and correct.

_____
John Ocie Roberts

SUBSCRIBED AND SWORN TO BEFORE ME on 17th of Sept_____, 2000, to certify which

witness my hand and official seal.

JULIE A. BARNETT
Notary Public, State of Texas
My Commission Expires
December 22, 2002

_____
Notary Public

_____
Julie A. Barnett
Typed Name

Notary Public in and for Cameron County, Texas.

# THE STATE OF TEXAS,

COUNTY OF CAMERON

This agreement between A.G. CARTE AND WIFE, ELEANOR CARTE, of the County of CAMERON, hereinafter called "Seller" and JOHN ROBERTS of the County of CAMERON hereinafter called "Purchaser", WITNESSETH:

1. That Purchaser has agreed, and does hereby agree, to take by conveyance from Seller a certain tract or parcel of land situated in CAMERON County, Texas, and described as follows:

APPROXIMATELY FORTY (40) ACRES OF LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM AURORA LONGORIA TO ELEANOR HUMPHRIES AND FILED OF RECORD ON SEPTEMBER 1, 1961, AND THAT LAND DESCRIBED IN THAT CERTAIN WARANTY DEED EXECUTED BY ANTONIAS SANCHEZ AND PEDRO VITE SANCHEZ TO ELEANOR HENDRICKS, SAME BEING FILED OF RECORD IN VOLUME 1532, PAGE 742, DEED RECORDS OF CAMERON COUNTY, TEXAS.

The indebtedness (principal and/or interest) evidenced herein may be pre-paid, from time-to-time, without penalty.

Remaining balance, principal and interest shall be due and payable fifteen (15) years from date hereof.

2. That the Purchaser agrees to pay to the Seller, and the Seller agrees to receive as payment, for tract or parcel of land the sum of 74,000 Dollars, to be paid as follows:
(Describe fully the terms of payment, rate of interest)

$600 PER MONTH AT 10% INTEREST. COMPREHENSIVE AND GENERAL, PUBLIC LIABILITY INSURANCE. THE LIMITS OF SUCH INSURANCE SHALL BE AGREED UPON BY AND BETWEEN SELLER AND PURCHASER. PROPERTY DAMAGE INSURANCE IN AN AMOUNT NOT LESS THAN ONE HUNDRED (100%) PERCENT OF THE FULL INSURABLE VALUE OF THE PREMISES.

3. That the Purchaser agrees to pay any and all taxes that may be hereafter levied on the aforesaid tract or parcel of land, before the same shall become delinquent.

4. That if any default shall be made in the payment of any of the said installments as herein provided, and if such default shall continue for sixty (60) days, then, after the lapse of said period of sixty (60) days, all payments previously paid shall, at the option of the Seller, without any notice or demand, be and become forfeited, irrevocably, and be retained by the Seller as liquidated damages, and, thereupon, this agreement shall determine, and be of no further force or effect, and Purchaser shall surrender possession to Seller and Seller shall have the right to re-enter and take full possession of such property to the complete exclusion of Purchaser.

5. That upon the purchase price being fully paid, according to the terms, provisions, and conditions of this agreement, the Seller shall convey, by warranty deed to the Purchaser, the said tract or parcel of land, in fee simple, free from any and all encumbrances that are not herein assumed by Purchaser.

This agreement shall apply to and bind the heirs, executors, administrators, and assigns of the respective parties.

Witness our hands this feb 13 day of A.D. 19 87

WITNESSES:

_____                A.G. CARTE                    SELLER

_____                ELEANOR CARTE                 Seller

_____                JOHN ROBERTS                  Purchaser

NOTE: If this instrument is to be recorded it must be acknowledged by both parties to the contract.

EXHIBIT
A

TH   STATE OF TEXAS,

County of....NUECES....

....Notary Public....

BEFORE ME, Pat Brumley

...in and for said County and State,

on this day personally appeared.....A. C. Carto  and Eleanor Carte

...known to me

to be the person....whose name....BY subscribed to the foregoing instrument, and acknowledged to me that....the

executed the same for the purposes and consideration therein expressed

GIVEN under my hand and seal of office, this....13th....day of.....February....19..87.

Pat Brumley

Notary Public, State of Texas

Printed Name:  Pat Brumley

My commission expires 10-31-87

# THE STATE OF TEXAS,

County of.....NUECES....

....Notary Public....

BEFORE ME, Pat Brumley

...in and for said County and State,

on this day personally appeared.....John Roberts....

...known to me

to be the person....whose name.....is....subscribed to the foregoing instrument, and acknowledged to me that.....he

executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office, this....13th....day of.....February....19..87.

Pat Brumley

Notary Public, State of Texas

Printed Name:  Pat Brumley

My commission expires 10-31-87

# THE STATE OF TEXAS

COUNTY OF....NUECES....

....Notary Public....

BEFORE ME,

...in and for said County and State, on

this day personally appeared....

...known to me to be the person

whose name is subscribed to the foregoing instrument, and acknowledged to me that....he....executed the same as the act and deed

of....

...of....

...Texas, and as the

...thereof and for the purposes and consideration therein expressed.

Given under my hand and seal of office, this....day of....

...19....

# THE STATE OF TEXAS.

County of....

Clerk of the County Court of said County, do hereby certify that the above instrument of writing, dated on the....

day of....

19....with its Certificate of Authentication, was filed for record in my office, the....

day of....

19....at....o'clock....M, and duly recorded the....day of....

19....at....o'clock....M, in the....records of said County, in Volume....on page....

WITNESS my hand and the seal of the County Court of said County, at office in....

the day and year last above written.

...Clerk

County Court....County, Texas.

By....Deputy

CONTRACT
FOR SALE OF REAL ESTATE:
DEED AFTER FULL PAYMENT

TO

Filed for record....day

...A. D. 19....

...o'clock....M.

Recorded....A. D. 19....

County Clerk,
Deputy.

....County Record

...Book

...Page

County Clerk,
Deputy.

By

RECORDING FEE $
This Contract should be immediately Filed with the County Clerk for Record

# EXHIBIT "B"

ED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

OCT 2 0 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DAHLILA AHUMADA DEPUTY

CAUSE NO. 2000-09-3842-C

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE and AC CARTE | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ELEANOR CARTE and AC CARTE**, Defendants in the above-entitled

civil action and file this their Original Answer to Plaintiff's, John Ocie Roberts Original Petition and

also file their Original Counterclaim and would show the Court more fully as follows:

## I.

### GENERAL DENIAL

Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil

Procedure and respectfully request that Plaintiff be required to prove the charges and allegations

made against these Defendants by a preponderance of the credible evidence as required by the

Constitution and the laws of the State of Texas.

## II.

### AFFIRMATIVE DEFENSE

### LIMITATIONS

Without waiving the foregoing general denial, but still insisting upon the same, for further

answer herein, if any be necessary, Defendants would show that any contractual and tort causes of

action are barred by the applicable statute of limitations.

48255:941383.1:102000

**FILE COPY**

## III.

## ORIGINAL COUNTERCLAIM

COMES NOW, **ELEANOR CARTE and AC CARTE**, Defendants and now Counter-Plaintiffs complaining of Plaintiff and now Counter-Defendant, John Ocie Roberts and herein plead causes of action for the following:

A.    **Breach of Contract**

Counter-Plaintiffs herein bring a cause of action for breach of contract against Counter-Defendant.

B.    **Petition for Judicial Foreclosure**

On or about February 13, 1987, the Counter-Defendant entered into a Contract for Deed with Counter-Plaintiffs wherein they would sell the property to him at a purchase price of $78,000 over a 15 year period with simple interest accruing at 10% per year. The Contract for Deed attached as *Exhibit "A"* to Plaintiff's Original Petition and incorporated herein by reference, provided for $500 monthly payments from Counter-Defendant and he agreeing to pay for Comprehensive and General, Public Liability insurance and Property Damage insurance and to pay all ad valorem taxes on the property throughout this 15 year period. Monthly payments were to begin on April 10, 1997 and thereafter in installments of $500 payable on the 10th day of each month. The Contract for Deed further provides that non-payment of an installment payment is considered a default and if it continues for 60 days, then thereafter the property automatically reverts back to Counter-Plaintiff/Sellers with the right of Counter-Plaintiffs to re-enter and take full possession of said property.

Prior to this time, an Option to Purchase was also entered into between Counter-Plaintiffs and Counter-Defendant on or about March 21, 1984 for a term of one year, wherein Counter-Defendant was to pay the sum of $2,000 for an option to purchase the property the subject of this suit at a purchase price of $78,000. The option attached hereto as *Exhibit "A"* and incorporated herein by reference, further provided that in the event Counter-Plaintiffs financed the property, then it would be at the rate of 10.5% per annum with a right of a one year renewal at the end of the Option to Purchase at the same price of $2,000. Counter-Defendant was to pay under this option, monthly payments of $350 and in turn would be granted the right of occupancy and use of the property. This option was with the agreement that Counter-Defendant was to properly insure the property and taxes being pro rated amongst the parties. In the event Counter-Defendant exercised the option or at the end of the Contract for Deed, paid the purchase price, then he was to be conveyed title to the property in fee simple.

The property the subject of this suit is located in Cameron County, Texas and is described as follows:

> APPROXIMATELY FORTY (40) ACRES OF LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM AURORA LONGORIA TO ELEANOR HUMPHRIES AND FILED OF RECORD ON SEPTEMBER 1, 1961, AND THAT LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED EXECUTED BY ANTONIAS SANCHEZ AND PEDRO VITE SANCHEZ TO ELEANOR HENDRICKS, SAME BEING FILED OF RECORD IN VOLUME 1232, PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.

Counter-Defendant is in default of the Contract for Deed and was for the Option to Purchase in the following respects:

1.   Counter-Defendant did not timely pay his monthly payments under the Option to Purchase;

2.   Counter-Defendant did not timely pay his installment payments under the Contract for Deed and such default continued for 60 days, so that Counter-Plaintiffs are entitled to automatic reverting of the property in question back to them to the complete exclusion of Counter-Defendant;

3.   Counter-Defendant failed to properly insure the real property pursuant to the Contract for Deed agreement; and

4.   Counter-Defendant failed to pay the real estate taxes on the property.

Counter-Defendant was given notice of these deficiencies in the form of correspondence from Counter-Plaintiffs' counsel; individually; and through taxing entity litigation to recover property taxes. True and correct copies of the correspondence and judgment are collectively marked as *Exhibit "B"* and incorporated herein by reference as if set forth fully at length herein. The above defaults were not remedied by Counter-Defendant in accordance with the Plaintiffs' demand and Counter-Plaintiffs herein seek judicial foreclosure on the property; that it be sold; and that Counter-Plaintiffs be allowed to retain previous payments made by Counter-Defendant as liquidated damages.

