United States District Court
Southern District of Texas
FILED

MAY 1 4 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOHN OCIE ROBERTS | § | CIVIL ACTION NO. B-03-170 |
| V. | § | |
| | § | |
| ELEANOR CARTE, | § | |
| ESTATE OF A. C. CARTE | § | |
| THROUGH ITS EXECUTRIX, | § | |
| CELESTE BOWMAN, | § | |
| JAVIER GONZALES, SALVADOR GONZALES | § | |
| AND HAROLD WAITE | § | JURY |

## PLAINTIFF'S RESPONSE TO DEFENDANTS', ELEANOR CARTE AND JAVIER GONZALEZ MOTION TO DISMISS PURSUANT TO FRCP 12(B)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff JOHN OCIE ROBERTS, and files this his Plaintiff's Response to Defendants', Eleanor Carte and Javier Gonzales Motion to Dismiss Pursuant to FRCP 12(B) and would show the following:

I.
**BACKGROUND**

1.  Plaintiff denies Defendants' Paragraph 1.

There was never a trial and the trial court did not determine any of the factual issues by the dismissal want of prosecution order it issued. (Exhibit A is a true and correct copy of the judgment and is incorporated by reference as if fully copied herein.)

The Court in Williams v. Houston Firemen's Relief, 121 S.W. 3d 415 (Tex.Civ. App.-Houston [1st Dist.] 2003) states the following:
The Fund and the trustees also argue for the first time on appeal that the alleged res judicata effect of our holding in William I deprived the trial court of jurisdiction over Williams's challenges to the adoption of the guidelines and the PSC determination. First, res judicata is an affirmative defense on the merits, not a jurisdictional bar, See Int'l Bank of Commerce of Laredo v. City of Laredo, 608 S.W. 2d 267, 269 (Tex.Civ. App. San Antonio 1980, writ dismissed). Second, an interlocutory judgment in the same suit cannot have a res judicata

effect because such a judgment is not final.  See <u>Frost Nat'l Bank v.</u> <u>Burge</u>, 29 S.W. 3d 580,595 (Tex. App. -Houston [14th Dist.] 2000, no pet.).  Williams also argues that the Fund is prevented by stare decisis or is collaterally estopped from denying his claim for PSC because of a prior district Court decision.  <u>Holleman v. Houston</u> <u>Firemen's Relief and Retirement Fund</u>, Cause No. 92-28684, in the 80th Judicial District Court of Harris County.  First, we are not bound by district Court decisions.  Second, collateral estoppel, or issue preclusion, prevents the relitigation of particular issues when "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." <u>Sysco Food Servs, Inc. v. Trapnell</u>, 890 S.W. 2d 796, 801 (Tex. 1994); <u>Barr v. Resolution Trust Corp.</u>, 837 S.W. 2d 627, 268 (Tex.1992).  The district Court in <u>Holleman</u> did not interpret the retirement statute applicable to Williams's claims or determine Williams's eligibility for PSC, and neither the parties nor the issues are the same here; collateral estoppel does not apply.

2.  Plaintiff denies Defendants' Paragraph 1.02

State action is present in this case in that a bogus judge, Judge Robert Barnes, took over Plaintiff's properties and is now giving it to other parties not within the lawsuit.  That Judge has denied Plaintiff's constitutional and civil rights blatantly and without scruples.  The Court in <u>In Re Knot</u>, 118 S.W. 3d 89, (Tex. Civ. App-Texarkana, 2003) stated the following:

" The protection of one's right to own property is said to be one of the most important purposes of government. That right has been described as fundamental, natural, inherent, inalienable, not derived from the legislature and as preexisting even constitutions." *Eggemeyer* *v. Eggemeyer*, 554 S.W. 2d 137, 140 (Tex. 1977) (citing <u>Pennsylvania</u> <u>Coal Co. v. Mahon</u>, 260 U.S. 393,43 S.Ct. 158,67 L.Ed. 322 (1922); 260 <u>U.S. 393, 43 S.Ct. 158,67, L.Ed. 322, 28 A.L.R. 1321 (1922)</u>; 16 AM JUR2D Constitutional Law § 362 (1964)). Our constitution forbids the deprivation of a citizen's life or property except by due course of law.  TEX. CONST. art. I, § 16.  This constitutional protection requires not only procedural but also substantive due course of law. *Eggemeyer,* 554 S.W. 2d at 140. Furthermore, "one person's property may not be taken for the benefit of another private person without a justifying public purpose, even though compensation be paid." <u>Thompson</u> <u>v. Consol. Gas Utils. Corp.</u>,300 U.S. 55, 80, 57 S.Ct. 364, 81 L.Ed. 510 (1937).

3.  Plaintiff denies Defendant's allegations on Paragraph 1.03.

Defendants' statements is to diversity is misapplied. Constitutional violations and cases based on federal law are not within the purview of diversity jurisdiction. (28 U.S.Ct. 1331 et seq.)

4. Plaintiff denies certain elements of Defendants' Paragraph 2.01, inter alia, "and others" and "this case has a long history."

5.  Plaintiff admits Defendants' Paragraph 2.02.

6.  Plaintiff admits Defendants' Paragraph 2.03.

7. Plaintiff denies certain allegations on Defendants' Paragraph 2.04. (Exhibit B is a true and correct copy of the lawsuit and it is incorporated by reference as if fully copied herein.)  The document will speak for itself.

8. Plaintiff denies the bulk of Defendants' Paragraph 2.04. He admits the contract was to have an overall ten (10) percent interest.
    Plaintiff denies that Defendants "successfully" showed Plaintiff that he did not cure the defaults.  That was an alleged trial for a counter-claim and Plaintiff's claim has never been given an opportunity to be heard.

9. Plaintiff denies Defendants' Paragraph 2.05. The Court improperly dismissed his case on a trial setting hearing.  Plaintiff did not receive notice that his case was to be dismissed when the hearing was to be for trial setting not for a final determination.

10.  Plaintiff admits Defendants' Paragraph 2.05 that the Court set up a trial setting hearing for March 28, 2001.  That is when Defendant began his corrupt influences and persuaded the Court through false misrepresentations to dismiss Plaintiff's case.  That hearing was to set a trial date not for a dismissal as Defendants presented to the Court.

The Court failed to give Plaintiff notice that the case was to be dismissed and Plaintiff appealed the order which included the appeal of the severance.  Before the appeals court had heard the appealed order, the Defendants, again, through the use of Judge Robert Barnes, had a bench trial.  It was the regular judge which signed the final order. (Exhibit C is a true and correct copy of case No. 2001-05-2303-C and is incorporated by reference as if fully copied herein.)

11.  Plaintiff admits Defendants' Paragraph 2.06 however, he denies Defendants' Exhibit D in that there are insufficient facts there to

fully show what happened.