Counter-Plaintiffs seek recovery of their past unpaid monthly payments as well as partial unpaid taxes for 1990 through 1997 and full taxes for 1998 through the present. Furthermore, Counter-Plaintiffs seek recovery of their interest on any unpaid installment payments under the Contract for Deed at the rate of 10% per annum.

C.   **Declaratory Judgment Action**

Counter-Plaintiffs further seek to have this Court determine the rights and obligations of the parties to the Contract for Deed made the basis of this lawsuit and marked as *Exhibit "A"* to

Plaintiff's Original Petition and specifically would ask the Court for the following declarations, among others:

    1.      Counter-Defendant is in default under the Contract for Deed;

    2.      Said default was not remedied;

    3.      Counter-Plaintiffs have suffered damages and are entitled to any past installment payments of Counter-Defendant as liquidated damages;

    4.      Counter-Defendant breached a contract entered into with Counter-Plaintiffs; and

    5.      Counter-Plaintiffs shall have the real property in interest reverted back to them for their exclusive use and possession and the right to re-enter and take possession of the property to the exclusion of Counter-Defendant and any subtenants.

## IV.

### ATTORNEY'S FEES

Because of Plaintiff/Counter-Defendant's acts or omissions, Defendants/Counter-Plaintiffs were forced to retain attorneys, Royston, Rayzor, Vickery & Williams, L.L.P. Defendants/Counter-Plaintiffs would show that their attorneys' services are reasonable and necessary, and a recovery of attorneys fees pursuant to the Texas Civil Practice & Remedies Code, Declaratory Judgment Act, and contract theories, would be fair and just and that all conditions precedent for such a recovery have been met.

**WHEREFORE, PREMISES CONSIDERED, ELEANOR CARTE and AC CARTE,** Defendants/Counter-Plaintiffs pray that this Court upon consideration of their Original Answer and Counterclaim, order that Plaintiff's claims be dismissed in their entirety with prejudice, with Plaintiff taking nothing and costs be taxed against him; that Counter-Defendant be cited to appear and answer, and that on final trial the Counter-Plaintiffs have the following:

1.      The unpaid principal balance due to the Counter-Plaintiffs with pre-judgment simple interest at the rate of 10% per annum from the date of the default until judgment;

2.      the recovery of unpaid ad valorem taxes on the property the subject of this suit;

3.      reasonable and necessary attorney's fees;

4.      pre-judgment and post-judgment interest as provided by law from the date of the breach until the date of judgment being paid;

5.      costs of suit;

6.      establishment and foreclosure of the sellers' lien securing the counter-defendant's obligations, and for order of sale; and

7.      such other and further relief to which Defendants/Counter-Plaintiffs may be justly entitled.


                                Respectfully submitted,


                                _____
                                Keith N. Uhles
                                Texas State Bar No. 20371100
                                Cameron County ID No. 3609
                                Javier González
                                Texas State Bar No. 00787561
                                Cameron County ID No. 3614
                                Attorneys for Defendants/Counter-Plaintiffs,
                                **ELEANOR CARTE and AC CARTE**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, TX  78523-3509
Tel:  (956) 542-4377
Fax:  (956) 542-4370


48255:941383.1:102000                          -6-

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing, **Defendants' Original Answer and Counterclaim** has been forwarded to the opposing *pro se* party, via **U. S. MAIL** and **Certified Mail, RRR** on the 20th day of **October, 2000**:

John Ocie Roberts
1726 N. Commerce
Harlingen, Texas 78550

Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

48255:941383.1:102000                          -7-

## OPTION TO PURCHASE

Agreement made by and between Eleanor Carte, the former Eleanor Hendricks, and the former Eleanor Humphries, and Husband, A.C. Carte, hereinafter referred to as Seller, and John Roberts, hereinafter referred to as Purchaser.

WHEREAS, Purchaser desires to acquire certain properties owned by Seller, and Seller desires to sale to Purchaser such property; and,

WHEREAS, the exact terms and conditions of such conveyance have not been agreed upon by and between Seller and Purchaser.

IT IS THEREFORE AGREED:

1.    For and in consideration of the sum of $2,000, the receipt of which is hereby acknowledged, Seller hereby grants to Purchaser the right to purchase approximately forty (40) acres of land such being more fully defined and described in that certain Warranty Deed from Aurora Longoria to Eleanor Humphries and filed of record on September 1, 1961, and that land described in that certain Warranty Deed executed by Antonias Sanchez and Pedro Vite Sanchez to Eleanor Hendricks, same being filed of record in Volume 1232, Page 743, Deed Records of Cameron County, Texas.

2.    The option granted herein may be exercised at anytime within twelve (12) months of date hereof. In the event Purchaser fails to exercise such option within the twelve (12) month period, then same shall automatically be revoked and of no force or effect. Upon expiration of this option, purchaser may tender an additional $2,000.00 to Seller and receive an additional 12 months exclusive option to purchase.

3.    The price at which the Purchaser may purchase the land within such twelve (12) month period is $78,000, and if Seller finances such purchase price, same shall be at a rate of 10.50 percent per annum. The exact terms and conditions of the purchase shall be negotiated between Seller and Purchaser at time of the exercising of the option, and Seller agrees not to be unreasonable as to such terms and conditions.

4. In addition to the option to purchase granted herein, Seller hereby grants to Purchaser the right of occupancy and use of the above described property for twelve (12) months, and Purchaser hereby agrees to pay to Seller the sum of $4,200 for the right of occupancy and use of said land.

*a.c. ex. $4200. JR.*

5. The total sum of $~~4,770~~ shall be paid in equal, consecutive monthly installments of $350 per month with the first such payment being due and payable on the __/__ day of *April*_____, 1984, and a like sum being due and payable on the same day of the next consecutive eleven (11) months thereafter. All payments by Purchaser to Seller shall be made in Nueces County, Texas.

6. At all times subsequent to taking possession of the premises, Purchaser shall, at his sole cost and expense, provide the following insurance coverages:

    A. Comprehensive and general, public liability insurance against claims for personal injury, death or property damage occurring with the connection with the use and occupancy of the premises or arising out of the improvement, repair, or alteration of the premises. The limits of such insurance shall be agreed upon by and between Seller and Purchaser.

    B. Property damage insurance in an amount not less than $100,000 for damage to property arising out of any one occurance.

    C. Insurance on any improvement upon the premises against loss or damage by fire and against loss or damage by other risk embrassed by the so called "extended coverage" in amounts at all times significant to prevent Seller or Purchaser from being a coinsured under the terms of the applicable policies, but, in any event, in an amount not less than one hundred (100%) percent of the then full insurable value of the premises.

    D. Sellers risk public liability insurance with single limits to be agreed upon by and between Seller and Purchaser.

7. Taxes shall be prorated to the date of closing.

8. Buyer will receive fee Simple Estate.

-2-

WITNESS OUR HANDS in duplicate originals on this <u>21st</u> day of March, 1984.

SELLER:

_ELEANOR CARTE_

_A.C. CARTE_

PURCHASER:

_JOHN ROBERTS_

SWORN AND SUBSCRIBED BEFORE ME, on the 21st day of March, 1984 by ELEANOR CARTE and husband, A.C. CARTE.

_Notary Public in and for Cameron County, Texas._

SWORN AND SUBSCRIBED BEFORE ME, on the 21st day of March, 1984 by JOHN ROBERTS.

_Notary Public in and for Cameron County, Texas._

THE STATE OF TEXAS I
                    I
COUNTY OF CAMERON   I

This instrument was acknowledged before me on the 21st day of March, 1984 by ELEANOR CARTE and husband, A.C. CARTE.

_Notary Public in and for Cameron County, Texas._

THE STATE OF TEXAS I
                    I
COUNTY OF CAMERON   I

This instrument was acknowledged before me on the 21st day of March, 1984 by JOHN ROBERTS.

_Notary Public in and for Cameron County, Texas._

SYLVIA PADILLA
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES 9-21-85

-3-

November 5, 1998


Mr. John Roberts:
1726 North Commerce
Harlingen, Texas 78550


Dear John:
    I am forwarding the receipts of the amounts I paid for all delinquent taxes to date. I've itemized these receipts for you. It is my understanding that I will be fully reimbursed no later than the 17th of this month without fail.


Eleanor Carte



**THOMPSON & WELSH**

ATTORNEYS AT LAW

426 s. TANCAHUA STREET

CORPUS CHRISTI, TEXAS 78401

ROBERT R. THOMPSON
N.J. WELSH, III

J. HODGE THOMPSON (1906-1981)
FAX (512) 883-0129
(512) 883-1704

December 3, 1998

Mr. John Roberts
1726 N. Commerce
Harlingen, TX 78550

Dear Mr. Roberts:

I represent Eleanor Carte in connection with her sale of forty acres to you. You recently requested that she give you a total of the money paid by you. Under the contract dated February 13, 1987, a purchase price of $78,000 is to be paid, with $500.00 monthly payments being made through the course of the contract; such payments began in April, 1987; all amounts that had not been paid would be due fifteen years from the date of the contract. Calculations made by Ben House almost immediately after the contract was signed indicated that the $500.00 monthly payments would not even be enough to pay the interest that accrued under the contract. After fifteen years, all of the principal would remain unpaid, and there would be an accrual of about $27,000.00 in unpaid interest. Some months ago, I made similar calculations, and I had similar results.

Mrs. Carte could be precise about the amounts paid by you to her, but it would require substantial work on her part. She says that she believes that, of the $500.00 monthly payments, you have paid all of them except for approximately $5,000.00.

To resolve this matter completely, Mrs. Carte would be willing to convey the property to you, outright, for a cash payment of $30,000.00, plus any taxes that she has paid. She has paid $4,371.20 in taxes, and so far, you have reimbursed her $3,700.00, which means that $671.20 in taxes is unpaid. Mrs. Carte would want this matter to be closed through a title company, and because of the reduced price she has proposed, she would expect all of the costs being paid by you.

December 3, 1998
Page 2


As you can see, the proposal represents a substantial reduction in the price to be paid for the property. Mrs. Carte is willing to convey the property to you on the terms of this letter if the sale can be closed within sixty days from the date of this letter. If not, she will expect you to abide by the terms of the 1987 contract.

Please let us hear from you at your earliest possible convenience.

Sincerely,

N. J. Welsh, III

# THOMPSON & WELSH
## ATTORNEYS AT LAW
### 426 S. TANCAHUA STREET
### CORPUS CHRISTI, TEXAS 78401

ROBERT R. THOMPSON
N. J. WELSH, III

J. HODGE THOMPSON (1906-1981)
(512) 883-1704

June 10, 1993

Mr. John Roberts
1726 N. Commercial
Harlingen, Texas 78550

Dear Mr. Roberts:

A few weeks ago, you and I talked on the telephone about resolving the matter of your purchase of property from Mrs. Carte. You had indicated that you would contemplate the matter and call me back. My understanding was that you intended to do so within about ten days. It has been about two months since we talked. If we cannot resolve this matter, then I will have to recommend that Mrs. Carte pursue other remedies.