12. Plaintiff admits Defendants' Paragraph 2.07.

13. Plaintiff admits Defendants' Paragraph 2.08.

14. Plaintiff admits Defendants' Paragraph 2.09.

15. Plaintiff has received information on Defendants' Paragraph 2.10 to include that Judge Robert Barnes had a semblance of a trial. He made a ruling and ordered certain items to be placed in the final order. However, Defendants changed the orders and placed additional items which would then render the order void. Judge Lopez was the one who signed proposed order. She apparently had no knowledge neither of the facts nor what Judge Barnes had ordered.(Exhibit C is a true and correct copy of case No. 2001-05-2303-C and is incorporated by reference as if fully copied herein.)

Defendants put in double recovery and other illegal items on the order Judge Lopez signed. This is theft and the State's courts are ratifying all of these actions.

16. Plaintiff admits Defendants' Paragraph 2.10 in that the order for severance was on appeal. The file had to be up on appeal. Therefore, the trial court could not have had a trial.

17. Plaintiff admits to Defendants' Paragraph 2.11. Plaintiff filed an answer and then filed a motion for new trial, which was denied.

This case is on appeal again due to the manner the judge gave Defendants double recovery and caused other illegal acts.

18. Plaintiff denies Defendants' Paragraph 2.12 in that Plaintiff placed in proper prospective all causes of action and not the game playing schemes of Defendants and their attorney.

19. Plaintiff added the parts where Defendants attorney lied to the Court. He also added the part that on AC Carter's dying bed, Mrs. Carte has him sign a deed to her.

20. Plaintiff denies Defendants' Paragraph 2.13 in that this Paragraph misleads this Court. Plaintiff admits Defendants' Paragraph 2.13 in that it is but another incident when the state judges takes away Plaintiff's property without due process. The Court was requested to order a third party (Liston) to pick up Plaintiff's property. (Exhibit D is a true and correct copy of the order and it is hereby incorporated by reference as if fully copied herein.)

21.   Plaintiff admits Defendants' Paragraph 3.01, 3.02, 3.03 and 3.04.

22.  Plaintiff denies Defendants' Paragraph 3.05.  Not only was Judge Robert Barnes assigned to hear the counter claim, Plaintiff was not informed of that trial nor was he informed Judge Robert Barnes was to preside.  If Defendants would have informed Plaintiff, he would have appeared at the trial.  Sec. 74.053 of the Texas Government Code gives Plaintiff the right to object to a visiting judge, and he would have objected immediately.

23.  Plaintiff denies Defendants' Paragraph 3.06.  That Court did not have jurisdiction to hear half of a lawsuit.  The title on the pleading states: "counter-claim."  Therefore, the court knew or should have known that there was a major defect and the Court should have not heard the case.

24.  Plaintiff denies Defendants' Paragraph 3.07.  There was no "final" judgment.  A judgment on a counter-claim is only half of a lawsuit. Rule 301 of the Texas Rules of Civil Procedure state that there can only be one judgment per suit.

25.  Plaintiff denies Defendants' Paragraph 3.08, 3.09, 3.10, 3.11, 3.12, 3.13 and 3.14.

   All of these Paragraphs have the same defective foundation and only help to reinforce Plaintiff's contention that Defendants have and continued to distort the truth in order to obtain their illegal and perverted gains.

26.  Plaintiff denies Defendants' Paragraph 4.01, 4.02, 4.03, 4.04 and 4.05.

   When an individual is able to obtain an order that gives him double recovery, and when an individual is able to go to a judge and the judge will give him the property of the Plaintiff to a third party who is not even in the lawsuit, (See Exhibit D a company by the name of Liston is ordered to pick up Plaintiff's property and that company can keep Plaintiff's property) and when an individual can get a judge to declare Plaintiff a vexatious litigant and the judge never has even heard any evidence of such a charge, and when that individual can obtain a Court order allowing a temporary injunction to act as a

permanent injunction against all truth and there being no evidence of waste, the court gave Defendants the power to sell the real proper as if the trial would be over, there should be enough proof of color of law.  The courts have held that in 1983 suits, acts under color of state law, when the individual abuses his position given to him by the state, there is color of law. (West v. Atkins, 1988, 108. S.Ct. 2250, 101 L. Ed.2d 40)

27.  Plaintiff denies Defendants' Paragraph 5.01.  This is another example of Defendants' misstating facts and misapplying the law.  This suit brought pursuant inter alia, the Civil Rights Act and various violations of rights guaranteed by he U. S. Constitutional Amendments. Therefore, diversity is irrelevant.

28.   Plaintiff denies Defendants' Paragraph 5.02.

29.  Plaintiff denies Defendants' Paragraph 6.01.  Plaintiff's complaint is precisely that he is not able to obtain a trial, not just one of a fair trial, but a real and actual trial.  And Defendants are asking this Court to order Plaintiff to go back to Defendants and their connections in the State courts.

30.  Plaintiff's claims are not barred under res judicata.  The Court does not lack subject matter jurisdiction.  Plaintiff is able to state a claim against Defendants under 42 U.S. C. § 1983, et seq., in that there is sufficient "state action" and/or color of law.

31.  Additionally, no diversity needs to exist amongst the parties, therefore venue is proper.  Defendants are not entitled to relief under 12(b)(1)(3) and (6).  The Court should set the proceedings for trial.


CONCLUSION

32.  As in the case of The United States v. Wiseman, 445 F 2d 792, (N.Y) 1971, 30 L Ed. 287) writ of certiori denied. Even though the Defendants were not public officials, the Defendants were acting under color of law.  The concept of color of law is tantamount to state action.

33.  This behavior is not limited to the case at bar but extends to anyone who has some form of connection to Judge Robert Barnes. (Exhibit D is a certified copy of a case in which Judge Barnes denied the right of trial by jury to other individuals and is incorporated by reference as if fully copied herein.)

34.   As if this were not enough, Defendants had the court in case #2002-01-252-E issue a temporary order and in that order and in its supplement, declare Plaintiff as a vexatious litigant when in truth and in fact, the court has never heard any evidence nor entertained any motion which would ask this court to have Plaintiff declared as a vexatious litigant.  Furthermore, the court ordered a third party (Liston Cement Co.) To come in and take Plaintiff's property and said third party is not even a party to the lawsuit. However, the court is giving Plaintiff's property to a third party. And, that is not a civil rights abuse?  The Defendants may now even sell the property even though the trial has not been held.

35.  The following are some examples of denial of due process in which Defendants have taken Plaintiff's property away from him and taken it for themselves through the use of the State's courts.

   (1) Exhibit E is a true and correct copy of the order allowing Defendants to take and sell the property, the subject matter of the lawsuit and the court ordered that it could be sold by Defendant.  It also declares Plaintiff to be a vexatious litigant therefore, he can not go and seek redress any more.

   (2) Exhibit F is a true and correct copy of the summary judgment the Court has issued against Plaintiff and is incorporated by reference as if fully copied herein.

   **WHEREFORE, PREMISES CONSIDERED,** JOHN OCIE ROBERTS, Plaintiff prays that this Court upon consideration of Defendants' Motion for Dismissal, deny the motion to dismiss pursuant to FRCP 12(b); and set the case for trial and further grant Plaintiff any and all relief to which he may show himself justly entitled to receive.