I would appreciate hearing from you at your earliest possible convenience.

Sincerely,

N. J. Welsh, III

cc: Eleanor Carte

**BEN HOUSE, P.C.**

A PROFESSIONAL CORPORATION

ATTORNEY AT LAW

401 N. TANCAHUA

CORPUS CHRISTI, TEXAS 78401

(512) 882-7776

February 16, 1987

John Roberts
Route 2, Box 300-B
LaFeria, Texas 78559

Re:  A. C. & Eleanor Carte

Dear Mr. Roberts:

This correspondence is a follow up to our office conference last
Friday and pertains to your agreement with my clients named
above.  A contract for deed was executed in my office in which my
clients agreed to deed to you certain land in Cameron County if
you fully pay for same.

The purchase price agreed upon was $78,000.00 and such shall bear
interest at the rate of ten (10) percent per annum.  You have
agreed to pay $500.00 per month towards the purchase; however, as
I informed you in our office conference, such payment will not
even pay the interest associated with the purchased price.

There shall be $650.00 per month accumulated during the term of
this note and after fifteen (15) years, you shall owe still my
clients the original $78,000.00 and interest of $27,000.00.  My
clients will not require you to pay "interest upon interest", but
will demand at the end of fifteen (15) years, you pay to them the
sum of $105,000.00 in order to gain title to the land.

The document you signed in my office did not state the
commencement date, but all parties agreed that the first $500.00
payment shall be due and payable on April 10, 1987, and a like
installment of $500.00 shall be paid on the tenth day of each day
thereafter.

You are three (3) months in arrears in the payment of your prior
agreement and such totals $1,050.00.  My client have waived
interest on that amount, but do expect you to pay the $1,050.00
within the near future as you can so afford.

In my opinion, the contract for sale is not to your benefit, and

I strongly advise you to consult with someone in this regard. You will pay to Mr. & Mrs. Carte $6,000.00 a year, but if you failed to pay the balance of $105,000.00 at the end of fifteen (15) years, you will not receive the deed to the land and Mr. & Mrs. Carte will still own it.

In the event you seek the assistance of someone in this matter, they may contact me at their convenience and I would be glad to discuss this situation.

Very truly yours,

original sig.

BEN HOUSE

Ben House

BH/ss

cc:  A.C. & Eleanor Carte
     1726 Second Street
     Corpus Christi, Texas 78404

NO. 96-08-4064-D

LA FERIA INDEPENDENT SCHOOL DISTRICT §                          IN THE DISTRICT COURT

VS.                                      §                   103RD JUDICIAL DISTRICT

ELEANOR G. HOLLINGSWORTH, ET AL §                           CAMERON COUNTY, TEXAS

## JUDGMENT

BE IT REMEMBERED, that on the 24th day of September, 1998, came on to be heard in regular order the above numbered and entitled cause, wherein La Feria Independent School District is Plaintiff and wherein La Feria Irrigation District Cameron County Number Three and Cameron County are Impleaded Defendant Taxing Units or Intervenors; and wherein JOHN ROBERTS, who answered herein pro se and was notified of this setting, and ELEANOR HOLLINGSWORTH, who being duly served with process as required by law, failed to appear or answer herein and wholly made default, are Defendants; and

This cause coming on for trial came Plaintiff and Intervenors above named by their attorneys, and all of said parties announced ready for trial; and Plaintiff having moved the Court to dismiss from this suit any parties not named above, it was so ordered; and as to those Defendants above named who appeared and answered pro se, the Court is of the opinion and finds that Plaintiff and Intervenors should have judgment for taxes owing them and for foreclosure and Order of Sale as hereinbelow decreed; and a jury being waived, the parties submitted all matters of controversy, both of fact and of law, to the Court without the intervention of a jury, and evidence was submitted concerning the ownership and title of the land hereinafter described, and the inventory sheets, assessment rolls, and delinquent tax records of Plaintiff and Intervenors were introduced into evidence, and evidence was submitted as to the value of the hereinafter described land; and the Court having heard the pleadings, the evidence and the argument of counsel, is of the opinion and finds as follows:

There are taxes, penalties, interest and attorney's fees due, owing and unpaid to Plaintiff and Intervenors in the amounts hereinafter set out upon the hereinafter described land. Said taxes, penalties, interest and attorney's fees constitute a separate, valid and subsisting lien in favor of Plaintiff and Intervenors and on each tract of land hereinafter described to secure the payment of the taxes, penalties, interest and attorney's fees hereinafter adjudged to be due against each separate tract of land hereinafter described, which said lien is prior and superior to all claims, right, title, interest or liens asserted by any of the Parties Defendant hereto.

It is therefore ORDERED, ADJUDGED AND DECREED that there is due, owing and unpaid to Plaintiff and Intervenors in the capacity in which they sue the following amounts of taxes, penalties, interest and attorney's fees for all delinquent years upon the following described property as set out in the Schedule immediately following, together with additional penalties and interest at the rates prescribed by Subchapters A and C of Chapter 33, Property Tax Code, which accrue hereafter on all said taxes from date of judgment until paid, to wit:

## SCHEDULE

Delinquent taxes, penalties, interest and attorney's fees due for which judgment is herein rendered covering all years delinquent at the date of the judgment:

Property Description

All of Block 80, Minnesota-Texas Land and Irrigation Company Subdivision in the La Feria Grant, Cameron County, Texas.  Account Nos. 855380-0800-0100-00 & 855380-0800-0100-10

AMOUNTS DUE TO:

| | | |
|---|---|---|
| La Feria ISD | $ | 744.50 |
| La Feria ID Cameron County Number Three | $ | 2,447.57 |
| County of Cameron | $ | 731.02 |
| TOTAL TAXES DUE | $ | 3,923.09 |

ADJUDGED VALUE:    $66,306.00

It is further ORDERED, ADJUDGED AND DECREED that Plaintiff and Intervenor do have and recover judgment for all sums set out in the foregoing Schedule, together with all costs of suit and sale now or hereafter incurred, including abstract costs incurred in securing data and information as to the name, identity, and location of necessary parties and the necessary legal description of the above described property, as such abstract costs are more particularly set out in Plaintiff's Petition on file herein, in the total amount of $50.00. In the event one or more of the Defendants shall pay off and discharge all of the amounts herein adjudged to be due against one or more tracts, prior to the holding of the foreclosure sale hereinafter decreed, such Defendant shall be liable only for the pro rata part of the accrued costs properly chargeable to such tract or tracts; but the proceeds of any foreclosure sale in this cause shall be applied first to the payment of all accrued costs of suit and sale, and any residue shall be distributed pro rata to Plaintiff and Intervenors as provided by law.

It is further ORDERED, ADJUDGED AND DECREED that a lien exists against each of said lots, tracts, or parcels of land, for the amount of the taxes, penalties, interest, attorney's fees and costs herein adjudged to be due on each particular lot, tract, or parcel of land, which lien is prior and superior to all claims, right, title, interest or liens asserted by any of the Parties Defendant herein, and that Plaintiff and Intervenors have foreclosure of their liens on each of said lots, tracts or parcels of land as against all the Defendants herein or any person claiming under the said Defendants by any right acquired pending this suit; that an Order of Sale be issued by the Clerk directed to the Sheriff or any Constable of said County, commanding such officer to seize, levy upon and advertise the sale of each of said tracts of land, and sell the same to the highest bidder for cash, as under execution, provided that none of said property shall be sold to any party other than a taxing unit which is a party to this suit for less than the amount of the adjudged value of the property or the aggregate amount of the judgment against the property in said suit, whichever is lower; the said adjudged value, or reasonable fair value of the property as set by this Court is as shown on the foregoing Schedule; but if the Defendant, in person or by attorney, shall at any time before the sale file with the Sheriff or other officer in whose hands said Order of Sale shall be placed a written request that the property described herein shall be divided and sold in less tracts than the whole, together with a description of said subdivision, then such officer shall sell the land in such subdivisions as the

Defendant may request and, in such case, shall only sell as many subdivisions as necessary to satisfy this judgment, interest, attorney's fees and cost, the net proceeds of any sale of such property made hereunder to any party other than a taxing unit who is a party to this suit to be applied to satisfy the judgment and liens foreclosed herein, but any excess in the proceeds of sale over and above the amount necessary to pay the taxes due, defray the costs of suit and sale and other expenses chargeable against said property, shall be paid to the parties legally entitled to such excess; that the owner of such property, or anyone having an interest therein, or their heirs, assigns, or legal representatives, may redeem such property in the time and manner prescribed by law; that the officer executing the Order of Sale shall make proper conveyance to the purchaser or purchasers of said land, as prescribed by law, subject to such right of redemption; and that if before the expiration of the period of redemption fixed by law no person who is entitled to redeem the said property has exercised the right of redemption, then a Writ of Possession shall be issued to the purchaser at foreclosure sale or his assigns by the Clerk of this Court within twenty (20) days after recording the sheriff's/constable's deed, ordering the Sheriff or proper officers to place the purchaser or purchasers, or their heirs, executors, assigns, or administrators in possession of the property so purchased in accordance with the laws of the State of Texas.

All relief prayed for in any of the pleadings in the cause which is not specifically granted by this judgment is hereby denied.

SIGNED, APPROVED and ORDERED FILED and RECORDED this the 24 day of September, 1998.

JUDGE PRESIDING

09/28/98 COPIES AS TO:

APPROVED AS TO FORM:

Attorney for Plaintiff, La Feria Independent School District and Intervenor, La Feria Irrigation District Cameron County Number Three

FILED 7:00 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 2 5 1998

DISTRICT COURT OF CAMERON COUNTY, TEXAS

Attorney for Intervenor, Cameron County

REFUSED FOR FRAUD UNDER  UCC 3-501
UNDER RULE  FRCP 9b  UCC 3-505

Defendant, John Roberts, Pro Se

REFUSED FOR FRAUD BECAUSE OF CONVERSION, ATTEMPTED EXTORTION, COLLUSION AND A SUBSTANTIVE RIGHTS VIOLATION GUARANTEED AND PROTECTED BY THE CONSTITUTION.