                                    Respectfully submitted,


                                    JOHN OCIE ROBERTS, PRO SE
                                    P. O. Box 1167
                                    La Feria, Texas 78589

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and correct copy of the foregoing Plaintiff's Response to Defendants' Eleanor Carte and Javier Gaonzales Motion to Dismiss Pursuant to FRCP 12(B) had been hand delivered on this the _14th_ day of _MAY_, 2004 to opposing counsel.


John Ocie Roberts

CAUSE NO. 2000-09-3842-C

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE and AC CARTE | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING TRIAL, DISMISSING CASE-IN-CHIEF AND SEVERING COUNTERCLAIM

On the 28th day of March, 2001, came on to be considered Plaintiff's, John Ocie Roberts Motion for Reinstatement and for Trial Setting Hearing and Counter-Plaintiffs', ELEANOR CARTE and A C CARTE Motion for Reinstatement and for Trial Setting of Counterclaim in the above-entitled civil action. Counter-Plaintiffs appeared by and through attorney of record, Javier González and *pro se* plaintiff, John Ocie Roberts did not appear although duly notified of Counter-Plaintiffs' Motion being set for hearing by order dated March 12, 2001 and of his own Motion to Reinstate by Order dated March 22, 2001. The Court after considering the arguments of counsel, the pleadings on file, having the *pro se* plaintiff paged over the intercom to the Court's chambers to confer with opposing counsel to obtain a mutually agreeable trial date, the evidence presented and the applicable law is of the opinion that Counter-Plaintiffs' Motion for Reinstatement and for Trial Setting of Counterclaim is granted. Accordingly, it is therefore,

ORDERED, ADJUDGED and DECREED that Counter-Plaintiffs' Motion for Reinstatement and for Trial Setting of Counterclaim is GRANTED, and that the Counterclaim is reinstated and set for trial only. It is further,

Exh A

43255.962302 1:032901

24

ORDERED, ADJUDGED and DECREED that *pro se* Plaintiff's Motion for Reinstatement and for Trial Setting Hearing is DENIED, although *pro se* Plaintiff having been duly notified of the hearing on his Motion and Counter-Plaintiffs' Motion by Orders dated March 22 and 12, 2001, respectively, and being called over intercom at the Cameron County Courthouse on March 28, 2001 to appear in the Court's chambers to confer with opposing counsel on an agreeable trial date and *pro se* plaintiff's failure to appear at the hearing on March 28, 2001. Accordingly, the Court dismisses plaintiff's claims for want of prosecution as advised in the Court's Order dated February 15, 2001. It is further.

ORDERED, ADJUDGED and DECREED that at the request of Counter-Plaintiffs' counsel, the case is taken off the jury docket and placed on the Court's bench docket, without objection made at the hearing on March 28, 2001 by the *pro se* plaintiff, and the case is hereby set for announcements on August 10, 2001 at 9:00 a.m. with a bench trial on August 13, 2001 at 9:00 a.m. in this Court. It is further.

ORDERED, ADJUDGED and DECREED that Counter-Plaintiffs' Counterclaim is severed from this action at the request of Counter-Plaintiffs' counsel at the hearing on March 28, 2001 and so the Counterclaim is made the subject of a separate action to be styled *Eleanor Carte vs. John Ocie Roberts* and shall have the following docket No.: _____2001-05-2303-C_____.

SIGNED FOR ENTRY this 4th day of ~~March~~ April, 2001.

Midalia Lopez
HON. MIGDALIA LOPEZ
JUDGE PRESIDING

c: Javier González, ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P., P. O. Box 3509, Brownsville, Texas 78523-3509

cc: John Ocie Roberts, *pro se* Party, 1726 N. Commerce, Harlingen, Texas 78550

48255:962302.1·032901                    -2-

PLEASE NOTE: SEVERED CASE IN NOW NO.#2001-05-2303-C IN THE 197TH COURT STYLED ELEANOR CARTE -VS- JOHN OCIE ROBERTS

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 18 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

CAUSE NO. 2000-09-3842-C

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, PLAINTIFF | § | IN THE DISTRICT COURT |
| VS. | § | JUDICIAL DISTRICT |
| ELEANOR CARTE | § | |
| AC CARTE | § | CAMERON COUNTY, TEXAS |
| DEFENDANTS | § | |

*******************************************************************************

## ORIGINAL PETITION

To The Honorable Judge of Said Court:

Comes now, John Ocie Roberts, Plaintiff herein, and files this his ORIGINAL PETITION in the above styled and numbered cause and brings the motion pursuant to the Declaratory Judgment Act §37.001 ET seq of the Civil Practice and Remedies Code, and for his grounds would show the court the following:

### I.
### Jurisdiction and Venue

Jurisdiction is proper in this Court in that it is for determination of title to land, as the ultimate result of this litigation therefore; this court holds the exclusive jurisdiction.

Venue is proper in this court in that the land is situated in this county.

### II.
### Parties

Plaintiff, John Roberts, is an individual residing in this county.

Defendant, Eleanor Carte, is an individual residing in Nueces County, and may be served with service of citation at:

1726 2nd St.

Corpus Christi, Texas 78404

Defendant, A C Carte, is an individual residing in the County of Nueces, State of Texas and may be served with citation at:  *NO NEED FOR SERVICE AT THIS TIME*

*Ex. B*

## III.
## THE PROPERTY

This case should be treated as a level 3 (three) according to the discovery rules in Rules 190,et seq. of the Texas Rules of Civil Procedure.

The subject matter of this lawsuit is a tract of land situated in Cameron County, Texas and shall be hereinafter referred to as the "Property". Said property is the following:

*ABSTRACT 10 MINN-TEX BLK 80 40 ACRES*

Incident to the property, is a contract for the sale/purchase of the property. It is a contract signed by the parties to this lawsuit. (Exhibit A is a true and correct copy of the contract and is incorporated by reference as if fully copied herein.) Said instrument shall hereinafter be referred to as "contract".

## IV.
## FACTS

On or about the 15th day of January 1984, parties entered into negotiations for the sale and purchase of the property. Defendants Eleanor Carte and A C Carte and Plaintiff, Buyer had paid on options on the property to be applied later to the sales price. A C Carte and Eleanor Carte were the sellers and Plaintiff, John Ocie Roberts, was the buyer. The sellers' offers were reduced to writing as a proposed contract. The Defendants/Sellers explained what each clause meant and Plaintiff/Buyer accepted their contract with their explanations. The contract was signed on or about the 13th of February 1987. Defendants claimed they were the owners of the property and would deliver a free and clear general warranty deed. Plaintiff intended to make it his residence as soon as property was paid for.

Plaintiff began to make payments in reliance of Defendant's promises as stated in the contract and explained by Defendants/Sellers. Plaintiff also began to make improvements.

Defendants informed Plaintiff that the terms of the contract were very liberal in that land was difficult to sell at that period of time. In the latter part of the 1980's, land prices were totally deflated. Plaintiff was induced to buys in that the interest was a simple 10 %; he could actually be late up to three months and the Defendants would not foreclose; and the price being offered of almost $1,950.00 per acre, was a very low price for the area. He was also told that part of the money he paid for this option to buy would be applied for the contract. Therefore, he bought the property. He has faithfully paid on the property.