# EXHIBIT "C"

CAUSE NO. 2000-09-3842-C

| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE and AC CARTE | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING TRIAL, DISMISSING CASE-IN-CHIEF
## AND SEVERING COUNTERCLAIM

On the 28th day of March, 2001, came on to be considered Plaintiff's, John Ocie Roberts Motion for Reinstatement and for Trial Setting Hearing and Counter-Plaintiffs', **ELEANOR CARTE and A C CARTE** Motion for Reinstatement and for Trial Setting of Counterclaim in the above-entitled civil action. Counter-Plaintiffs appeared by and through attorney of record, Javier González and *pro se* plaintiff, John Ocie Roberts did not appear although duly notified of Counter-Plaintiffs' Motion being set for hearing by order dated March 12, 2001 and of his own Motion to Reinstate by Order dated March 22, 2001. The Court after considering the arguments of counsel, the pleadings on file, having the *pro se* plaintiff paged over the intercom to the Court's chambers to confer with opposing counsel to obtain a mutually agreeable trial date, the evidence presented and the applicable law is of the opinion that Counter-Plaintiffs' Motion for Reinstatement and for Trial Setting of Counterclaim is granted. Accordingly, it is therefore,

**ORDERED, ADJUDGED and DECREED** that Counter-Plaintiffs' Motion for Reinstatement and for Trial Setting of Counterclaim is **GRANTED,** and that the Counterclaim is reinstated and set for trial only. It is further,

**ORDERED, ADJUDGED and DECREED** that *pro se* Plaintiff's Motion for Reinstatement and for Trial Setting Hearing is **DENIED**, although *pro se* Plaintiff having been duly notified of the hearing on his Motion and Counter-Plaintiffs' Motion by Orders dated March 22 and 12, 2001, respectively, and being called over intercom at the Cameron County Courthouse on March 28, 2001 to appear in the Court's chambers to confer with opposing counsel on an agreeable trial date and *pro se* plaintiff's failure to appear at the hearing on March 28, 2001. Accordingly, the Court dismisses plaintiff's claims for want of prosecution as advised in the Court's Order dated February 15, 2001. It is further,

**ORDERED, ADJUDGED and DECREED** that at the request of Counter-Plaintiffs' counsel, the case is taken off the jury docket and placed on the Court's bench docket, without objection made at the hearing on March 28, 2001 by the *pro se* plaintiff, and the case is hereby set for announcements on August 10, 2001 at 9:00 a.m. with a bench trial on August 13, 2001 at 9:00 a.m. in this Court. It is further,

**ORDERED, ADJUDGED and DECREED** that Counter-Plaintiffs' Counterclaim is severed from this action at the request of Counter-Plaintiffs' counsel at the hearing on March 28, 2001 and so the Counterclaim is made the subject of a separate action to be styled *Eleanor Carte vs. John Ocie Roberts* and shall have the following docket No.: _2001-05-2303-C_.

**SIGNED FOR ENTRY** this 4th day of April, 2001.

_Migdalia Lopez_
**HON. MIGDALIA LOPEZ**
**JUDGE PRESIDING**

cc:   Javier González, ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P., P. O. Box 3509, Brownsville, Texas 78523-3509
cc:   John Ocie Roberts, *pro se* Party, 1726 N. Commerce, Harlingen, Texas 78550

FILED _____ O'CLOCK ___M
AURORA DE LA GARZA DIST. CLERK
APR - 4 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS

48255:962302.1:032901       -2-

PLEASE NOTE: SEVERED CASE IN NOW NO.#2001-05-2303-C IN THE 197TH COURT STYLED ELEANOR CARTE -VS- JOHN OCIE ROBERTS PLEASE USE THIS NUMBER AND COURT DESIGNATION ON ALL FUTURE PLEADINGS AND ORDERS.   THANK-YOU

# EXHIBIT "D"

## AMENDED APPEAL SCHEDULE

### CAUSE NO. 2000-09-3842-C

**APPELLANT:**                    JOHN OCIE ROBERTS

VS.

**APPELLEES:**                    ELEANOR CARTE AND A.C. CARTE

**PRO SE:**                                **ATTORNEY FOR APPELLEE:**

**MR. JOHN OCIE ROBERTS**          **HON. JAVIER GONZALEZ**
1726 N. COMMERCE                   STATE BAR NO. 00787561
HARLINGEN, TEXAS 78550             ROYSTON, RAYZOR, VICKERY &
PHONE NO. (956) 797-0027           WILLIAMS, L.L.P.
                                   55 COVE CIRCLE
                                   BROWNSVILLE, TEXAS  78521
                                   PHONE NO. (956) 542-4377
                                   FAX NO.   (956) 542-4370

ORDER SETTING TRIAL, DISMISSING CASE-IN-CHIEF
AND SEVERING COUNTERCLAIM......................APRIL 4, 2001

ORDER DENYING DEFENDANTS' PLEA TO THE
JURISDICTION...................................._____

DEFENDANTS' MOTION FOR NEW TRIAL................_____

ORDER DENYING MOTION FOR NEW TRIAL.............._____

ORDER GRANTING MOTION FOR NEW TRIAL............._____

NOTICE OF APPEAL................................APRIL 26, 2001

AMENDED NOTICE OF APPEAL........................_____

SUPERSEDEAS BOND................................_____

REQUEST FOR FINDINGS OF FACT
AND CONCLUSIONS OF LAW FILED...................._____

# EXHIBIT "E"

COURT OF APPEALS

Thirteenth District

Corpus Christi, Texas

I, Cathy Wilborn, Clerk of the Court of Appeals, Thirteenth District of Texas, at Corpus Christi, do hereby certify that the preceding 1 page contains a true and correct copy of the judgment filed and entered in the minutes of said Court on the 19th day of July, 2001.

In Cause No. 13-01-314-CV

JOHN OCIE ROBERTS,                                          Appellant,

V.

ELENR CARTE AND A. C. CARTE,                               Appellee.

On appeal from the 197th District Court of Cameron County, Texas now on file in my office.

WITNESS MY HAND and Seal of

said Court at Corpus Christi, this

the 20th day of February, 2002.

*Cathy Will*

CATHY WILBORN, CLERK

# COURT OF APPEALS

## Thirteenth Judicial District

## Corpus Christi, Texas

Below is the JUDGMENT in the numbered cause set out herein to be Filed and Entered in the Minutes of the Court of Appeals, Thirteenth Judicial District of Texas, at Corpus Christi, as of the 19th day of July, 2001. If this Judgment does not conform to the opinion handed down by the Court in this cause, any party may file a Motion for Correction of Judgment with the Clerk of this Court.

CAUSE NO. 13-01-00314-CV                    (Tr.Ct.No. 2000-09-3842-C)

JOHN OCIE ROBERTS,                                                    Appellant,

v.

ELEANOR CARTE AND A. C. CARTE,                                      Appellees.

On appeal to this Court from Cameron County, Texas.

* * * * * * *
## J U D G M E N T

On appeal from the 197th District Court of Cameron County, Texas, from an order signed April 4, 2001. Opinion Per Curiam. Do not publish. TEX. R. APP. P. 47.3.

THIS CAUSE is before the Court on appellant's failure to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, this Court's notice, and appellant's failure to respond. The Court, having examined and fully considered the documents on file and appellant's failure to comply with the rules, is of the opinion that the appeal should be dismissed for want of prosecution. The appeal is hereby DISMISSED FOR WANT OF PROSECUTION.

Costs of the appeal are adjudged against appellant, John Ocie Roberts. It is further ordered that this decision be certified below for observance.

* * * * * *
CATHY WILBORN, CLERK



## NUMBER 13-01-314-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI

JOHN OCIE ROBERTS,                                                    Appellant,

v.

ELEANOR CARTE AND A. C. CARTE,                        Appellees.

On appeal from the 197th District Court
of Cameron County, Texas.

# O P I N I O N

### Before Justices Dorsey, Yañez, and Castillo
### Opinion Per Curiam

Appellant, JOHN OCIE ROBERTS, perfected an appeal from a judgment entered

by the 197th District Court of Cameron County, Texas, in cause number 2000-09-

3842-C.  No clerk's record has been filed due to appellant's failure to pay or make

arrangements to pay the clerk's fee for preparing the clerk's record.

If the trial court clerk fails to file the clerk's record because the appellant failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, the appellate court may dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs.  TEX. R. APP. P. 37.3(b).

On June 6, 2001, notice was given to all parties that this appeal was subject to dismissal pursuant to TEX. R. APP. P. 37.3(b).  Appellant was given ten days to explain why the cause should not be dismissed.  To date, no response has been received from appellant.

The Court, having examined and fully considered the documents on file, appellant's failure to pay or make arrangements to pay the clerk's fee for preparing the clerk's record,  this Court's notice, and appellant's failure to respond, is of the opinion that the appeal should be dismissed for want of prosecution. The appeal is hereby DISMISSED FOR WANT OF PROSECUTION.

<div align="center">PER CURIAM</div>

Do not publish.
TEX. R. APP. P. 47.3.
Opinion delivered and filed
this the 19th day of July, 2001.

# EXHIBIT "F"

**OFFICIAL NOTICE**
**COURT OF APPEALS**
**13TH JUDICIAL DISTRICT**

August 23, 2001

RE: 13-01-00314-CV
Style: JOHN OCIE ROBERTS
    v. ELEANOR CARTE AND A. C. CARTE

The appellant's motion for reinstatement was DENIED by this Court on
August 23, 2001.

T.C. Case # 2000-09-3842-C                              CATHY WILBORN, CLERK
**13TH COURT OF APPEALS**
**10TH FLOOR**
**NUECES COUNTY COURTHOUSE**
**CORPUS CHRISTI, TEXAS 78401**

                                    JAVIER GONZALEZ
                    MAIL TO:        ROYSTON  RAYZOR  VICKERY & WILLIAMS
                                    55 COVE CIRCLE
                                    P  O  BOX 3509
                                    BROWNSVILLE, TX  78523-3509

# EXHIBIT "G"

**OFFICIAL NOTICE**
**COURT OF APPEALS**
**13TH JUDICIAL DISTRICT**





September 27, 2001

RE: 13-01-00314-CV
Style: JOHN OCIE ROBERTS
       v. ELEANOR CARTE AND A. C. CARTE

The appellant's motion for leave to file motion for rehearing was
GRANTED by this Court on September 27, 2001.  The appellant's motion
for rehearing was marked filed on September 7, 2001, the date of
receipt.  In addition, appellant's motion for rehearing was
OVERRULED by this Court on September 27, 2001.