Defendants have called Plaintiff to inform him that he has been late on his payment. Plaintiff then and there invoked his right under the contract. However, the check that Plaintiff sent Defendant has not been cashed. This check would have placed him within the 60-day period as stated in the contract.

Plaintiff has also requested an accounting and an amortization schedule. Defendants have refused to comply with such a request. Plaintiff then went to speak to Seller/Defendant, A C Carte only to find out

that Defendant Carte was selling his portion to Defendant Eleanor Carte. He stated that there was not going to be a judicial foreclosure as he had envisioned in that Defendant Eleanor Carte was now the full owner.

Plaintiff alleges that Defendants are defrauding him for their internal contracts. Plaintiff contracted with Defendant A C Carte, yet Carte is apparently no longer an owner. He has apparently sold his portion.

Plaintiff has been informed of a payment plan that he is to follow. Under the plan he is now being inform ed, it is a negative interest plan. This means that the more he pays, the more money he owes in that his payment does not cover the interest being charged under the contract. That is not what he was told when he was buying the property. And now he is told that even 10 (ten) or 20 (twenty) years from now, if he is delinquent of over 60 days, the Defendants/Sellers may keep the property.

The Plaintiff has learned that the property overpriced by double of the value of the land. He was told he would only get a judicial foreclosure if necessary as if this document were a deed of trust.

All this has been to Plaintiff's damage.

## V.

Plaintiff has met all conditions precedent.

## VI.
## CAUSES OF ACTION

Plaintiff brings this action pursuant to Section 37.001 et seq. of the <u>Texas Civil Practice and Remedies Code</u>, the Declaratory Judgments Act. This is needed in that Plaintiff's rights are based on a contract, which is either deficient or fraudulent.

All the acts of Defendants are willful, intentional, knowing and unconscionable. Plaintiff has asked for an accounting and an amortization schedule.

Plaintiff brings his actions on breech of contract, reformation of the contract, specific performance and fraud, both common law and pursuant to Section 27.01 of the Texas Business and Commerce Code.

Plaintiff alleges that Defendants have given Plaintiff an illusory contract or else, the court should reform the contract so as to be enforceable according to the representations of Defendants.

Plaintiff's claim for statutory fraud is based on a false representation made by the defendants. Plaintiff would show the court;

1.   A binding, valid contract to sell real estate exists if reformed.
2.   The defendant made a false representation of a past or existing material fact. I.e. Defendants stated that some of the option money would apply. Also, the value of the property was exaggerated, and the interest to be 10% simple.

3. The representation was made to the plaintiff for the purpose of inducing the plaintiff to enter into the contract.

4. The plaintiff relied on the defendants' representation in entering into the contract.

5. The plaintiff was injured as result and incurred damages, which includes actual, special and exemplary damages, along with attorney's fees and costs.

Also, plaintiff's claims for statutory fraud is based on the defendant's false promise to act. Plaintiff would show the court the following:

1. A binding, valid contract to sell real estate exists; if reformed.

2. The defendant made a false promise to do an act; they would honor 60-day wait before writing a foreclosure letter.

3. The defendant's promise was material.

4. The defendants made the promise with the intention of not fulfilling it.

5. The defendant made the promise to the plaintiff for the purpose of inducing the plaintiff to enter into the contract.

6. The plaintiff relied on the defendant's promise in entering into the contract.

7. The plaintiff was injured as result and incurred damages, which may include actual, special and exemplary damages, along with attorney's fees and costs.

## VII.
## DAMAGES

Plaintiff has suffered damages in that he is paying into a totally illusory contract if Defendants' demands are met. Plaintiff has significantly improved the property.

Due to Defendant's conduct, being willful, intentional, and knowing, and due to such careless disregard for the rights of others, Plaintiff alleges exemplary damages should be imposed.

The amount of actual damages is no less than $150,000.00. Exemplary damages should be three times that amount.

## VIII.
## JURY REQUEST

Plaintiff demands a trial by jury and the fees have been paid.

## IX.

## ATTORNEY FEES

Plaintiff hereby requests attorney fees in that attorney fees are authorized by Sec. 38.001 et seq. of the Texas Civil Practice and Remedies Code and the Texas Business and Commerce Code §27.001.

Plaintiff, John Ocie Roberts, prays that Defendants Eleanor Carte and A C Carte be cited to appear and file an answer herein. That upon final adjudication, that the contract be reformed to include a clarification of 10% simple interest on the full amount; that an accounting be given to Plaintiff; that an amortization schedule be given to Plaintiff; that actual damage be awarded to Plaintiff; that post judgment interest be awarded to Plaintiff; that exemplary damages be awarded to Plaintiff; that the transaction be declared an attempted fraud on Plaintiff by Defendants; that attorney fees be awarded to Plaintiff; that Plaintiff be awarded any other relief at law or in equity, as he may show himself justly entitled to receive.


Respectfully Submitted,


John Ocie Roberts
1726 N. Commerce
Harlingen, Texas 78550
956-797-0027

FILED ____ O'CLOCK ___ A ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 1 8 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2000-09-3842-C

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, PLAINTIFF | § | IN THE DISTRICT COURT |
| VS. | § | |
| ELEANOR CARTE | § | JUDICIAL DISTRICT |
| AC CARTE | § | |
| DEFENDANTS | § | CAMERON COUNTY, TEXAS |

**VERIFICATION**

STATE OF TEXAS§
COUNTY OF CAMERON§

Before me, the undersigned Notary Public, on this day personally appeared John Ocie Roberts who being by me duly sworn on his oath deposed and said that he is the above-entitled and numbered cause; that he has read the above and foregoing ORIGINAL PETITION and that every statement contained in it is within his personal knowledge and is true and correct.

_____
John Ocie Roberts

SUBSCRIBED AND SWORN TO BEFORE ME on 17th of Sept _____, 2000, to certify which witness my hand and official seal.

JULIE A. BARNETT
Notary Public, State of Texas
My Commission Expires
December 22, 2002

_____
Notary Public

_____Julie A. Barnett_____
Typed Name

Notary Public in and for Cameron County, Texas.