T.C. Case # 2000-09-3842-C                         CATHY WILBORN, CLERK
**13TH COURT OF APPEALS**
**13TH FLOOR**
**NUECES COUNTY COURTHOUSE**
**CORPUS CHRISTI, TEXAS 78401**

                         JAVIER GONZALEZ
               MAIL TO:  ROYSTON  RAYZOR  VICKERY & WILLIAMS
                         55 COVE CIRCLE
78323/55303              P.O. BOX 3509
                         BROWNSVILLE TX 78523-3509

# EXHIBIT "H"

CERTIFIED COPY

CAUSE NO. 2001-05-2303-C

| | | |
|---|---|---|
| ELEANOR CARTE, | § | IN THE DISTRICT COURT |
| *Counter-Plaintiff* | § | |
| | § | |
| vs. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| JOHN OCIE ROBERTS | § | |
| *Counter-Defendant* | § | CAMERON COUNTY, TEXAS |

## JUDGMENT

On the 13TH day of August, 2001, came on to be considered this severed counterclaim wherein **ELEANOR CARTE and CELESTE BOWMAN, AS INDEPENDENT EXECUTRIX OF THE ESTATE OF A C CARTE** are Counter-Plaintiffs and **JOHN OCIE ROBERTS** is Counter-Defendant. The Court after calling this case for trial on its bench docket, without objection by counter-defendant, counter-plaintiffs announced present and ready for trial and counter-defendant did not appear notwithstanding having been given notice of the setting by order dated April 4, 2001 in this cause and Cause No. 2000-09-3842-C styled *John Ocie Roberts v. Eleanor Carte, et al*. Upon such announcements, the Court called this case back up for a bench trial on August 15, 2001, wherein counter-plaintiffs announced present and ready for trial and counter-defendant did not appear nor object to the case proceeding before the bench. The Court took judicial notice of all documents in this cause and cause no. 2000-09-3842-C and proceeded thereafter to a trial wherein counter-plaintiffs presented evidence before the Court. The Court after considering the pleadings on file in this civil cause, the applicable law, the argument of counsel and the evidence presented is of the opinion that judgment should be granted for and in favor of counter-plaintiffs, **ELEANOR CARTE and CELESTE BOWMAN, AS INDEPENDENT EXECUTRIX OF THE ESTATE**

48255:979362.1:081701

**FILE COPY**

**OF A C CARTE** against counter-defendant, John Ocie Roberts and enters the following orders accordingly:

**ORDERED, ADJUDGED and DECREED** and the Court so finds that the allegations in counter-plaintiffs Original Counterclaim filed in Cause No. 2000-09-3842-C and severed into this cause of action are admitted and accepted and the Court further finds that on or about March 21, 1984, a option to purchase (hereinafter "the option to purchase") was entered into between Eleanor Carte and A. C. Carte and John Roberts for the purchase of approximately 40 acres of land such being more fully defined and described in that certain warranty deed from Aurora Longoria to Eleanor Humphries and filed of record on September 1, 1961, and that land described in that certain warranty deed executed by Antonias Sanchez and Pedro Vite Sanchez to Eleanor Hendricks, same being filed of record in Volume 1232, page 743, Deed Records of Cameron County, Texas (hereinafter "the property") wherein Eleanor and A. C. Carte were the Sellers and John Roberts the Purchaser and that thereafter on or about February 13, 1987, a contract for deed was signed and entered into between A. C. Carte and Eleanor Carte as Sellers and John Roberts as Purchaser of the property (hereinafter "the contract for deed"). The Court further finds that there has been a material breach and default of said option to purchase and contract for deed and said defaults were not remedied. The Court further finds that counter-plaintiffs have suffered damages and are entitled to any past installment payments by counter-defendant as liquidated damages, pursuant to the contract for deed and counter-plaintiff, Eleanor Carte shall have as her separate and sole property, the property reverted back and awarded to her for her exclusive use, ownership and possession and shall have the right to re-enter and take possession of the property to the exclusion of counter-defendant under said contract for deed. The Court further finds that pursuant to the Texas Declaratory

48255:979362.1:081701                                  -2-

Judgments Act, counter-plaintiffs are *"prevailing parties"* as that term is defined by law and as such, are entitled to recover reasonable attorney's fees and also as allowed under §38.001 of the Texas Civil Practice & Remedies Code, as a result of the material breaches of contract. The Court further finds that counter-plaintiffs shall have judgment against counter-defendant for the debt owed, property taxes, court costs, attorney's fees and pre-judgment and post-judgment interest as provided by law and automatic reversion and ownership of the property back to Eleanor Carte, without cloud to title. Accordingly, it is therefore,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs recover the sum of $7,500 for unpaid payments up until August of this year under the contract for deed and interest as stated under the contract for deed on this amount at 10% annual simple interest of $500 from June of 2000. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs shall have and recover from counter-defendant the sum of $1,050 under the option to purchase and pre-judgment interest on that amount at the rate of 6% annual simple interest of $912.88 from February 13, 1987. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs shall have and recover against counter-defendant the sum of $5,000 under the contract for deed plus pre-judgment interest at the rate of 10% annual simple interest of $1,347.85 from December 3, 1998. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs shall have and recover from counter-defendant the sum of $101.71 for unreimbursed property taxes paid for tax years 1984 through 1986 to the Cameron County tax office plus pre-judgment interest at the rate of 6% annual simple interest of $84.79 from September 21, 1987. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs shall have and recover from counter-defendant the sum of $600 for unreimbursed property taxes paid to the La Feria Independent School District for tax year 1997; to La Feria Irrigation district for tax years 1990-1997; and to Cameron County for tax years 1994-1997 and court costs and attorney's fees at a pre-judgment simple interest of 10% of $170.95. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs shall have and recover from counter-defendant unpaid property taxes from 1998 through 2000 for Cameron County taxes of $1,079.60; for La Feria Independent School District taxes in the amount of $3,361.57; and for La Feria Irrigation District taxes in the amount of $750.24; and also recover and have pro-rated estimated taxes for each of these three taxing entities for the year 2001 up to August 14, 2001 of $649.23 for Cameron County; $101.68 for the La Feria Irrigation District; and $481.88 for the La Feria Independent School District. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs have and recover from counter-defendant reasonable attorney's fees in the amount of $11,945.00 and an additional $10,000 in reasonable attorney's fees should this case be appealed to the Court of Appeals and an additional $10,000 for reasonable attorney's fees should this case be appealed to the Texas Supreme Court. It is further,

**ORDERED, ADJUDGED and DECREED** that Eleanor Carte shall retain any and all previous payments made by counter-defendant as liquidated damages as provided under the contract for deed; that the contract for deed and agreement is determined to be of no further force or effect; that John Ocie Roberts is ordered to surrender possession of the property to Eleanor Carte and she shall have the right to re-enter and take full possession of such property to the complete exclusion

of John Ocie Roberts and others as provided under the contract for deed and as specific performance under such contract and that a writ of possession shall issue to place Eleanor Carte in possession of the property without the requirement that she start proceedings for that purpose and this Order shall be relied upon and acted upon instanter by any Sheriff or Constable or other law enforcement officer(s) within the County, as provided under Texas Rule of Civil Procedure 310. It is further,

ORDERED, ADJUDGED and DECREED that title to the property is quieted in favor of Eleanor Carte as her sole and separate property and ownership and she is granted any and all remedies and benefits to the property and entitled to any and all rights, ownership and glories to the property and title, ownership and any and all rights and interest to the property are automatically conveyed and transferred in fee simple, without any cloud to title, to Eleanor Carte and that this judgment shall be filed as a conveyance and transfer of such property to Eleanor Carte as the sole and rightful owner in fee simple in the official deed records of Cameron County, Texas and shall serve as a full conveyance of the property to Eleanor Carte as owner and give notice to all others who may act or rely upon it. It is further,

ORDERED, ADJUDGED and DECREED that for taxing purposes, any and all taxing entities including but not limited to Cameron County, the La Feria Irrigation District, the La Feria Independent School District and the Cameron County Appraisal District are hereby ordered to change their tax rolls to reflect Eleanor Carte at P. O. Box 331276 in Corpus Christi, Texas 78463 as owner of the property and that such taxing entities and Appraisal District shall treat the property as vested in Eleanor Carte for any and all taxing purposes upon the date of this Order and are ordered to do so for Cameron County account nos. 85/5380/0800/0100/10 and 85/5380/0800/0100/00; for the La Feria Irrigation District account nos. 00029-00-080-0001-00 and 00029-00-080-0000-00; and

for the La Feria Independent School District account nos. of 855380-0800-0100-10 and 855380-0800-0100-00; and that Eleanor Carte shall be reflected as title owner of the property the subject of this suit on any and all tax rolls and as owner and possessor of the property and that it be declared and ordered that there are no clouds, encumbrances, hypothecations, liens, hindrances, or other claims to the property other than property taxes owed to Cameron County, the La Feria Irrigation District for 1998 to the present and the La Feria Independent School District and any such other encumbrances, hypothecations, liens, hindrances, clouds or claims to the property are extinguished by this judgment and that the only allowable encumbrances, hypothecations, hindrances, liens or claims, except for taxes owed for 1998 to the present to the three taxing entities noted above, shall only be those created by Eleanor Carte and no other person or entity.  It is further,

ORDERED, ADJUDGED and DECREED that this judgment shall be effective after recording in the official records of Cameron County, Texas where the property is located ,to establish a chain of title awarding fee simple interest to Eleanor Carte only and serve to give notice thereof to any and all persons or entities hereafter.  It is further,

ORDERED, ADJUDGED and DECREED that any and all subtenants, tenants, lessees or other possessors on the property now, shall be allowed to finish their lease terms and it is ordered that they are to pay monthly rents hereon out to Eleanor Carte for her use and benefit at P. O. Box 331276 in Corpus Christi, Texas 78463 or in person to her via hand-delivery and she is to be considered landlord and lessor of the property to them and that Eleanor Carte shall notify each and every such subtenant, tenant, lessee or other possessor of the property in writing of her status as owner, landlord and lessee of the property and that rent payments are to be directed to her and that if any such lease term or arrangement by which a subtenant, tenant, lessee or other possessor of the

48255:979362.1:081701                                      -6-

property is to be extended, it shall be done at the sole discretion of Eleanor Carte and any such agreement by her shall be signed in writing to be enforceable. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs recover and have judgment against counter-defendant, post-judgment interest at the rate of 10% per year on the total judgment herein from the date of judgment rendered herein until paid, compounded annually and counter-plaintiff shall recover all court costs. It is further,

**ORDERED, ADJUDGED and DECREED** that with the ordering of this judgment, this judgment expressly disposes of all claims and all parties of this severed action and this is a final judgment as to all claims and all parties in the severed action and counter-plaintiffs are granted and allowed all such writs and processes that may be necessary, including seizure, execution, and garnishment and all such other writs and processes, to collect this judgment.

The Court denies all relief not expressly granted in this judgment.