CERTIFIED COPY

## CAUSE NO. 2001-05-2303-C

| | | |
|---|---|---|
| ELEANOR CARTE, | § | IN THE DISTRICT COURT |
| *Counter-Plaintiff* | § | |
| | § | |
| vs. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| JOHN OCIE ROBERTS | § | |
| *Counter-Defendant* | § | CAMERON COUNTY, TEXAS |

## <u>JUDGMENT</u>

On the 13TH day of August, 2001, came on to be considered this severed counterclaim wherein **ELEANOR CARTE and CELESTE BOWMAN, AS INDEPENDENT EXECUTRIX OF THE ESTATE OF A C CARTE** are Counter-Plaintiffs and **JOHN OCIE ROBERTS** is Counter-Defendant. The Court after calling this case for trial on its bench docket, without objection by counter-defendant, counter-plaintiffs announced present and ready for trial and counter-defendant did not appear notwithstanding having been given notice of the setting by order dated April 4, 2001 in this cause and Cause No. 2000-09-3842-C styled *John Ocie Roberts v. Eleanor Carte, et al.* Upon such announcements, the Court called this case back up for a bench trial on August 15, 2001, wherein counter-plaintiffs announced present and ready for trial and counter-defendant did not appear nor object to the case proceeding before the bench. The Court took judicial notice of all documents in this cause and cause no. 2000-09-3842-C and proceeded thereafter to a trial wherein counter-plaintiffs presented evidence before the Court. The Court after considering the pleadings on file in this civil cause, the applicable law, the argument of counsel and the evidence presented is of the opinion that judgment should be granted for and in favor of counter-plaintiffs, **ELEANOR CARTE and CELESTE BOWMAN, AS INDEPENDENT EXECUTRIX OF THE ESTATE**

Exhibit C

**OF A C CARTE** against counter-defendant, John Ocie Roberts and enters the following orders accordingly:

**ORDERED, ADJUDGED and DECREED** and the Court so finds that the allegations in counter-plaintiffs Original Counterclaim filed in Cause No. 2000-09-3842-C and severed into this cause of action are admitted and accepted and the Court further finds that on or about March 21, 1984, a option to purchase (hereinafter "the option to purchase") was entered into between Eleanor Carte and A. C. Carte and John Roberts for the purchase of approximately 40 acres of land such being more fully defined and described in that certain warranty deed from Aurora Longoria to Eleanor Humphries and filed of record on September 1, 1961, and that land described in that certain warranty deed executed by Antonias Sanchez and Pedro Vite Sanchez to Eleanor Hendricks, same being filed of record in Volume 1232, page 743, Deed Records of Cameron County, Texas (hereinafter "the property") wherein Eleanor and A. C. Carte were the Sellers and John Roberts the Purchaser and that thereafter on or about February 13, 1987, a contract for deed was signed and entered into between A. C. Carte and Eleanor Carte as Sellers and John Roberts as Purchaser of the property (hereinafter "the contract for deed"). The Court further finds that there has been a material breach and default of said option to purchase and contract for deed and said defaults were not remedied. The Court further finds that counter-plaintiffs have suffered damages and are entitled to any past installment payments by counter-defendant as liquidated damages, pursuant to the contract for deed and counter-plaintiff, Eleanor Carte shall have as her separate and sole property, the property reverted back and awarded to her for her exclusive use, ownership and possession and shall have the right to re-enter and take possession of the property to the exclusion of counter-defendant under said contract for deed. The Court further finds that pursuant to the Texas Declaratory

Judgments Act, counter-plaintiffs are *"prevailing parties"* as that term is defined by law and as such, are entitled to recover reasonable attorney's fees and also as allowed under §38.001 of the Texas Civil Practice & Remedies Code, as a result of the material breaches of contract. The Court further finds that counter-plaintiffs shall have judgment against counter-defendant for the debt owed, property taxes, court costs, attorney's fees and pre-judgment and post-judgment interest as provided by law and automatic reversion and ownership of the property back to Eleanor Carte, without cloud to title. Accordingly, it is therefore,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs recover the sum of $7,500 for unpaid payments up until August of this year under the contract for deed and interest as stated under the contract for deed on this amount at 10% annual simple interest of $500 from June of 2000. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs shall have and recover from counter-defendant the sum of $1,050 under the option to purchase and pre-judgment interest on that amount at the rate of 6% annual simple interest of $912.88 from February 13, 1987. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs shall have and recover against counter-defendant the sum of $5,000 under the contract for deed plus pre-judgment interest at the rate of 10% annual simple interest of $1,347.85 from December 3, 1998. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs shall have and recover from counter-defendant the sum of $101.71 for unreimbursed property taxes paid for tax years 1984 through 1986 to the Cameron County tax office plus pre-judgment interest at the rate of 6% annual simple interest of $84.79 from September 21, 1987. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs shall have and recover from counter-defendant the sum of $600 for unreimbursed property taxes paid to the La Feria Independent School District for tax year 1997; to La Feria Irrigation district for tax years 1990-1997; and to Cameron County for tax years 1994-1997 and court costs and attorney's fees at a pre-judgment simple interest of 10% of $170.95. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs shall have and recover from counter-defendant unpaid property taxes from 1998 through 2000 for Cameron County taxes of $1,079.60; for La Feria Independent School District taxes in the amount of $3,361.57; and for La Feria Irrigation District taxes in the amount of $750.24; and also recover and have pro-rated estimated taxes for each of these three taxing entities for the year 2001 up to August 14, 2001 of $649.23 for Cameron County; $101.68 for the La Feria Irrigation District; and $481.88 for the La Feria Independent School District. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs have and recover from counter-defendant reasonable attorney's fees in the amount of $11,945.00 and an additional $10,000 in reasonable attorney's fees should this case be appealed to the Court of Appeals and an additional $10,000 for reasonable attorney's fees should this case be appealed to the Texas Supreme Court. It is further,

**ORDERED, ADJUDGED and DECREED** that Eleanor Carte shall retain any and all previous payments made by counter-defendant as liquidated damages as provided under the contract for deed; that the contract for deed and agreement is determined to be of no further force or effect; that John Ocie Roberts is ordered to surrender possession of the property to Eleanor Carte and she shall have the right to re-enter and take full possession of such property to the complete exclusion

of John Ocie Roberts and others as provided under the contract for deed and as specific performance under such contract and that a writ of possession shall issue to place Eleanor Carte in possession of the property without the requirement that she start proceedings for that purpose and this Order shall be relied upon and acted upon instanter by any Sheriff or Constable or other law enforcement officer(s) within the County, as provided under Texas Rule of Civil Procedure 310. It is further,

**ORDERED, ADJUDGED and DECREED** that title to the property is quieted in favor of Eleanor Carte as her sole and separate property and ownership and she is granted any and all remedies and benefits to the property and entitled to any and all rights, ownership and glories to the property and title, ownership and any and all rights and interest to the property are automatically conveyed and transferred in fee simple, without any cloud to title, to Eleanor Carte and that this judgment shall be filed as a conveyance and transfer of such property to Eleanor Carte as the sole and rightful owner in fee simple in the official deed records of Cameron County, Texas and shall serve as a full conveyance of the property to Eleanor Carte as owner and give notice to all others who may act or rely upon it. It is further,

**ORDERED, ADJUDGED and DECREED** that for taxing purposes, any and all taxing entities including but not limited to Cameron County, the La Feria Irrigation District, the La Feria Independent School District and the Cameron County Appraisal District are hereby ordered to change their tax rolls to reflect Eleanor Carte at P. O. Box 331276 in Corpus Christi, Texas 78463 as owner of the property and that such taxing entities and Appraisal District shall treat the property as vested in Eleanor Carte for any and all taxing purposes upon the date of this Order and are ordered to do so for Cameron County account nos. 85/5380/0800/0100/10 and 85/5380/0800/0100/00; for the La Feria Irrigation District account nos. 00029-00-080-0001-00 and 00029-00-080-0000-00; and

for the La Feria Independent School District account nos. of 855380-0800-0100-10 and 855380-0800-0100-00; and that Eleanor Carte shall be reflected as title owner of the property the subject of this suit on any and all tax rolls and as owner and possessor of the property and that it be declared and ordered that there are no clouds, encumbrances, hypothecations, liens, hindrances, or other claims to the property other than property taxes owed to Cameron County, the La Feria Irrigation District for 1998 to the present and the La Feria Independent School District and any such other encumbrances, hypothecations, liens, hindrances, clouds or claims to the property are extinguished by this judgment and that the only allowable encumbrances, hypothecations, hindrances, liens or claims, except for taxes owed for 1998 to the present to the three taxing entities noted above, shall only be those created by Eleanor Carte and no other person or entity.  It is further,