**SIGNED FOR ENTRY** this 17th day of August, 2001.

**JUDGE PRESIDING**

AUG 1 7 2001

cc:    Hon. Javier González
       ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
       P. O. Box 3509
       Brownsville, Texas 78523-3509

cc:    John Ocie Roberts
       1726 N. Commerce
       Harlingen, Texas 78550

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

AUG 1 7 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _12/3/01_
BY _____
           DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS

# EXHIBIT "I"

CAUSE NO. 2001-05-2303-C/~~2001-09-3342~~-C

| JOHN OCIE ROBERTS | § | IN THE DISTRICT COURT |
| Plaintiff | | |
| | | |
| vs | § | 197TH JUDICIAL DISTRICT |
| | | |
| ELEANOR CARTE and AC CARTE | § | CAMERON COUNTY, TEXAS |
| Defendants | | |

**ORDER**

On this the ___ day of _____ 2001, JOHN OCIE ROBERT'S, counter Defendant, Motion for New Trial came to be heard.

Having examined the pleadings, the evidence proffered and the argument of counsel, this Court is of the opinion that the motion should be granted.

Therefore, it is ordered, adjudged and decreed that the order of 17th day of August 2001, in this case should be set aside and it is HEREBY ORDERED, ADJUDGED, AND DECREED that the said August 17th 2001 Order is hereby set aside and the trial setting hearing is to be set at later date.

Signed for entry on this the ___ day of _____ 2001.

_____
JUDGE PRESIDING

9-19-01

Motion for New Trial ~~motion~~ is denied.

Judge Migdalia Lopez

COPIES TO: 9/20/01
JOHN OCIE ROBERTS
HON KEITH UHLES

FILED 4:00 O'CLOCK P M
AURORA DE LA GARZA DIST CLERK
SEP 19 2001
DISTRICT COURT OF CAMERON COUNTY TEXAS

# EXHIBIT "J"

FILED __ __O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK
JAN 2 2 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

CAUSE NO. 2002-01-252-E

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| VS. | § | JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE, THE ESTATE | § | |
| OF A.C. CARTE BY AND THROUGH | | |
| ITS EXECUTRIX, CELESTE BOWMAN | § | |
| AND JAVIER GONZALES | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, John Ocie Roberts, Plaintiff herein, and files this his ORIGINAL PETITION in the above styled and numbered cause and brings the motion pursuant to the Declaratory Judgement Act §37.001 et seq of the Texas Civil Practice and Remedies Code, and for his grounds would show the court the following:

### I.
### JURISDICTION AND VENUE

Jurisdiction is proper in this Court in that it is for determination of title to land, as the ultimate result of this litigation therefore, this court holds the exclusive jurisdiction.

Venue is proper in this court in that the land is situated on this county.

### II.
### PARTIES

Plaintiff, John Roberts, is an individual residing in this county.

Defendant, Eleanor Carte, is an individual residing in Nueces County, and may be served with service of citation by serving her attorney of record, Keith N. Uhles, 55 Cove Circle, Brownsville, Cameron County, Texas, 78523.

Defendant A. C. Carte is now deceased therefore, the Estate may be served by serving Celeste Bowman as its executrix and said executrix may be served by serving her

attorney of record, Keith N. Uhles, 55 Cove Circle, Brownsville, Cameron County, Texas 78523.

Defendant Javier Gonzales is as individual residing in Cameron County, Texas and may be served at the following address: P. O. Box 3509, Brownsville, Cameron County, Texas, 78523

### III.

This case should be treated as a level 3 (three) according to the discovery rules in Rules 190 et seq. of the Texas Rules of Civil Procedure.

The subject matter of this lawsuit is a tract of land situated in Cameron County, Texas and shall be hereinafter referred to as the "Property". Said property is the following:

*ABSTRACT 10 MINN-TEX BLK 80 40 ACRES*
Cameron County, Texas

and is also known as

APPROXIMATELY FORTY (40) ACRES OF LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM AURORA LONGORIA TO ELEANOR HUMPHRIES AND FILED OF RECORD ON SEPTEMBER 1, 1961, AND THAT LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED EXECUTED BY ANTONIAS SANCHEZ AND PEDRO VITE SANCHEZ TO ELEANOR HERNDRICKS, SAME BEING FILED OR RECORD IN VOLUME 1232, PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.

also known as

ABSTRACT 10, MINNESOTA SUBDIVISION, BLOCK 80, WHICH IS APPROXIMATELY 40 ACRES.

Incident to the property, is a contract for the sale/purchase of the property. It is a contract signed by the parties to this lawsuit. (Exhibit A is a true and correct copy of the contract and is incorporated by reference as if fully copied herein) Said instrument shall hereinafter be referred to as "contract".

### IV.
### FACTS

On or about the 15TH day of January 1984, parties entered into negotiations for the sale and purchase of the property. Defendants Eleanor Carte and A.C. Carte and Plaintiff,

Buyer had paid on options on the property to be applied later to the sales price. A. C. Carte and Eleanor Carte were the sellers and Plaintiff, John Ocie Roberts, was the buyer. The sellers' offers were reduced to writing as a proposed contract. The Defendants/Sellers explained what each clause meant and Plaintiff/ Buyer accepted their contract with their explanations. The contract was signed on or about the 13TH of February 1987. Defendants claimed they were the owners of the property and would deliver a free and clear general warranty deed. Plaintiff intended to make it his residence as soon as property was paid for.

Plaintiff began to make payments in reliance of Defendant's promises as stated in the contract and explained by Defendants/Sellers. Plaintiff also began to make improvements.

Defendants informed Plaintiff that the terms of the contract were very liberal in that land was difficult to sell at the period of time. In the latter part of the 1980's , land prices were totally deflated. Plaintiff was induced to buy in that the interest was a simple 10%; that he could actually be late up to three months and the Defendants would not foreclose; and that the price being offered of almost $1,950.00 per acre was a high price for the area and that was the reason for a low interest rate. He was also told that part of the money he paid for this option to buy would be applied for the contract. Therefore, he bought the property. He has faithfully paid on the property. The price was extremely inflated.

Defendants have called Plaintiff to inform him that he has been late on his payment. Plaintiff then and there invoked his right under the contract. However, the check that Plaintiff sent Defendant has not been cashed. This check would have placed him within the 60-day period as stated in the contract.

Plaintiff has also requested an accounting and an amortization schedule. Defendants have refused to comply with such a request. Plaintiff then went to speak to Seller/Defendant, A. C. Carte only to find out that Defendant Carte was selling his portion to Defendant Eleanor Carte. He stated that there was not going to be a judicial foreclosure as he had envisioned in that Defendant Eleanor Carte was now the full owner.

Plaintiff alleges that Defendants are defrauding him for their internal contracts.

Plaintiff contracted with Defendant A. C. Carte, yet Carte is apparently no longer an owner. He has apparently sold his portion.

Plaintiff has been informed of a payment plan that he is to follow. Under the plan he is now being informed, it is a negative interest plan. This means that the more he pays, the more money he owes in that his payment does not cover the interest being charged under the contract. That is not what he was told when he was buying the property. And now he is told that even 10 (ten) or 20 (twenty) years from now, if he is delinquent of over 60 days, the defendants/Sellers may keep the property, a totally unconscionable contract. He was told he would only get a judicial foreclosure if necessary as if this document were a deed of trust as part of the final agreement and negotiation. However, parties intend to obtain a judgment for all payments and future payments and then keep the property free and clear.

Defendant's attorney Javier Gonzales  made a statement before a district judge which was hearing the motion for trial setting (Exhibit B is a true and correct copy of the order setting hearing date and is incorporated by reference as if fully copied herein.) In said statement Defendant's Attorney mislead the court into thinking that there was a motion to dismiss lawsuit, and the subject of hearing was for reinstatement.  (Exhibit C is a true and correct copy of the hearing referred to and is incorporated by reference as if fully copied herein.)  The court had already reinstated the case (see Exhibit B)

Therefore, the Court dismissed the lawsuit thereby violating the Plaintiff's right to the court, denying equal protection, denying due process, both substantive and procedural and the court used  its power to take Plaintiff's property through official oppression and abuse of official capacity.

The ultimate act of the trial court impeded Plaintiff the exercise and/or enjoyment of his rights, privileges, and/or immunity and Defendant's Attorney knew or should have known that his conduct was unlawful and would damage Plaintiff. Said actions did inflict damage on Plaintiff.

All this has been to Plaintiff's damage.

V.

Plaintiff has met all conditions precedent.

VI.

## CAUSES OF ACTION

Plaintiff brings this action pursuant to Section 37.001 et seq. of the <u>Texas Civil Practice and Remedies Code</u>, the Declaratory Judgments Act. This is needed in that Plaintiff's rights are based on a contract, which is either deficient or fraudulent.

All the acts of Defendants are willful, intentional, knowing and unconscionable. Plaintiff has asked for an accounting and an amortization schedule and Defendants have refused to give him such.

Plaintiff brings his actions on breach of contract, reformation of the contract, specific performance and fraud, both common law and pursuant to Section 27.01 of the Texas Business and Commerce Code.

Plaintiff alleges that Defendants have given Plaintiff an illusory contract or else, the court should reform the contract so as to be enforceable according to the representations of Defendants.

Plaintiff's claim for statutory fraud is based on a false representation made by the defendants.  Plaintiff also brings this case as intentional interference with a contractual in that Defendant Eleanor Carte interfered with Plaintiff's contract with A. C. Carte. Plaintiff would show the court.

1. A binding, valid contract to sell real estate exists if reformed.

2. The defendant made a false representation of a past or existing material fact. I.e. Defendants stated that some of the option money would apply.  Also, the value of the property was exaggerated, and the interest to be 10% simple.

3. The representation was made to the plaintiff for the purpose of inducing the plaintiff to enter into the contract.

4. The plaintiff relied on the defendants' representation in entering into the contract.

5.    The plaintiff was injured as result and incurred damages, which includes actual, special and exemplary damages, along with attorney's fees and costs.

Also, plaintiff's claims for statutory fraud in based on the defendant's false promise to act. Plaintiff would show the court the following:

1.    A binding, valid contract to sell real estate exists; if reformed.

2.    The defendants made a false promise to do an act; they would honor 60-day wait before writing a foreclosure letter.

3.    The defendants' promise was material.

4.    The defendants' made the promise with the intention of not fulfilling it.

5.    The defendant made the promise to the plaintiff for the purpose of inducing the plaintiff to enter into the contract.

6.    The plaintiff relied on the Defendant's promise in entering into the contract, and erupted the contract.

7.    The plaintiff was injured as result and incurred damages, which may include actual, special and exemplary damages, along the attorney's fees and costs.

Plaintiff also sounds his causes of action on the violations of Constitutional guarantees of the United States Constitution and the Constitution of the State of Texas. Also, Defendant's Attorney has violated the Texas State Bar Rules for attorneys.

Also, Plaintiff's cause of action is based on abuse of power and official oppression. Furthermore, Defendant's Attorney, by misdirecting the court, he knew of the official proceeding in progress, yet he concealed the part of the record and document with intent to impair its verity or availability as evidence in the official proceeding and also presented or used a document with knowledge of its being falsely used and used it with the intent to affect the course or outcome of the official proceeding.