**ORDERED, ADJUDGED and DECREED** that this judgment shall be effective after recording in the official records of Cameron County, Texas where the property is located ,to establish a chain of title awarding fee simple interest to Eleanor Carte only and serve to give notice thereof to any and all persons or entities hereafter.  It is further,

**ORDERED, ADJUDGED and DECREED** that any and all subtenants, tenants, lessees or other possessors on the property now, shall be allowed to finish their lease terms and it is ordered that they are to pay monthly rents hereon out to Eleanor Carte for her use and benefit at P. O. Box 331276 in Corpus Christi, Texas 78463 or in person to her via hand-delivery and she is to be considered landlord and lessor of the property to them and that Eleanor Carte shall notify each and every such subtenant, tenant, lessee or other possessor of the property in writing of her status as owner, landlord and lessee of the property and that rent payments are to be directed to her and that if any such lease term or arrangement by which a subtenant, tenant, lessee or other possessor of the

property is to be extended, it shall be done at the sole discretion of Eleanor Carte and any such agreement by her shall be signed in writing to be enforceable.  It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs recover and have judgment against counter-defendant, post-judgment interest at the rate of 10% per year on the total judgment herein from the date of judgment rendered herein until paid, compounded annually and counter-plaintiff shall recover all court costs.  It is further,

**ORDERED, ADJUDGED and DECREED** that with the ordering of this judgment, this judgment expressly disposes of all claims and all parties of this severed action and this is a final judgment as to all claims and all parties in the severed action and counter-plaintiffs are granted and allowed all such writs and processes that may be necessary, including seizure, execution, and garnishment and all such other writs and processes, to collect this judgment.

The Court denies all relief not expressly granted in this judgment.

**SIGNED FOR ENTRY** this ___11th___ day of August, 2001.

_____
**JUDGE PRESIDING**

AUG 1 - 2001

cc:    Hon. Javier González
       ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
       P. O. Box 3509
       Brownsville, Texas 78523-3509

cc:    John Ocie Roberts
       1726 N. Commerce
       Harlingen, Texas 78550

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

AUG 17 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 12/3/01
BY _____ DEPUTY



CAUSE NO. 2002-01-252-E

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
|    *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| ELEANOR CARTE, THE ESTATE OF | § | 357TH JUDICIAL DISTRICT OF |
| A.C. CARTE BY AND THROUGH | § | |
| ITS EXECUTRIX, CELESTE BOWMAN | § | |
| AND JAVIER GONZALES | § | |
|    *Defendants* | § | CAMERON COUNTY, TEXAS |

## ORDER GRANTING REMOVAL OF DRAINAGE PIPES

On the 1st day of April, came on to be considered defendants', **ELEANOR CARTE and THE ESTATE OF A.C. CARTE, BY AND THROUGH ITS EXECUTRIX, CELESTE BOWMAN** Motion for Removal of Drainage Pipes and Apparel on Real Estate in the above-entitled civil action. The court after considering the pleadings on file, the evidence presented, the arguments of counsel and the applicable law is of the opinion that motion should be granted. Accordingly, it is therefore,

**ORDERED, ADJUDGED and DECREED** that defendants', Eleanor Carte and the Estate of A.C. Carte, by and through its Executrix, Celeste Bowman Motion for Removal of Drainage Pipes and Apparel on Real Estate is **GRANTED** in its entirety. The court orders the following pertaining to the following real estate (hereinafter "the property"):

> APPROXIMATELY FORTY (40) ACRES OF LAND
> DESCRIBED IN THAT CERTAIN WARRANTY DEED
> FROM AURORA LONGORIA TO ELEANOR HUMPHRIES
> AND FILED OF RECORD ON SEPTEMBER 1, 1961,
> AND THAT LAND DESCRIBED IN THAT CERTAIN
> WARRANTY DEED EXECUTED BY ANTONIAS SANCHEZ
> AND PEDRO VITE SANCHEZ TO ELEANOR HENDRICKS,
> SAME BEING FILED OF RECORD IN VOLUME 1232,

49802:1098285.1:040204

Exhibit D

PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.

**ORDERED, ADJUDGED and DECREED**:

1)   That all drainage pipes and any appurtenances thereto, be ordered to be removed from the property *instanter*;

2)   that said removal of these drainage pipes and appurtenances, be only authorized by Eleanor Carte, to be done by W. T. Liston; and

3)   that said drainage pipes and any appurtenances thereto, be removed by and at the cost of W.T. Liston of La Feria.

**SIGNED FOR ENTRY** this 1st day of April, 2004.

_____
**JUDGE PRESIDING**

Copies to:

Hon. Javier González
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78523-3509

Hon. Raul A. Guajardo
Law Office of Raul A. Guajardo
909-A Nyssa Avenue
McAllen, Texas 78501

John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559

CASE NO. 2622

DAVID DOUGLAS AND                    }          IN THE COUNTY COURT
PATIENCE DOUGLAS,                    }
    Defendants/Appellants            }
                                     }
VS.                                  }
                                     }
RICHARD KEMP AND TINA KEMP           }
    Plaintiffs/Appellees.            }          WILLACY COUNTY, TEXAS

## FINAL JUDGMENT

On the date entered below, came on for hearing the Appeal of the Judgment of the Justice Court, Precinct 3, Place 1, Willacy County, Texas, rendered, signed and entered on the 30th day of July, 2002 by Judge Sabas Garza, Justice of the Peace, Precinct 3, Place 1, Willacy County, Texas, in Cause No. 2119 in said Justice Court, Precinct 3, Place 1, Willacy County, Texas. This County Court, sitting as an Appellate Court set this case for trial on the merits on the date entered below. Plaintiff, RICHARD A. KEMP and wife, TINA D. KEMP, appeared in person and by and through their attorney of record, PATRICK M. DOOLEY. Defendants and Appellants, DAVIS DOUGLAS and PATIENCE DOUGLAS *appeared by and through attorney Abe Robles* .