## VII.
## DAMAGES

Plaintiff has suffered damages in that he is paying into a totally illusory contract if Defendants' demands are met. Plaintiff has significantly improved the property.

Due to Defendant's conduct, being willful, intentional, and knowing, and due to

such careless disregard for the rights of others, Plaintiff alleges exemplary damages should be imposed.

The amount of actual damages is no less than $150,000.00. Exemplary damages should be three times the amount. The property should be then awarded to Plaintiff.

VIII.
JURY REQUEST

Plaintiff demands a trial by jury and the fees have been paid.

IX.
ATTORNEY FEES

Plaintiff hereby requests attorney fees in the attorney fees are authorized by Sec. 38.001 et seq. of the Texas Civil Practice and Remedies Code and the Texas Business and Commerce Code §27.001.

Plaintiff, John Ocie Roberts, prays the Defendants Eleanor Carte and A. C. Carte by and through the executrix of the estate of A. C. Carter, Celeste Bowman, be cited to appear and file an answer herein. That upon final adjudication, that the contract be reformed to include a clarification of 10% simple interest on the full amount; that an accounting be given to Plaintiff, that an amortization schedule be given to Plaintiff, that actual damages be awarded to Plaintiff, that post judgment interest be awarded to Plaintiff, that exemplary damages be awarded to Plaintiff; that the transaction be declared an attempted fraud on Plaintiff by Defendants; that attorney fees be awarded to Plaintiff; that property be awarded to Plaintiff, and that Plaintiff be awarded any other relief at law or in equity, as he may show himself justly entitled to receive.

Respectfully submitted,

John Ocie Roberts
1726 N. Commerce
Harlingen, Texas 78550
(956) 797-0027

CAUSE NO. *2002-01-252-E*

| JOHN OCIE ROBERTS | § | IN THE DISTRICT COURT |
| Plaintiff | | |
| | § | |
| VS. | § | JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE | § | |
| AC CARTE | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

<u>VERIFICATION</u>

STATE OF TEXAS

COUNTY OF CAMERON

FILED _2:30_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

JAN 2 2 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

Before me, the undersigned Notary Public, on this day personally appeared John Ocie Roberts who being by me duly sworn on his oath deposed and said that he is the above-entitled and numbered cause; that the has read the above and foregoing ORIGINAL PETITION and that every statement contained in it is within his personal knowledge and is true and correct.

John Ocie Roberts

SUBSCRIBED AND SWORN TO BEFORE ME on _22nd_ of _January_ 2002, to certify which witness my hand and official seal.

*Charlene R Glenn*
NOTARY PUBLIC

CHARLENE R GLENN
NOTARY PUBLIC
State of Texas
Comm. Exp. 02-14-2003

E-1191—Contract for Sale of Real Estate—Deed after full payment—Class 6.                                    CLARKE & COURTS, INC.

# THE STATE OF TEXAS, }

COUNTY OF_____CAMERON_____ }

This agreement between..........A.C. CARTE AND WIFE, ELEANOR CARTE .........................................., of the

County of..............CAMERON..........................................................................................., hereinafter called "Seller" and

.................JOHN ROBERTS...............................................of the County of..........CAMERON..............................................

hereinafter called "Purchaser", WITNESSETH:

    1.   That Purchaser has agreed, and does hereby agree, to take by conveyance from Seller a certain tract or

parcel of land situated in..........CAMERON..........................................................County, Texas, and described as follows:

> APPROXIMATELY FORTY (40) ACRES OF LAND DESCRIBED IN THAT CERTAIN
> WARRANTY DEED FROM AURORA LONGORIA TO ELEANOR HUMPHRIES AND FILED
> OF RECORD ON SEPTEMBER 1, 1961, AND THAT LAND DESCRIBED IN THAT
> CERTAIN WARANTY DEED EXECUTED BY ANTONIAS SANCHEZ AND PEDRO VITE
> SANCHEZ TO ELEANOR HENDRICKS, SAME BEING FILED OF RECORD IN VOLUME
> 1232, PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.
>
> The indebtedness (principal and/or interest) evidenced herein may
> be pre-paid, from time-to-time, without penalty.
>
> Remaining balance, principal and interest shall be due and payable
> fifteen (15) years from date hereof.

    2.   That the Purchaser agrees to pay to the Seller, and the Seller agrees to receive as payment, for tract or

parcel of land the sum of..............78,000...................................................................dollars, to be paid as follows:

(Describe fully the terms of payment, rate of interest)

> $500 PER MONTH AT 10% INTEREST. COMPREHENSIVE AND GENERAL, PUBLIC
> LIABILITY INSURANCE. THE LIMITS OF SUCH INSURANCE SHALL BE AGREED
> UPON BY AND BETWEEN SELLER AND PURCHASER. PROPERTY DAMAGE INSURANCE
> IN AN AMOUNT NOT LESS THAN ONE HUNDRED (100%) PERCENT OF THE FULL
> INSURABLE VALUE OF THE PREMISES.

    3.   That the Purchaser agrees to pay any and all taxes that may be hereafter levied on the aforesaid tract
or parcel of land, before the same shall become delinquent.

    4.   That if any default shall be made in the payment of any of the said installments as herein provided,
and if such default shall continue for sixty (60) days, then, after the lapse of said period of sixty (60) days, all
payments previously paid shall, at the option of the Seller, without any notice or demand, be and become forfeited,
irrevocably, and be retained by the Seller as liquidated damages, and, thereupon, this agreement shall determine,
and be of no further force or effect, and Purchaser shall surrender possession to Seller and Seller shall have the
right to re-enter and take full possession of such property to the complete exclusion of Purchaser.

# THE STATE OF TEXAS,

*County of* NUECES

BEFORE ME Pat Brumley,

Notary Public ........................................................ in and for said County and State,

on this day personally appeared A. C. Carte and Eleanor Carte

............................................................................................................................ known to me

to be the person........whose name.s are subscribed to the foregoing instrument, and acknowledged to me that........they executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office, this 13th day of February 19 87.

*Pat Brumley*

Notary Public, State of Texas

Printed Name: Pat Brumley

My commission expires 10-31-87

# THE STATE OF TEXAS,

*County of* NUECES

BEFORE ME Pat Brumley,

Notary Public ........................................................ in and for said County and State,

on this day personally appeared John Roberts.

............................................................................................................................ known to me

to be the person........whose name is subscribed to the foregoing instrument, and acknowledged to me that........he executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office, this 13th day of February 19 87.

*Pat Brumley*

Notary Public, State of Texas

Printed Name: Pat Brumley

My commission expires 10-31-87

# THE STATE OF TEXAS

COUNTY OF NUECES

BEFORE ME,

Notary Public ......................................................................................, in and for said County and State, on

this day personally appeared John .......... known to me to be the person

whose name is subscribed to the foregoing instrument, and acknowledged to me that......he....executed the same as the act and deed

of......................................................................................, of ......................................................................................, Texas, and as the

............................................................thereof and for the purposes and consideration therein expressed.

Given under my hand and seal of office, this....................day of......................................................, 19...........

................................................................................................

................................................................................................

# THE STATE OF TEXAS,

*County of*...........................................................  I,

Clerk of the County Court of said County, do hereby certify that the above instrument of writing, dated on the............................

day of..............................................19......, with its Certificate of Authentication, was filed for record in my office, the............................

day of..............................................19......, at............o'clock.........M. and duly recorded the.............................day of............................

19......... at............o'clock...........M., in the......................................records of said County, in Volume....................on page............

WITNESS my hand and the seal of the County Court of said County, at office in............................................
the day and year last above written.

..........................................................................Clerk

County Court,............................................County, Texas.

By............................................................................Deputy.

CAUSE NO. 2000-09-3842-C

| JOHN OCIE ROBERTS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| | § | |
| VS. | § | 197TH JUDICIAL COURT |
| | § | |
| ELEANOR CARTE AND AC CARTE | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING HEARING TO REINSTATE
## CASE AND FOR TRIAL SETTING FOR CASE

On this the _22nd_ day of _March_, 2001, came on to be considered Plaintiff's John Ocie Roberts, Motion to Reinstate case and to set trial date. After considering the same, the Court grants the Motion.

It is hereby ordered, adjudged and decreed that this case is reinstated on the docket and the hearing for trial setting is for the _28th_ day of _March_, 2001. _at 9:00 am_

Signed for entry on this the _22nd_ day of _March_, 2001.

_Migdalia López_
Judge Presiding

FILED _4:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK

MAR 2 2 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

MAR 2 3 2001

COPIES TO:
HON JAVIER GONZALEZ
JOHN OCIE ROBERTS

_Exhibit B_

1

1          REPORTER'S RECORD

2          VOLUME 1 OF 1 VOLUME

3          TRIAL COURT CAUSE NO. 2000-09-3842-C

4    - - - - - - - - - - - - - - - - x
                                     :
5    JOHN OCIE ROBERTS,              : IN THE DISTRICT COURT
     Plaintiff                       :
6                                    :
     VS.                             : CAMERON COUNTY, TEXAS
7                                    :
     ELEANOR CARTE AND AC CARTE,     :
8    Defendants                      : 197TH JUDICIAL DISTRICT
                                     :
9    - - - - - - - - - - - - - - - - x

10

11   ************************************************************

12   PLAINTIFF'S MOTION FOR REINSTATEMENT AND TRIAL SETTING

13       AND DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR

14         REINSTATEMENT AND FOR TRIAL SETTING OF

15         COUNTERCLAIM AND MOTION FOR SEVERANCE

16   ************************************************************

17

18        On the 28th day of March, 2001, the following

19   proceedings came on to be heard in the above-entitled and

20   numbered cause before the Honorable Migdalia Lopez, Judge

21   Presiding, held in Brownsville, Cameron County, Texas.

22        Proceedings reported by computerized stenotype

23   machine.