The Court, after considering the evidence and the argument of counsel is of the opinion that the following Order should be entered.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that Defendants and Appellants, DAVID DOUGLAS and wife, PATIENCE DOUGLAS, are guilty of forcible detainer with respect to the property described as follows:

> The leasehold interest and estate in and to the south 25' (twenty-five feet) of Lot No. 52 and all of Lot No. 53, Block No. 13, Port Mansfield, Willacy County, Texas, according to the official map or plat thereof of record in Volume 3, Page 21, Map Records, Willacy County, Texas, as such interest is reflected in that certain Residential Lease Agreement dated August 14, 1991 by and between the Willacy County Navigation District, as Lessor, and John

cw/civil-19/kemp.r/judgment                    1

*Exhibit D*

F. Gallant and Dorothy M. Gallant, as Lessee, which is of record in Volume 35, Page 51, Official Real Record, Willacy County, Texas, and being the same property being referred to in a Warranty Deed with Vendor's Lien dated January 3, 1994, wherein John F. Gallant and wife, Dorothy M. Gallant, are Grantors and Richard A. Kemp and wife, Tina D. Kemp, are Grantees, said Deed found of record in Volume 091, Page 315 in the Real Property Records of Willacy County, Texas, also known as 701 Baffin Bay, Port Mansfield, Willacy County, Texas.

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA KEMP, are hereby awarded possession of the leased premises.

IT IS FURTHER ORDERED that Plaintiff, RICHARD A. KEMP and wife, TINA KEMP, are awarded judgment from and against Defendants, DAVID DOUGLAS and wife, PATIENCE DOUGLAS, jointly and severally for the sum of $ ~~3,000.00~~ $3,000.00 as rent due and owing prior to this appeal; and, the further sum of $_____ as rent unpaid during the pendency of this appeal; and the sum of $_____ representing the damages incurred and sustained by Plaintiff, RICHARD A. KEMP and wife, TINA D. KEMP, also known as RICHARD KEMP and wife, TINA KEMP, to obtain possession of the property, which damages include the reasonable rental value of the property during the pendency of the appeal, less sums paid in rental during the pendency of the appeal while the property has been withheld from the owners, RICHARD A. KEMP, also known as RICHARD KEMP, and wife, TINA D. KEMP, also known as TINA KEMP; and also judgment from and against each Defendant, DAVID DOUGLAS and wife, PATIENCE DOUGLAS, jointly and severally for the sum of $_____, representing the

reasonable and necessary attorney's fees ~~incurred by Plaintiffs, RICHARD~~ A. KEMP and

wife, TINA D. ~~KEMP~~, through the trial ~~hereof, and~~ this appeal.

~~IT IS~~ FURTHER ORDERED that Plaintiffs, ~~RICHARD~~ A. KEMP and wife, TINA D.

KEMP, have and recover of and ~~from~~ *Pamela*              surety ~~on the~~ appeal bond in

this cause, the ~~sum~~ of $ *3,000* *00*              ~~for rent due and owing; $~~              ~~for~~

~~damage; and $~~              ~~representing reasonable and necessary attorney's fees.~~

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA D.

KEMP, are awarded a writ of possession with respect to the property which shall issue

following the expiration of *Ten (10)* ~~five (5)~~ days from the time this Judgment is signed.

IT IS FURTHER ORDERED that Plaintiffs, RICHARD A. KEMP and wife, TINA D.

KEMP, in accordance with Texas Rule of Civil Procedure 749B(4) are entitled to all sums

that have been deposited into the Registry of the County Court of Willacy County in this

cause, with said sums to be delivered by the Clerk of the Court upon signing and rendition

of this Judgment.

IT IS FURTHER ORDERED that all costs of Court shall be taxed against Defendants,

DAVID DOUGLAS and wife, PATIENCE DOUGLAS, for which let execution issue.

Signed the 24th day of March, 2004.

FILED *24* DAY OF *March*
20 *04*    *2:16 pm*
TERRY FLORES, CLERK COUNTY
COURT, WILLACY CO., TEXAS
BY

Deputy

ROBERT F. BARNES, SPECIAL JUDGE
PRESIDING AS COUNTY JUDGE IN THE
COUNTY COURT OF WILLACY COUNTY,
TEXAS IN HIS ITS APPELLATE CAPACITY

F I L E D
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

APR - 2 2004

CATHY WILBORN, CLERK
BY

13-04-173-CV

CAUSE NO    2622

| | | |
|---|---|---|
| DAVID DOUGLAS AND | * | IN THE COUNTY COURT |
| AND PATIENCE DOUGLAS | * | |
| | * | AT LAW |
| VS. | * | |
| RICHARD AND TINA KEMP | * | WILLACY COUNTY TEXAS |

## NOTICE OF APPEAL

Comes Now, Patience Douglas and David Douglas, Plaintiffs- appellants, who file this their Notice of Appeal of the Judgment entered in this Cause.

### I

A jury trial was set for the 24th of March, 2004 before the Hon. Judge Robert Barnes. Prior to the trial date, the Hon. Judge Barnes sent an Order advising of the trial date and including a notice that the county had no funds for a jury to be paid with. Plaintiffs appeared through their counsel, Noe Robles.

### II

The Court after objection by Counsel for Plaintiff and without notice, evidence, testimony or any legal basis, entered a judgment in favor of Defendant. Such entry of judgment violated the Plaintiffs right to a trial by jury. Such judgment was not supported by any evidence, testimony, sworn affidavits and was objected to by Plaintiff counsel.

### III

Plaintiffs-appellants file this notice of appeal and hereby request that after hearing the judgment be reversed and the cause remanded.

Respectfully Submitted,

JJ = 3/24/04
NOA = 4/2/04
60th day = 5/23/04 (Sun) 5/24/04 (Mon)

BY: ALBERT VILLEGAS
1324 EAST SEVENTH STREET
BROWNSVILLE, TEXAS 78520
TELEPHONE: (956) 544-3352
TELECOPIER: (956) 544-7828
STATE BAR NO: 20585450
ATTORNEY FOR PLAINTIFF-APPELLANT

Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been forwarded to counsel of record by fax and mail on the 1st of May, 2004.

_____
ALBERT VILLEGAS

CAUSE NO. 2002-01-252-E

| | | |
|---|---|---|
| JOHN OCIE ROBERTS,<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§<br>§ | |
| ELEANOR CARTE, THE ESTATE OF<br>A.C. CARTE BY AND THROUGH<br>ITS EXECUTRIX, CELESTE BOWMAN<br>AND JAVIER GONZALES<br>*Defendants* | §<br>§<br>§<br>§<br>§ | 357TH JUDICIAL DISTRICT OF<br><br>CAMERON COUNTY, TEXAS |

**FIRST SUPPLEMENTAL ORDER FOR ISSUANCE OF TEMPORARY INJUNCTION**

On the 13th and 14th days of November 2003 and the 15th day of January, 2004 for purposes of receiving evidence, and on the 1st day of A il, 2004, for purposes of entering this supplemental order, came on to be heard defendants/applica ts', **ELEANOR CARTE and THE ESTATE OF A.C. CARTE, BY AND THROUGH IT EXECUTRIX, CELESTE BOWMAN** Second Supplemental Motion/Application for Tempo ry Injunction & For Emergency Relief in the above-entitled civil action. The court after conside ng said motion, the pleadings on file, the evidence presented, the arguments of counsel and the applicable law is of the opinion that said motion/application should be granted. Accordingly, it is therefore,