24

25

COPY



1                    A P P E A R A N C E S

2        (NO APPEARANCE FOR THE PLAINTIFF)

3               -AND-

4        Mr. Javier Gonzalez
         ROYSTON RAYZOR, VICKERY & WILLIAMS, L.L.P.
5        SBOT NO. 00787561
         55 Cove Circle
6        P.O. Box 3509
         Brownsville, Texas  78523-3509
7        Telephone:  (956) 542-4377
         ATTORNEY FOR DEFENDANTS/COUNTER-PLAINTIFFS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                P R O C E E D I N G S
 2              (Open court, 2:05 p.m.)
 3              THE COURT:  What do you have?
 4              MR. GONZALEZ:  Judge, good afternoon.  I
 5   represent Eleanor Carte and A.C. Carte, Cause
 6   No. 2000-09-3842-C, Judge.
 7              THE COURT:  Okay.
 8              MR. GONZALEZ:  Judge, it's a -- I
 9   represent the --
10              THE COURT:  It's a trial setting?
11              MR. GONZALEZ:  Yes, ma'am.
12              THE COURT:  Okay.
13              MR. GONZALEZ:  But the reason, Judge, I'm
14   before you is because there is a pro se plaintiff on the
15   other side.
16              THE COURT:  Who is the pro se plaintiff?
17              MR. GONZALEZ:  They were not here this
18   morning, Judge.  The reason why I came back at 1:30 was
19   my clients, we've been sued in this case.  The
20   reinstatement was for today for the trial, and also I
21   filed a counterclaim against the pro se plaintiff.  I'm
22   here to reinstate the counterclaim.  Janet was good to
23   give me dates for August 10th and 13th.
24              But what I'm asking the court to do,
25   Judge, is being that he's not here for his reinstatement,
```

4

1    I'm asking the court to dismiss his case and I'm asking
2    the court to sever my counterclaim so I can go forward on
3    August 10th and August 13th for trial.
4              I'm also asking, Judge -- He demanded a
5    jury trial.  My understanding of the rules is that if
6    he's not here to object, I can ask that it be taken off
7    the jury docket and heard before the court.  Your Honor
8    knows this already.  I'm asking that it be taken off the
9    jury docket, Judge, and placed on the bench docket for
10   that date with no objection.
11             THE COURT:  It will be granted.
12             MR. GONZALEZ:  Judge --
13             THE COURT:  Submit an order to that
14   effect.
15             MR. GONZALEZ:  Yes, ma'am.
16             THE COURT:  I'm sorry.  What were you
17   going to say?
18             MR. GONZALEZ:  No, that was it, Judge.
19   What I will do is I will submit a proposed order.  I
20   wanted to make sure it was on the record so that way when
21   the order is signed by Your Honor it's before the court
22   and adequately explained.
23             THE COURT:  Okay.
24             MR. GONZALEZ:  Thank you, Judge.  May I be
25   excused?

5

1    THE COURT:   Yes.

2    **(The hearing was concluded at 2:07 p.m.)**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    THE STATE OF TEXAS:

2    COUNTY OF CAMERON:

3         I, KARY RICHARDSON, Official Court Reporter in and

4    for the 197th District Court of Cameron County, State of

5    Texas, do hereby certify that the above and foregoing

6    contains a true and correct transcription of all portions

7    of evidence and other proceedings requested in writing by

8    counsel for the parties to be included in this volume of

9    the Reporter's Record, in the above-entitled and numbered

10   cause, all of which occurred in open court or in chambers

11   and were reported by me.

12        I further certify that this Reporter's Record of the

13   proceedings truly and correctly reflects the exhibits, if

14   any, admitted by the respective parties.

15        I further certify that the total cost for the

16   preparation of this Reporter's Record is $_____ and

17   will be paid by Defendants.

18        WITNESS MY OFFICIAL HAND on this the 24th day of

19   July, 2001.

20                    _Kary Richardson_____
                      KARY RICHARDSON, Texas CSR 1952
21                    Expiration Date:  12/31/2002
                      Official Court Reporter
22                    197th District Court
                      Cameron County, Texas
23                    974 East Harrison Street
                      Brownsville, Texas 78520
24                    (956) 544-0874

25

# EXHIBIT "K"

CAUSE NO. 2002-01-252-E

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| ELEANOR CARTE, THE ESTATE OF | § | 357TH JUDICIAL DISTRICT OF |
| A.C. CARTE BY AND THROUGH | § | |
| ITS EXECUTRIX, CELESTE BOWMAN | § | |
| AND JAVIER GONZALES | § | |
| *Defendants* | § | CAMERON COUNTY, TEXAS |

## ORDER RESETTING HEARING

On the 7th day of August, 2003, came on to be considered defendants/applicants',

**ELEANOR CARTE and THE ESTATE OF A.C. CARTE, BY AND THROUGH ITS**

**EXECUTRIX, CELESTE BOWMAN** First Supplemental Motion/Application for Temporary &

Permanent Injunction & For Emergency Relief and their Motion for Removal of Drainage Pipes and

Apparel on Real Estate in the above-entitled civil action. The plaintiff and defendants appeared in

person and by and through their attorneys. Mario Melendez Mendoza appeared in person. Plaintiff

moved for continuance, which the court granted. The court also, *sua sponte*, ordered this case to

mediation before mediator, Leo Salzman. Accordingly, it is,

**ORDERED, ADJUDGED and DECREED** that plaintiff's motion for continuance is hereby

granted and so, defendants/applicants', First Supplemental Motion/Application for Temporary &

Permanent Injunction & For Emergency Relief and their Motion for Removal of Drainage Pipes and



Apparel on Real Estate are hereby reset for hearing on the **25th day of September, 2003 at 9:00**

**a.m.** The court further,

49802:1070018.1:081303

ORDERED, ADJUDGED and DECREED *sua sponte*, that this case be ordered to mediation before mediator, Leo Salzman to take place on or before September 6, 2003. The court further,

ORDERED, ADJUDGED and DECREED that Mario Melendez Mendoza provide attorney, Javier González with the address he is living it within 5 days of a hearing on August 7, 2003 and further finds that both John Ocie Roberts and Mario Melendez Mendoza were both advised in open court of the September 25, 2003 settings and the ordering of this case to mediation to take place within 30 days of August 7, 2003.

SIGNED FOR ENTRY this __3rd__ day of ~~August~~ Sept, 2003.

_____
JUDGE PRESIDING

AGREED AS TO FORM ONLY:
LAW OFFICE OF RAUL A. GUAJARDO

_____
Hon. Raul A. Guajardo
Texas Bar # 24029214
3307 N. McColl Road, Suite H
McAllen, Texas 78501
Tel: (956) 686-1977
Fax:(956) 686-0469
Attorney for Plaintiff,
**JOHN OCIE ROBERTS**

FILED 4 : 00 O'CLOCK __P__ M
AURORA DE LA GARZA, DIST. CLERK

SEP 03 2003

DISTRICT COURT, CAMERON COUNTY TEXAS
BY _Brenda M. Ochoa_ DEPUTY

49802:1070018.1:081303

-2-

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

8/18/03

Hon. Javier González
Texas Bar # 00787561
Cameron County ID # 3614
55 Cove Circle
P. O. Box 3509
Brownsville, Texas 78523-3509
Tel: (956) 542-4377
Fax: (956) 542-4370
Attorney for Defendants,
**ELEANOR CARTE and THE ESTATE OF A.C. CARTE, BY AND THROUGH ITS EXECUTRIX, CELESTE BOWMAN**

Copies to: SEP 05 2003

Hon. Javier González
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78523-3509

Hon. Raul A. Guajardo
Law Office of Raul A. Guajardo
3307 N. McColl Road, Suite H
McAllen, Texas 78501

John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559

Mario Melendez Mendoza
c/o Placido Ruiz
Route 1, Box 214F
La Feria, Texas 78559

W.T. Liston Company
Attn: Mr. Pat Liston
P.O. Box 1905
La Feria, Texas 78559

# EXHIBIT "L"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| John Ocie Roberts | § | CIVIL ACTION NO. B-03-170 |
| | § | |
| vs. | § | |
| | § | |
| Eleanor Carte | § | |
| Estate of A.C. Carte | § | |
| Through its executrix, | § | |
| Celeste Bowman, | § | |
| Javier Gonzales, Salvador Gonzales | § | |
| and Harold Waite | § | JURY |

## <u>AFFIDAVIT OF JAVIER GONZÁLEZ</u>

**STATE OF TEXAS**      §
**COUNTY OF CAMERON**  §

Before me, the undersigned notary, on this day, personally appeared,

**JAVIER GONZÁLEZ**, a person whose identity is known to me. After I administered an oath to

him, upon his oath, he said:

1.  "My name is Javier González and am the attorney representing defendants, Eleanor
    Carte and Javier Gonzalez in the above-referenced litigation. I am over the age of
    eighteen (18) years; have never been convicted of a felony; and am fully competent
    to make this affidavit, based on personal knowledge, as I am the attorney of record
    for these defendants and have been defendants' attorney in the state court
    proceedings as well. The facts herein are true and correct.

2.  Plaintiff's Original Petition and exhibits marked as Exhibit "A"; defendants', Eleanor
    and A.C. Carte Original Answer and Counterclaim marked as Exhibit "B"; the Order
    Setting Trial, Dismissing Case-in-Chief and severing counterclaim, signed April 4,
    2001 marked as Exhibit "C"; the Amended Appeal Schedule in Cause No. 2000-09-
    3842-C, marked as Exhibit "D"; the opinion of the Thirteenth District Court of
    Appeals in Cause No. 13-01-00314-CV, marked as Exhibit "E"; the clerk's, of the
    Thirteenth District Court of Appeals in Cause No. 13-01-00314-CV, card notice of
    August 23, 2001, marked as Exhibit "F"; the clerk's, of the Thirteenth District Court
    of Appeals in Cause No. 13-01-00314-CV, card notice of September 27, 2001,
    marked as Exhibit "G"; the Final Judgment in the counterclaim suit, signed on
    August 17, 2001, marked as Exhibit "H"; the Order denying plaintiff's motion for

new trial of September 19, 2001, marked as Exhibit "I"; plaintiff's original petition in Cause No. 2002-01-000252-E, styled *John Ocie Roberts vs. Eleanor Carte, et al,* filed on January 22, 2002, marked as Exhibit "J"; and a signed order dated September 3, 2003, resetting defendants/applicants', Eleanor Carte and the Estate of A. C. Carte, by and through its Executrix, Celeste Bowman First Supplemental Motion/Application for Temporary & Permanent Injunction & For Emergency Relief and their Motion for Removal of Drainage Pipes and Apparel on Real Estate, in Cause No. 2002-01-000252-E, marked as Exhibit "K"; all appear to be and are true and correct copies, to the best of my knowledge and belief at this time.

3.      I wish to further state that in Cause No. 2000-09-3842-C, plaintiff, John Ocie Roberts filed this lawsuit on or about September 18, 2000. He propounded requests for disclosures and admissions to my clients, Eleanor Carte and then, the Estate of A.C. Carte, by and through its Executrix, Celeste Bowman, which were timely responded to. His petition in this lawsuit was never amended, as best I recollect and he never sought to depose anyone.

4.      In Cause No. 2002-01-252-E, plaintiff, John Ocie Roberts filed another lawsuit on or about January 22, 2002. Since this time, plaintiff has never amended his original petition, never propounded a single discovery request to defendants, and never sought to depose a single witness, as far as I recollect."

Further affiant sayeth naught.

_____
JAVIER GONZÁLEZ

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the 17th day of **March, 2004.**



_____
Notary Public, State of Texas
My Commission Expires: _____

49802:1097720.1:031704                              -2-