**ORDERED, ADJUDGED and DECREED** that defendants/applicants', Eleanor Carte and the Estate of A.C. Carte, by and through its Executrix, Celeste Bowman Second Supplemental Motion/Application for Temporary Injunction & For Emergency Relief is **GRANTED** in its entirety. The court supplements its order of January 29, 2004; finds there is evidence that harm is imminent to defendants, and if the court does not issue the temporary injunction, defendants will suffer irreparable harm. More specifically, the injury shown includes, a diminishment of Eleanor

49802:1099796.1:040204

*Exhibit E*

Carte's ability to sell the property and possibility of it being sold; an interference with her right to

have exclusive "use and enjoyment" of her property; and an interference with her right to absolute

possession of it. Also, other injuries include Ms. Carte being  distressed; has suffered mental

anguish; and her medical symptoms have been aggravated,  from what she feels is continual

harassment by John Ocie Roberts.  The injuries are irreparable because allowing interference or use

or occupancy of the property may be argued later as adverse possession; she will not be able to sell

her property or give fee simple title, due to perceived "clouds;" she will not have absolute possession

of the property; she will not have exclusive use and enjoyment of the property; the property value

will diminish; it inhibits on her rights to be able to sell the property;  Ms. Carte will be further

distressed; suffer further mental anguish; and her medical symptoms will further aggravate.  The

court orders the following pertaining to the following real estate (hereinafter "the property"):

> **APPROXIMATELY FORTY (40) ACRES OF LAND**
> **DESCRIBED IN THAT CERTAIN WARRANTY DEED**
> **FROM AURORA LONGORIA TO ELEANOR HUMPHRIES**
> **AND FILED OF RECORD ON SEPTEMBER 1, 1961,**
> **AND THAT LAND DESCRIBED IN THAT CERTAIN**
> **WARRANTY DEED EXECUTED BY ANTONIA SANCHEZ**
> **AND PEDRO VITE SANCHEZ TO ELEANOR HENDRICKS,**
> **SAME BEING FILED OF RECORD IN VOLUME 1232,**
> **PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.**

**ORDERED, ADJUDGED and DECREED** that a temporary injunction is hereby issued,

enjoining and/or ordering the following:

1)      John Ocie Roberts, Mario M. Mendoza, and any other unknown individuals or
        entities, their families, agents, guests, invitees, servants, employees, representatives,
        and friends from staying or living on the property; causing or coming; near or around
        Ms. Eleanor Carte or the property; from unauthorized, occupancy, entrance or
        trespassing onto or near the property; from fencing of the property; from placement
        of structures, items on the property, without the express, written consent of Eleanor
        Carte; from holding themselves out or giving the apparency of having an interest or

ownership in the property or being record owner; be enjoined from taking any action in an attempt to lease, convey, hypothecate or in any way, encumber the property; from placement of any signs or posting on the property; from removal of Ms. Carte's "For Sale" and "No Trespassing" signs or other signage she may place or cause to be placed on her property; from harassing, calling, mailing or speaking with Ms. Eleanor Carte; from threatening in any manner, verbal, in writing or through conduct, or causing such, against Ms. Eleanor Carte; and otherwise from interfering with Ms. Carte's property rights, in any shape, manner or form;

2)    that applicants are hereby issued a writ of possession to the property and order respondents and any other individual or entity, to vacate the property *instanter*;

3)    that plaintiff or anyone else not to be on the property any longer or interfere with Ms. Carte's use of it;

4)    that Ms. Carte is hereby authorized and not enjoined to sell the property in fee simple, without any cloud to title;

5)    that plaintiff is hereby established as a "vexatious litigant" under existing law;

6)    that John Ocie Roberts not come on to or near the property;

7)    that John Ocie Roberts or anyone else be prohibited from placing any item or structure onto the property, without the express, written consent of Eleanor Carte, the legal owner of the property;

8)    that John Ocie Roberts be ordered not to hold himself out or give the apparency of having an interest or ownership in the property or being record owner of it to anyone or entity;

9)    that John Ocie Roberts be enjoined from taking any action in an attempt to lease, convey, hypothecate or in any way, encumber the property;

10)    that a temporary injunction issue, operative until judgment is entered in this cause, enjoining John Ocie Roberts from occupying the property;

11)    that plaintiff not interfere or cause interference with the property;

12)    that plaintiff not place or cause to be placed objects or people on the property;

13)    that plaintiff not remove or deface anything placed on the property by Eleanor Carte or on her behalf;

14)    that plaintiff not trespass on the property;

15)    that defendant's ownership of the property has been and is open and hostile and consistent with exclusive ownership rights of the property;

16)    that it is hereby determined that such measures taken by this court because of this application, are determined to be lesser sanctions, directly related to the offenses or conduct complained of, so that any disobedience of orders issued because of this application, shall be punishable by civil and/or criminal contempt; and

17)    that should any of the above actions take place in items 1, 3 and 5-14, that such acts be punishable by civil and/or criminal contempt.

It is further, **ORDERED, ADJUDGED and DECREED** that bond in the amount of

**$5,000.00** be posted by defendant, Eleanor Carte.

It is further, **ORDERED, ADJUDGED and DECREED** that the above-styled and

numbered cause is hereby set for trial on the merits on the _20th_ day of _September_, 2004,

at 8:30 a.m.

**SIGNED FOR ENTRY** this _5th_ day of April, 2004.

FILED __4 00__ O'CLOCK __P__ M
AURORA DE LA GARZA DIST. CLERK

APR 1 3 2004

_____
**JUDGE PRESIDING**

DISTRICT COURT CAMERON COUNTY TEXAS
BY _____

Copies to:

Hon. Javier González
Royston, Rayzor, Vickery & Williams, L.L.P.
55 Cove Circle
Brownsville, Texas 78523-3509

John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559

CAUSE NO. 2002-01-252-E

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE, THE ESTATE OF | § | |
| A.C. CARTE BY AND THROUGH | § | |
| ITS EXECUTRIX, CELESTE BOWMAN | § | |
| AND JAVIER GONZALES | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER GRANTING SUMMARY JUDGMENT

On the 8th day of April, 2004, came on to be considered defendants', Eleanor Carte, the Estate of A.C. Carte, by and through its Executrix, Celeste Bowman and Javier González (misnamed as "Javier Gonzales") Motions for Summary Judgment in the above-entitled civil action. The court after considering the pleadings on file, the motions themselves, the applicable law, the evidence presented and the arguments of counsel and *pro se* parties, is of the opinion that the motions should be granted. Accordingly, it is therefore,

**ORDERED, ADJUDGED and DECREED** that defendants', Eleanor Carte, the Estate of A.C. Carte, by and through its Executrix, Celeste Bowman and Javier González (misnamed as "Javier Gonzales") Motions for Summary Judgment on traditional grounds and no-evidence, are hereby **GRANTED**. Defendants are hereby dismissed and granted summary judgment in this matter.

Costs are borne by the party incurring same.

**SIGNED FOR ENTRY** this 26 day of April, 2004.

10:35      A

**JUDGE PRESIDING**

Brenda M. Garcia

Exhibit F