UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILE 1

JUL 2 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| John Ocie Roberts | § | CIVIL ACTION NO. B-03-170 |
| | § | |
| vs. | § | |
| | § | |
| Eleanor Carte | § | |
| Estate of A. C. Carte | § | |
| Through its executrix, | § | |
| Celeste Bowman, | § | |
| Javier Gonzales, Salvador Gonzales | § | |
| and Harold Waite | § | JURY |

**PLAINTIFF'S REPLY TO DEFENDANTS' ELEANOR CARTE AND JAVIER GONZALES SUPPLEMENT TO THEIR MOTION TO DISMISS PURSUANT TO FRCP 12(B)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, John Ocie Roberts, and files this his Plaintiff's Reply to Defendants' Eleanor Carte and Javier Gonzales Supplement to Their Motion to Dismiss Pursuant to FRCP 12(B) in the above styled and numbered cause and would show the Court the following:

I.
**PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENT**

1.     This reply is  presented to this Court for the purpose of filling in the gaps so that the Court may review this case from a realistic perspective and not one placed in a false light.

2.     The state district court did issue an order granting summary judgment in cause No. 2002-01-252-E, and said case may be referred to as <u>John Ocie Roberts vs. Eleanor Carte et at.</u>  (Exhibit A is a true and correct coy of the motion for summary judgment and is incorporated by reference as if fully copied herein.)

3.      Defendants' motion for summary judgment encompasses four distinct points, which are:

> (a) A lawyer can do anything in the courtroom as long as he representing his client and the opposing side can not sue him nor can opposing party put a stop to such wrongful acts.

The courts have been consistent with the concept stated in <u>Cohn v. Conniasion for Lawyer Discipline</u>, 979 S.W. 2d 694 (Tex. C. ap. Houston, 145h Dist, 1998 reh overruled).

The Court stated " . . . Rule 3.03 (a)(1) encompasses false statements by a lawyer that might corrupt the course of the litigation."

Therefore, this Court should not take Defendants' statements on face value but should examine all the facts.

The Defendants' attorney totally mislead the district judge to the point of having Plaintiff's case dismissed even when the Court had already reinstated the case. Of course, Defendants' compulsory counterclaim was heard although it was a compulsory counter claim and the original claim was not before the court. However, the state trial judge by its action, found that an attorney may do anything and the opposing can not do anything about it.

> (b)   Defendants' second contention is that on a dismissed for want of prosecution, <u>res judicata</u> and collateral estoppel attach.

<u>Res judicata</u> means that the case has been fully adjudicated. (<u>State and County Mutual Fire Insurance Co. v. Miller,</u> 52 S.W. 3d 693 (Tex. 2001). Plaintiff's state case was dismissed for want of prosecution. The case wanted prosecution. It did not get prosecuted i.e. there was no trial. Therefore, as a matter of law it can not be <u>res judicata</u>. Counsel for Defendants wants to persuade this Court that although the terms are mutually exclusive i.e, dismissed for no finality and fully litigated,  there was <u>res judicata</u>.

The other aspect was collateral estoppel.  The case of <u>Bonniwell v. Beech</u>

Aircraft Corps, 663 S.W. 2d 816, (Tex. 1984).  To invoke the doctrine of collateral estoppel, a party must show: (1) the facts to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the present parties were adversaries in the prior action.

Again, since there was no litigation nor any hearings, there could not be collateral estoppel.

Therefore, as a matter of law, there can not be neither res judicata nor collateral estoppel.  However, the trial judge found such.

(c)    On the tortious interference with contract; it was less than two (2) weeks before Defendant A. C. Carte's death when Defendant Carte had Mr. A. C. Carte sign a quit claim deed to her.  Plaintiff had a contract with A. C. Carte and Defendant.  Eleanor Carte had Defendant A. C. Carte given her all of his rights.  Now, Plaintiff is limited to his recovery.  He can not recover from A. C. Carte's Estate.  And furthermore from whom does he receive clear title?

(d)    On the statute of limitations issue: This one by far is the most absurd.  Defendants cite and quote Section 16.004 of the Texas Civil Practice and Remedies Code however, Defendants propose the following:

The Plaintiff can not bring an action of a contract one the four (4) years have lapsed from the signing of the contract.

The point when the cause of action address is at the moment there has been a breach.  Misrepresentation is fraud.  Not until Plaintiff learned that the Defendants were expecting a 15.5% per annum interest rate, that is when the breach occurred.  The contract calls for ten 10% percent.

Ten (10%) percent is ten (10%) percent.  If one calculates the amounts according to Defendants, the percentage total is 15.5% per annum.  That is a huge difference.  The contract states ten (10%) per cent not fifteen and a half (15.5%) per cent.

(e)    On the exemplary damages issue:
This one is even more weird than the previous one. What Plaintiff is
suing is on contract and fraud. Then Defendants start going into
gross negligence. Plaintiff is not suing on gross negligence.

The same statute that gives the right to sue for exemplary damages for
gross negligence, includes fraud. Atchison Topeka & Sante Fe Rey, Co. vs. Cruz,
9 S.W. 3d 173 (Tex. Civ. App.- El Paso 1999, has no application to the case at bar
in neither this cause number nor the state trial Court.

## II.
## JURISDICTION ISSUE

4.    Defendants' must have known that the case in the trial court had been
dismissed for want of prosecution. (Exhibit B is a true and correct copy of the
docket sheet and is incorporated by reference as if fully copied herein.) Yet
knowing that the Court had no more jurisdiction, Defendants continued to obtain
more and more orders in their favor. Plaintiff was never made aware of the drop
docket notice or else he would have immediately put in his motion for
reinstatement like he did in the very first lawsuit.

5.    Among the ruling, Defendants filed a motion to remove Plaintiff's items
from property. (Exhibit C is a true and correct copy of the motion for removal of
drainage pipes and other apparel on real estate and is incorporated by reference
as if fully copied herein.) Also, there was an application for temporary and
permanent injunction. (Exhibit D is a true and correct copy of application and
permanent injunction and is incorporated by reference as if fully copied herein.)

All these, the Court granted. The Court was even asked to make findings
of facts. (Exhibit E is a true and correct copy of request for findings of fact and
is incorporated by reference as if fully copied herein.) Yet, the Court granted
summary judgment. If the drop docket issue is brought to the attention of the
trial judge, the court will more than likely state that jurisdiction may be inferred

since the court continued to have hearings.

III.
**CONCLUSION**

4.    Plaintiff is now convinced that the State can not give Plaintiff nor anyone else a trial.  The state's courts are reserved for a select few and none other.  And obviously Plaintiff does not belong to that elite group.

5.    Plaintiff is well aware that he has rights guaranteed by the Constitution of the United States of America (that is the only group he desires to belong) and that is the reason for filing this lawsuit.  The state's court can be legally without jurisdiction yet they take and they give as they please.

6.    Plaintiff does not desire to take any property away from anyone who is the owner.  However, he paid for fifteen years only to find out that he has a problem with the seller and the state court system is closed to him.

7.    With the every first lawsuit, Defendants were contending that Plaintiff was driven from Court because of a notice of drop docket.  However, now they received a drop docket notice, yet Defendants proceeded to obtain several judgments against Plaintiff, in the same case.

But it is fine because it is an attorney and no one may complain nor sue an opposing attorney according to Defendants' contentions.

WHEREFORE, Plaintiff prays that this Court does not dismiss Plaintiff's case and that it may proceed to its final stage of litigation.

Plaintiff prays for relief, at law or in equity, that he is justly entitled to receive.

Respectfully submitted

John Ocie Roberts, Pro Se
P. O. Box 1167
La Feria, Texas 78559

## **CERTIFICATE OF SERVICE**

I, John Ocie Roberts, certify that I mailed a true and correct copy of Plaintiff's Reply to Defendants' Eleanor Carte and Javier Gonzales Supplement to Their Motion to Dismiss Pursuant to FRCP 12(B), the document to which this certificate is attached to:

John Ocie Roberts

# ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

### ATTORNEYS AT LAW

HOUSTON, TEXAS
  TELEPHONE 713-224-8380
  FACSIMILE 713-225-9945

CORPUS CHRISTI, TEXAS
  TELEPHONE 361-884-8808
  FACSIMILE 361-884-7261

55 COVE CIRCLE
BROWNSVILLE, TEXAS 78521
TELEPHONE 956-542-4377
FACSIMILE 956-542-4370
INTERNET www.roystonlaw.com

GALVESTON, TEXAS
  TELEPHONE 409-763-1623
  FACSIMILE 409-763-3853

*Javier González, Partner*
javier.gonzalez@roystonlaw.com

January 5, 2004

**<u>Via Hand-Delivery</u>**

Mrs. Aurora De La Garza
Cameron County District Clerk
974 E. Harrison Street
Brownsville, Texas 78520

> RE:   Cause No. 2002-01-252-E; *John Ocie Roberts, vs. Eleanor Carte, The Estate of A.C. Carte by and through its Executrix, Celeste Bowman and Javier Gonzalez.*
> Pending in the 357th Judicial District Court of Cameron County, Texas
> <u>Our File No. 49,802</u>

Dear Mrs. De la Garza:

Enclosed herein for filing with regard to the above-referenced matter is Defendants', Eleanor Carte, The Estate of AC. Carte, by and through its Executrix, Celeste Bowman and Javier Gonzalez (Misnamed as "Javier Gonzales") Motion for Summary Judgment.

We would appreciate your affixing your "filed" stamp on the extra copy of the Motion for Summary Judgment provided for that purpose and returning it to the courier, who is presenting same to you.

Also enclosed is an Order Setting Hearing on Defendants', Eleanor Carte, The Estate of AC. Carte, by and through its Executrix, Celeste Bowman and Javier Gonzalez (Misnamed as "Javier Gonzales") Motion for Summary Judgment and Order Regarding Summary Judgment which I request be presented to the Judge for entry at your earliest convenience.

Ex1 - A - 1

Mrs. Aurora De La Garza                                                    Page 2
Cameron County District Clerk
January 5, 2004


        By copy hereof, we are serving a copy of the enclosed documents  upon *pro se party,* Mr.
John Ocie Roberts and attorney Hon. Raul A. Guajardo.

        Thank you for your usual courtesy and cooperation in these matters.

                                        Sincerely,

                                        ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.



                                        By:_____
                                              Javier González


JG:gg
Enclosures

cc:     John Ocie Roberts
        P.O. Box 1167
        La Feria, Texas 78559
        **Via Certified Mail-RRR &**
        **Regular U.S. Mail**

        Hon. Raul A. Guajardo
        Law Office of Raul A. Guajardo
        3307 N. McColl Road, Suite H
        McAllen, Texas 78501
        **Via Certified Mail-RRR &**
        **Regular U.S. Mail**

        49802:1087829.1:010504

## CAUSE NO. 2002-01-252-E

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE, THE ESTATE OF | § | |
| A.C. CARTE BY AND THROUGH | § | |
| ITS EXECUTRIX, CELESTE BOWMAN | § | |
| AND JAVIER GONZALES | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ELEANOR CARTE, THE ESTATE OF A.C. CARTE, BY AND THROUGH ITS EXECUTRIX, CELESTE BOWMAN and JAVIER GONZÁLEZ (Misnamed As "Javier Gonzales"),** Defendants in the above-entitled civil action and files this their Motion for Summary Judgment and would show the Court more fully as follows:

## I.

## SUMMARY OF ARGUMENT

Defendants would show that they are unequivocally entitled to summary judgment as a matter of law as there is no material fact issue to preclude it. Defendants' attorney, Javier González was sued in this matter and is entitled to summary judgment because he owes no duty to the plaintiff and the plaintiff has no cause of action against him as any alleged improper actions were taken as an attorney representing his clients and defendants herein. An attorney may assert any of his client's rights without being *personally liable* for damages to the opposing party. Under Texas law, he cannot be held liable for wrongful litigation conduct, assuming it is even wrongful, as part of the discharge of his duties in representing a party in a lawsuit. Also, Eleanor Carte and the Estate of A.C. Carte by and through its executrix, Celeste Bowman are both entitled to summary judgment

49802:1006007.1:122903

because this is the same lawsuit repackaged, that was previously filed on September 18, 2000 in Cause No. 2000-09-3842-C; styled *John Ocie Roberts v. Eleanor Carte and A. C. Carte* ("first suit") and any new claims of the plaintiff, could have been brought in that first suit.

The first suit was ultimately dismissed; defendant's counterclaim was carried to judgment in a bench trial by order of August 17, 2001 in Cause No. 2001-05-2303-C; styled *Eleanor Carte v. John Ocie Roberts* ("counterclaim suit"). The Order of Dismissal in the first suit was appealed to the Thirteenth District Court of Appeals by plaintiff and the court by judgment dated July 19, 2001, dismissed for want of prosecution the order of dismissal as to plaintiff's claims in the first suit. Consequently, defendants, excepting Javier González, are entitled to summary judgment on the basis of res judicata and/or collateral estoppel.

Alternatively, defendants are entitled to summary judgment based on limitations. The longest period for limitations would be conceivably, 4 years for breach of contract. Plaintiff sued on a contract for deed signed on February 13, 1987 and so, the latest he could have sued would have been February 13, 1991. He did not and chose to sue on or about September 18, 2000, some 13 years later.

Finally, Eleanor Carte is entitled to summary judgment on the issue of plaintiff's allegation of tortious interference with a contract because the real property the subject of this suit was her sole and separate property and in fact, was owned prior to any marriage to A.C. Carte. The addition of A.C. Carte as a signator to the contract for deed dated February 13, 1987 ("contract for deed") was out of caution and conferred no property rights to A.C. Carte. A.C. Carte on September 29, 2000 by quitclaim deed to Eleanor Carte, quit claimed any and all right, title and interest in and to the

property and contract rights,  pertaining to it, which he was fully in his right to do for purposes of clarifying Eleanor Carte's sole interest to the property.

For the foregoing reasons, all defendants are entitled to summary judgment as a matter of law.

## II.

## BACKGROUND & PROCEDURAL HISTORY

On or about September 18, 2000, plaintiff filed suit against Eleanor and A.C. Carte in the first suit. *Attached here and incorporated herein by reference as Exhibit "A" is Plaintiff's Original Petition and exhibits, incorporated herein by reference.*  Plaintiff claimed in the first suit that he and Eleanor and A.C. Carte entered into negotiations on or about the 15th day of January, 1984 for the sale and purchase of approximately 40 acres of real property located in La Feria, Cameron County, Texas.  The property the subject of this suit ("the property") is described as follows:

> **APPROXIMATELY FORTY (40) ACRES OF LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM AURORA LONGORIA TO ELEANOR HUMPHRIES AND FILED OF RECORD ON SEPTEMBER 1, 1961, AND THAT LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED EXECUTED BY ANTONIAS SANCHEZ AND PEDRO VITE SANCHEZ TO ELEANOR HENDRICKS, SAME BEING FILED OF RECORD IN VOLUME 1232, PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.**

Plaintiff further claimed in the first suit that a contract for deed was entered into between these parties on or about February 13, 1987 and that A.C. and Eleanor Carte explained what each clause meant and plaintiff accepted their contract with their explanations.  *See Exhibit "A" to Plaintiff's Original Petition in this case, as well as Exhibit "A," which is Plaintiff's Original Petition in the first suit, both incorporated herein by reference.*

Plaintiff further claimed in the first suit that he faithfully paid on the property, but yet claims he was defrauded into thinking that option money would apply to the sale price and that interest would be 10% simple interest. Plaintiff further alleged that A.C. and Eleanor Carte falsely promised to honor and wait for 60 days before writing a foreclosure letter; and that they never provided him an accounting or amortization schedule.    Accordingly, plaintiff filed suit against these two individuals in the first suit seeking a declaratory judgment. He also sought damages for breach of contract; sought reformation of the contract for deed; sought damages for common law statutory fraud; and sought specific performance under the contract for deed and recovery of attorney's fees, although he was unrepresented. *See Exhibit "A," which is Plaintiff's Original Petition in the first suit, which is incorporated herein by reference.* Eleanor and A.C. Carte both answered and counterclaimed against him, seeking among other things, a judicial foreclosure and damages for breach of contract. They successfully showed plaintiff did not cure any defaults for untimely installment payments, failed to pay real estate taxes on the property, and failed to insure the real property. *Attached hereto as Exhibit "B" is Eleanor and A.C. Carte's Original Answer and Counterclaim, which is incorporated herein by reference.*

In the first suit, the court set the case for a trial setting on March 28, 2001. Plaintiff did not appear, and so his claims in the first suit were dismissed. Eleanor and A.C. Carte both appeared by and through their attorney of record and had their counterclaim severed completely and set for bench trial without objection. *See attached hereto as Exhibit "C," the Order Setting Trial, Dismissing Case-in-Chief and severing counterclaim signed April 4, 2001, which is incorporated herein by reference.* The severance order set the counterclaim of Eleanor and A.C. Carte for a bench trial on August 13, 2001. Thereafter, the counterclaim proceeded to trial and was called on that day and

recalled again on August 15, 2001. Plaintiff did not participate in nor attend either of these settings.

After evidence was heard by the court, Eleanor Carte and Celeste Bowman, as independent executrix

of the Estate of A.C. Carte, obtained a judgment on August 17, 2001 that among other things, gave

fee simple title to the property to Eleanor Carte as her sole and separate property. *Attached hereto*

*as Exhibit "D" is the Final Judgment in the counterclaim suit, signed on August 17, 2001, and*

*incorporated herein by reference.*

An appeal from the counterclaim suit is currently pending in the Thirteenth Court of Appeals

in Cause No. 13-01-00766-CV.

Notwithstanding plaintiff's claims in the first suit being dismissed and the dismissal of the

appeal of such dismissal, plaintiff on January 22, 2002, repackaged and essentially refiled the exact

same lawsuit in this case. In this current suit, plaintiff sued Eleanor Carte and the Estate of A.C.

Carte, by and through its executrix, Celeste Bowman and also sued their attorney, Javier González.

The original petition arises from the same facts, but adds allegations of tortious interference with a

contract by Eleanor Carte, alleging interference by her with plaintiff's contract for deed with A.C.

Carte, by essentially, Ms. Carte obtaining the quitclaim deed from A.C. Carte, prior to his death.

The claims against defense counsel are such nebulous claims of "violations of constitutional

guarantees of the United States Constitution and the Constitution of the State of Texas" and

"violations of the Texas State Bar Rules for Attorneys." They fail to state a cause of action or show

a duty owed to plaintiff.

Plaintiff further states causes of action against defense counsel for "abuse of power" and

"official oppression." *See Plaintiff's Original Petition in this matter, incorporated herein by*

*reference.* The claims are frivolous and without merit. Because the plaintiff did not show up for a

trial setting hearing, his case was dismissed pursuant to the court's inherent authority to dismiss under Texas Rule of Civil Procedure 165(a) and under common law, and by the court's inherent power to dismiss claims for plaintiff's failure to prosecute them with due diligence. *See TRCP 165(a) and Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999).*

## III.

## SUMMARY JUDGMENT BURDEN

A motion for summary judgment and its supporting evidence must show there is no genuine issue as to a material fact and must show the movant is entitled to judgment as a matter of law. *TRCP 166a(c); Lear Siegler, Inc. vs. Perez, 819 S.W.2d 470, 471 (Tex.1991); and Casso vs. Brand, 776 S.W.2d 551, 555-56 (Tex.1989).*

## IV.

## APPLICABLE LAW & ITS APPLICABILITY

### A.  Summary Judgment as to Attorney, Javier González

Javier González is entitled to summary judgment without question. As indicated, plaintiff's claims are that the undersigned made a statement before a district judge that "mislead the court into thinking that there was a motion to dismiss lawsuit," when in actuality, the subject of the hearing where defense counsel made such statement was for reinstatement, which the court had already done.

Plaintiff alleges counsel "misdirected the court," "concealed part of the record," and did so, with the intent to impair its verity or availability as evidence in the official proceeding and also presented or used a document with knowledge of its being falsely used and used it with the intent to affect the course or outcome of the official proceeding. Plaintiff further claims this defendant's alleged misstatement was unlawful conduct that damaged him. *See Plaintiff's Original Petition in*

this matter, *which is incorporated herein by reference.* Plaintiff attached as Exhibit "C" to his Original Petition in this matter, a transcript of the reinstatement and trial setting hearing of March 28, 2001, which defendant incorporates herein by reference.

Defense counsel refers to the case of *White v. Bayless*, 32 S.W.3d 271 (Tex.App.-San Antonio, 2000), which directly bears to this case. In *White*, plaintiff sued the defendant for breach of fiduciary duty, accounting of funds and recovery of investments. The defendant counterclaimed and filed a cross-action against plaintiff's attorneys. Plaintiff's attorneys filed for summary judgment, which was rendered in their favor and appeal was taken thereafter. The Court of Appeals in *White* had squarely before it, a case wherein a litigant filed suit against the attorneys representing the opposing litigant. The *White* court noted how Texas law has long authorized attorneys to "practice their profession, to advise their clients and to interpose any defense or supposed defense, without making themselves liable for damages." *White* at 275, citing *Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex. Civ. App. - Dallas 1910, writ ref'd). Case law supports that an attorney may assert any of his client's rights without being personally liable for damages to the opposing party. *White* at 275, citing *Morris v. Bailey*, 398 S.W.2d 946, 947 (Tex. Civ. App. - Austin 1966, writ ref'd n.r.e.).

It was further noted that an attorney's duties that arise from the attorney-client relationship are owed only to the client, not to third persons, such as adverse parties. *White* at 275, citing *Renfroe v. Jones & Assoc.*, 947 S.W.2d 285, 287 (Tex. App. - Fort Worth 1997, writ denied). The *White* court further noted that under Texas law, attorneys could not be held liable for <u>wrongful litigation</u> conduct. *White* at 275, citing *Bradt v. West*, 892 S.W.2d 56, 71-72 (Tex. App. - Houston [1st Dist.] 1994, writ denied) (emphasis ours).

It was noted that a contrary policy "would dilute the vigor with which Texas attorneys represent their clients" and "would not be in the best interests of justice. *Id.* The principal that there is no cause of action against opposing counsel for representing a client in a judicial proceeding focuses on the kind of conduct engaged in, not on whether the conduct was meritorious in the context of the underlying lawsuit. *White* at 275, citing *Renfroe*, 947 S.W.2d at 288 (emphasis ours). A disgruntled litigant has no right of recovery against the opposing party for that attorney having made certain motions in the underlying lawsuit, regardless of whether the motions were meritless or even frivolous, because making motions is conduct an attorney engages in as part of the discharge of his duties in representing a party in the lawsuit. *Id.* (emphasis ours). Even when an attorney engages in wrongful conduct as part of the discharge of his duties in representing a party in a lawsuit, there is no cause of action to the party on the other side (emphasis added). *Id.*

Plaintiff has no cause of action against defense counsel. The Court has before it and attached as an exhibit to Plaintiff's Original Petition in this case, a copy of the transcript at the hearing wherein plaintiff's case was dismissed and that form the basis of plaintiff's lawsuit against this defendant. The problem lies in that plaintiff's dismissal was taken up on appeal and ultimately, dismissed thereafter for want of prosecution. It appears now desperation has taken hold. The transcript indicates plaintiff did not show up for a reinstatement and trial setting on that day and so, defense counsel so eloquently, asked his case be dismissed. The record makes it abundantly clear that plaintiff did not show up to this hearing, notwithstanding having been given notice of this setting by two separate orders dated March 12 and 22, 2001. *See the Order Setting Trial, Dismissing Case-in-Chief and Severing Counterclaim dated April 4, 2001 marked as Exhibit "C" and Exhibit "B" to Plaintiff's Original Petition, both incorporated herein by reference.* There was nothing

misleading about defense counsel's request to have the case dismissed and the procedure was done in a legal proceeding and in open court. It only shows zealous representation of a client. The court's dismissal was within its discretion and under its inherent powers granted under common law and TRCP 165(a). Consequently, plaintiff's claims of misrepresentation are totally false and without merit. Eleanor Carte and A.C. Carte had the benefit of representation of counsel and counsel is allowed unfettered and zealous advocacy of his clients, for which plaintiff has no cause of action. Consequently, defense counsel is entitled to summary judgment.

**B.    Eleanor Carte and the Estate of A. C. Carte**

Both Eleanor Carte and the Estate of A.C. Carte are entitled to summary judgment as well. The conclusion that summary judgment is apparent with a simple reading of Plaintiff's Original Petition in this cause and Plaintiff's Original Petition in the first suit. *See Plaintiff's Original Petition and his Original Petition in the first suit marked as Exhibit "'A," and both incorporated herein by reference.* A close reading will show the transaction, representations, and omissions alleged in plaintiff's first suit are mere recitals again in the second suit. The only difference between the two suits is defense counsel was named as a party now and there is now an unfounded allegation of tortious interference by Eleanor Carte of a contract between A.C. Carte and the plaintiff. For the reasons indicated above, defense counsel should not even be in this lawsuit. For the reasons to be shown below, plaintiff's claims for tortious interference fail as well. But although the quitclaim deed given to Eleanor Carte had not be done, plaintiff in his first suit makes reference in that original petition that A.C. Carte was "selling his portion to defendant Eleanor Carte." *See Plaintiff's Original Petition from the first suit, marked as Exhibit "A" and incorporated herein by reference.* Certainly, claims for tortious interference arise from the same series of transaction and could have

been interposed in the initial suit.  Defendants are now entitled to summary judgment based on the doctrines of res judicata and/or collateral estoppel.

Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that <u>could have been litigated</u> in the prior action.  *State  & County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001) (emphasis ours).  When a prior judgment is offered in subsequent litigation in which there is the same identity of parties, issues, and subject matter, such judgment is treated as an absolute bar to retrial of claims pertaining to the same cause of action under the theory that they have merged into the judgment.  *National Union Fire v. John Zink Co.*, 972 S.W.2d 839, 846 (Tex.App.-Corpus Christi 1998, writ den'd).

Collateral estoppel, on the other hand, is narrower than res judicata.  It has frequently been characterized as issue preclusion because it bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in the prior suit, regardless of whether the second suit is based upon the same cause of action. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex. 1984).  To invoke the doctrine of collateral estoppel, a party must show:

(1)     the facts to be litigated in the second action were fully and fairly litigated in the first action;

(2)     those facts were essential to the judgment in the first action; and

(3)     the present parties were adversaries in the prior action.

*See National Union Fire, Id at 846.*

The issues plaintiff raises in his instant suit, are issues that with the use of proper diligence, might have been tried in that particular suit.  Accordingly, res judicata bars litigation of all issues. Plaintiff's first suit was dismissed for his failure to appear at a hearing.   Defendants'/counter-plaintiffs' counterclaim was severed and taken to judgment on a bench trial.  Plaintiff's appeal of

the order of dismissal and severance of the counterclaim was dismissed already. With the exception of defense counsel, the parties and issues were identical. The subject matter surrounded the same property in question. Accordingly, the judgment taken on August 17, 2001 and order of dismissal on April 4, 2001 and its appeal dismissal, are an absolute bar to retrial of these claims. *See Plaintiff's Original Petition in the first suit marked as Exhibit "A"; the Order Setting Trial, Dismissing Case-in-Chief and Severing Counterclaim dated April 4, 2001, marked as Exhibit "C"; the Final Judgment taken in the counterclaim suit dated August 17, 2001, marked as Exhibit "D"; and Plaintiff's Original Petition in this case and exhibits; all incorporated herein by reference.*

Additionally, collateral estoppel precludes relitigation of issues in this case as the facts to be litigated in this suit were fully and fairly litigated in the counterclaim suit; the facts surrounding the contract for deed and real property in question were essential to the judgment in the counterclaim suit; and the present parties, with the exception of defense counsel, were adversaries in the prior counterclaim action. Consequently, defendants are entitled to summary judgment on the basis of res judicata and collateral estoppel.

**C.    Tortious Interference with Contract**

Plaintiff claims that Eleanor Carte tortiously interfered with a contract for deed between A.C. Carte and him. Nothing is further from the truth. This is an unmeritorious claim as well. Any issue connected with this cause of action could have been tried in the first suit and counterclaim suit with the exercise of proper diligence by plaintiff. It was not. The quitclaim deed given by A.C. Carte to Eleanor Carte was filed in the official records of Cameron County, Texas on October 20, 2000, almost six months after the order of dismissal and severance of defendant's counterclaim was signed. *See the Quitclaim Deed from A.C. Carte to Eleanor Carte dated September 29, 2000, marked as*

*Exhibit "E" and incorporated herein by reference.*  Notwithstanding, for purposes of defeating plaintiff's claim, defendants would show that the tortious interference claim has no basis.  The elements of a cause of action of tortious interference with an existing contract are:

    (1)    the existence of a contract subject to interference;

    (2)    a willful and intentional act of interference;

    (3)    such act was a proximate cause of damages; and

    (4)    actual damage or loss occurred.

*See Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 926 (Tex.1993).*  Plaintiff claims that by Eleanor Carte obtaining the quitclaim deed from A.C. Carte after he signed the contract for deed, amounts to tortious interference with a contract.  Defendants would show that the property the subject of this suit was legally declared as property owned prior to any marriage of Eleanor and A.C. Carte and so constituted "the separate property" of Eleanor Carte. *See the Decree of Divorce issued in the Matter of the Marriage of Eleanor Carte and Alvin C. Carte in Cause No. 90-4280-F, signed on October 2, 1990 and marked as Exhibit "F" herein, and incorporated herein by reference.*  Although A.C. Carte signed the quitclaim deed, he had no interest to convey to Ms. Carte, as the property was the sole and separate property of hers already.  Consistently with such rights, A.C. Carte signed a quitclaim deed on September 29, 2000, quitclaiming any and all rights, title interest to the property and any contract right pertaining to the property.  A quitclaim is not a conveyance of title to the property itself, but merely any title or interest the grantor ***may have*** in the property (emphasis ours). *See Cook v. Smith, 107 Tex.119, 174 S.W. 1094, 1095 (1915); and Sargent v. Smith, 863 S.W.2d 242, 250 (Tex.App.-Beaumont 1993, no writ).*

There was a judicial determination that the property subject to this suit was the sole and separate property of Eleanor Carte, acquired prior to her marriage to A.C. Carte. It was completely lawful for A.C. Carte to quitclaim any rights he had in the property or contract rights over to Eleanor Carte. Furthermore, there was not a contract that existed that was subject to interference because A.C. Carte had no interest to convey. Also any act of Eleanor Carte to obtain the quitclaim deed was not done with any ill-will, malice or deceit and in essence, asking A.C. Carte to quitclaim any title or interest he may have had in the property, was only done to erase any doubts. Consequently, there was no tortious interference with a contract and defendants are entitled to summary judgment.

By plaintiff's own admission in his pleadings, the contract for deed was signed on February 13, 1987. Suit was filed in the first suit on or about September 18, 2000, seeking actual damages of $150,000 plus exemplary damages. Plaintiff herein now seeks actual damages in the same amount as well as exemplary damages. *See Plaintiff's Original Petition in the first suit marked as Exhibit "A" and Plaintiff's Original Petition and exhibits herein; both incorporated herein by reference.* If the Court takes the plaintiff's pleadings as true, then the alleged damage was done. Thus any act by Eleanor Carte in procuring a quitclaim deed from A.C. Carte, 11 days after suit being filed in the first suit, could not have been an act that was the proximate cause of damages. There then could not have been any actual damage or loss occurring from such action. *See Browning-Ferris, Supra at 926. See also Eleanor Carte's affidavit marked as Exhibit "G," which is incorporated herein by reference.* Consequently, defendants are entitled to summary judgment on the tortious interference with contract claim.

V.

## STATUTE OF LIMITATIONS

Giving the benefit of the doubt, the longest limitations period plaintiff had to file suit is 4

years.  Plaintiff filed suit in this action on January 22, 2002, for fraud and breach of contract and

all other claims that relate and arise out of an alleged breach of contract and fraud claims.  Section

16.004 of the Texas Civil Practice & Remedies Code provides that "a person must bring suit on the

following actions not later than four years after the day the cause of action accrues:

     (1)    specific performance of a contract for the conveyance of real property; . . .

     (3)    debt;

     (4)    fraud; . . .

*See §16.004 of the Texas Civil Practice & Remedies Code.*  Claims of misrepresentation are claims

for debt as well.  *See Burton v. State Farm Mut. Auto Ins. Co., S.D. Tex.1994, 869 F.Supp. 480,*

*affirmed 66 F.3d 319.*  Over 15 years have passed since the contract for deed was entered.

Accordingly, any claims of plaintiff are barred under the four year statute of limitations.  *See*

*Plaintiff's Original Petition and exhibits herein as well his Original Petition in the first suit marked*

*as Exhibit "A"; and both incorporated herein by reference.*  Consequently, defendants are entitled

to summary judgment based on limitations.

VI.

## EXEMPLARY DAMAGES

Plaintiff is also claiming exemplary damages against the defendants. *See Plaintiff's Original*

*Petition in this cause, which is incorporated herein by reference.*  Besides the fact that a claim for

exemplary damages is derivative of any negligence claims and as indicated above are barred by the

limitations, defendants are entitled to summary judgment as there is no material fact issue as to the claim for gross negligence.

Gross negligence includes two elements: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others and (2) the actor must have ***actual, subjective awareness of the risk*** involved, but nevertheless proceeds in conscious indifference to the rights, safety and welfare of others. *Atchison Topeka & Santa Fe Ry.. Co. vs. Cruz, 9 S.W.3d 173, 186 (Tex.App-El Paso 1999, abated [2 pets.]) (emphasis ours).*

The subjective element of gross negligence focuses on the actor's awareness and attitude and it is defined by what it is not. It is not merely a momentary thoughtlessness, inadvertence, or error in judgment. *Atchison Id. at 187.* Plaintiff alleges he was mislead into believing that option money would apply, that the value of the property was exaggerated to him, that the interest rate on the contract for deed was to be simple interest of 10%, and that there was never provided an accounting and amortization. Eleanor Carte at all times did not have any ill-will, malice or intent to deceive plaintiff and denies taking any action with conscious indifference to the rights, safety and welfare of plaintiff. Quite to the contrary, plaintiff began legal proceedings under the contract for deed in the first suit and defendants simply exercised their rights under the same contract for deed that plaintiff sought to enforce, to Mr. Roberts' surprise.

Furthermore, obtaining a quitclaim deed from a party is neither unlawful or illegal and simply an "arms-length" transaction between two parties that plaintiff now has conjured up as somehow damaging him. Such overtures of bad acts or omissions even taken at best, do not rise to the level of subjective awareness of a risk and procession of conscious indifference to any rights,

safety and welfare of plaintiff. *See the affidavit of Eleanor Carte marked as Exhibit "G," which is incorporated herein by reference.* Consequently, defendants are entitled to summary judgment on the issue of exemplary damages and based on their res judicata and collateral estoppel and limitations defenses.

## VII.

### EVIDENCE RELIED UPON

Defendants incorporate herein by reference as if set forth fully at length herein and rely upon the following evidence to support their motion for summary judgment:

1. Plaintiff's, John Ocie Roberts, Original Petition in Cause No. 2000-09-3842-C, marked as Exhibit "A";

2. Eleanor and A. C. Carte's Original Answer and Counterclaim filed in Cause No. 2000-09-3842-C, marked as Exhibit "B";

3. the Order Setting Trial, Dismissing Case-in-Chief and Severing Counterclaim in Cause No. 2000-09-3842-C signed April 4, 2001, marked as Exhibit "C";

4. the Final Judgment entered in Cause No. 2001-05-2303-C on August 17, 2001 and marked as Exhibit "D";

5. the quitclaim deed from A.C. Carte to Eleanor Carte dated September 29, 2000 and marked as Exhibit "E";

6. the decree of divorce in the matter of the marriage of Eleanor Carte and Alvin C. Carte in Cause No. 90-4280-F signed on October 2, 1990, marked as Exhibit "F";

7. the affidavit of Eleanor Carte, marked as Exhibit "G";

8. a true and correct copy of the judgment filed and entered in the minutes of the Thirteenth Court of Appeals on July 19, 2001 in Cause No. 13-01-00314-CV, marked as Exhibit "H";

9. the authenticating affidavit of defense counsel, attorney Javier González, marked as Exhibit "I"; and

10. Plaintiff's John Ocie Roberts Original Petition and exhibits filed in this case herein.

# VI.

## CONCLUSION

Plaintiff had the full and fair opportunity to litigate the claims in this suit in the first suit. Defendants proceeded to trial and obtained a favorable final judgment dealing with issues raised in these proceedings. Plaintiff chose not to participate and in fact had his case dismissed for such action. He now seeks to relitigate these claims which are barred by res judicata and collateral estoppel. In an act of desperation, Mr. Roberts has now sued defense counsel with no basis or merit. In fact, as the contract for deed attached as an exhibit to Plaintiff's Original Petition herein indicates, plaintiff was going to be making a balloon payment on or before April 10, 2002 of $105,000. Rather than do so, plaintiff chose to file suit in the first suit on September 18, 2000 and now must live with the consequences of his action. He would rather selectively enforce the contract to his benefit. He wants to enforce it, but not have him held to its terms.

This suit now is the same suit that was filed back on September 18, 2000. Mr. Roberts did not obtain the outcome he wanted and so refiled suit. It has no basis in law or fact and should be dismissed because it is barred by the doctrine of res judicata, collateral estoppel and limitations.

Furthermore, plaintiff has no cause of action whatsoever against defense counsel as no duty was owed to him. The evidence indicates there was no misrepresentation made by counsel and even assuming there was, although it is not acknowledged, the case precedent clearly establishes no cause of action. For these reasons, defendants are entitled to summary judgment.

**WHEREFORE, PREMISES CONSIDERED, ELEANOR CARTE, THE ESTATE OF A.C. CARTE, BY AND THROUGH ITS EXECUTRIX, CELESTE BOWMAN and JAVIER GONZÁLEZ (Misnamed As "Javier Gonzales"),** Defendants pray that this Court upon

consideration of their Motion for Summary Judgment, grant the motion for summary judgment; and

further grant defendants any and all relief to which they may show themselves justly entitled.

Respectfully submitted,

Keith N. Uhles
Texas State Bar No. 20371100
Cameron County ID No. 3609
Javier González
Texas State Bar No. 00787561
Cameron County ID No. 3614
Attorneys for Defendants,
**ELEANOR CARTE, THE ESTATE OF
A.C. CARTE, BY AND THROUGH ITS
EXECUTRIX, CELESTE BOWMAN and
JAVIER GONZÁLEZ (Misnamed As "Javier
Gonzales")**

Of COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**
55 COVE CIRCLE
P. O. BOX 3509
BROWNSVILLE, TX 78523-3509
Tel: (956) 542-4377
Fax: (956) 542-4370

## CERTIFICATE OF SERVICE

I certify that on the ____ day of **January, 2004,** a true and correct copy of the foregoing **Defendants' Motion for Summary Judgment,** was delivered via **Certified Mail, RRR and Regular U.S. Mail,** to the foregoing *pro se* party and attorney as follows:

Hon. Raul A. Guajardo
Law Office of Raul A. Guajardo
3307 N. McColl Road, Suite H
McAllen, Texas 78501

John Ocie Roberts
P. O. Box 1167
La Feria, Texas 78559

_____

**Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

# EXHIBIT "A"

FILED ___ O'CLOCK ___ M

AURORA DE LA GARZA DIST. CLERK

SEP 18 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS

DEPUTY

CAUSE NO. 2000-09-3842-C

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, PLAINTIFF | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE | § | |
| AC CARTE | § | CAMERON COUNTY, TEXAS |
| | § | |
| DEFENDANTS | § | |
| | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORIGINAL PETITION

To The Honorable Judge of Said Court:

Comes now, John Ocie Roberts, Plaintiff herein, and files this his ORIGINAL PETITION in the above styled and numbered cause and brings the motion pursuant to the Declaratory Judgment Act §37.001 ET seq of the Civil Practice and Remedies Code, and for his grounds would show the court the following:

### I.

### Jurisdiction and Venue

Jurisdiction is proper in this Court in that it is for determination of title to land, as the ultimate result of this litigation therefore; this court holds the exclusive jurisdiction.

Venue is proper in this court in that the land is situated in this county.

### II.

### Parties

Plaintiff, John Roberts, is an individual residing in this county.

Defendant, Eleanor Carte, is an individual residing in Nueces County, and may be served with service of citation at:

1726 2nd St.

Corpus Christi, Texas 78404

Defendant, A C Carte, is an individual residing in the County of Nueces, State of Texas and may be served with citation at: NO NEED FOR SERVICE AT THIS TIME

## III.
## THE PROPERTY

This case should be treated as a level 3 (three) according to the discovery rules in Rules 190,et seq. of the Texas Rules of Civil Procedure.

The subject matter of this lawsuit is a tract of land situated in Cameron County, Texas and shall be hereinafter referred to as the "Property". Said property is the following:

*ABSTRACT 10 MINN-TEX BLK 80 40 ACRES*

Incident to the property, is a contract for the sale/purchase of the property. It is a contract signed by the parties to this lawsuit. (Exhibit A is a true and correct copy of the contract and is incorporated by reference as if fully copied herein.) Said instrument shall hereinafter be referred to as "contract".

## IV.
## FACTS

On or about the 15th day of January 1984, parties entered into negotiations for the sale and purchase of the property. Defendants Eleanor Carte and A C Carte and Plaintiff, Buyer had paid on options on the property to be applied later to the sales price. A C Carte and Eleanor Carte were the sellers and Plaintiff, John Ocie Roberts, was the buyer. The sellers' offers were reduced to writing as a proposed contract. The Defendants/Sellers explained what each clause meant and Plaintiff/Buyer accepted their contract with their explanations. The contract was signed on or about the 13th of February 1987. Defendants claimed they were the owners of the property and would deliver a free and clear general warranty deed. Plaintiff intended to make it his residence as soon as property was paid for.

Plaintiff began to make payments in reliance of Defendant's promises as stated in the contract and explained by Defendants/Sellers. Plaintiff also began to make improvements.

Defendants informed Plaintiff that the terms of the contract were very liberal in that land was difficult to sell at that period of time. In the latter part of the 1980's, land prices were totally deflated. Plaintiff was induced to buys in that the interest was a simple 10 %; he could actually be late up to three months and the Defendants would not foreclose; and the price being offered of almost $1,950.00 per acre, was a very low price for the area. He was also told that part of the money he paid for this option to buy would be applied for the contract. Therefore, he bought the property. He has faithfully paid on the property.

Defendants have called Plaintiff to inform him that he has been late on his payment. Plaintiff then and there invoked his right under the contract. However, the check that Plaintiff sent Defendant has not been cashed. This check would have placed him within the 60-day period as stated in the contract.

Plaintiff has also requested an accounting and an amortization schedule. Defendants have refused to comply with such a request. Plaintiff then went to speak to Seller/Defendant; A C Carte only to find out

that Defendant Carte was selling his portion to Defendant Eleanor Carte. He stated that there was not going to be a judicial foreclosure as he had envisioned in that Defendant Eleanor Carte was now the full owner.

Plaintiff alleges that Defendants are defrauding him for their internal contracts. Plaintiff contracted with Defendant A C Carte, yet Carte is apparently no longer an owner. He has apparently sold his portion.

Plaintiff has been informed of a payment plan that he is to follow. Under the plan he is now being informed, it is a negative interest plan. This means that the more he pays, the more money he owes in that his payment does not cover the interest being charged under the contract. That is not what he was told when he was buying the property. And now he is told that even 10 (ten) or 20 (twenty) years from now, if he is delinquent of over 60 days, the Defendants/Sellers may keep the property.

The Plaintiff has learned that the property overpriced by double of the value of the land. He was told he would only get a judicial foreclosure if necessary as if this document were a deed of trust.

All this has been to Plaintiff's damage.

## V.

Plaintiff has met all conditions precedent.

## VI.
## CAUSES OF ACTION

Plaintiff brings this action pursuant to Section 37.001 et seq. of the <u>Texas Civil Practice and Remedies Code</u>, the Declaratory Judgments Act. This is needed in that Plaintiff's rights are based on a contract, which is either deficient or fraudulent.

All the acts of Defendants are willful, intentional, knowing and unconscionable. Plaintiff has asked for an accounting and an amortization schedule.

Plaintiff brings his actions on breach of contract, reformation of the contract, specific performance and fraud, both common law and pursuant to Section 27.01 of the Texas Business and Commerce Code.

Plaintiff alleges that Defendants have given Plaintiff an illusory contract or else, the court should reform the contract so as to be enforceable according to the representations of Defendants.

Plaintiff's claim for statutory fraud is based on a false representation made by the defendants. Plaintiff would show the court;

1.  A binding, valid contract to sell real estate exists if reformed.
2.  The defendant made a false representation of a past or existing material fact. I.e. Defendants stated that some of the option money would apply. Also, the value of the property was exaggerated, and the interest to be 10% simple.

3. The representation was made to the plaintiff for the purpose of inducing the plaintiff to enter into the contract.

4. The plaintiff relied on the defendants' representation in entering into the contract.

5. The plaintiff was injured as result and incurred damages, which includes actual, special and exemplary damages, along with attorney's fees and costs.

Also, plaintiff's claims for statutory fraud is based on the defendant's false promise to act. Plaintiff would show the court the following:

1. A binding, valid contract to sell real estate exists; if reformed.

2. The defendant made a false promise to do an act; they would honor 60-day wait before writing a foreclosure letter.

3. The defendant's promise was material.

4. The defendants made the promise with the intention of not fulfilling it.

5. The defendant made the promise to the plaintiff for the purpose of inducing the plaintiff to enter into the contract.

6. The plaintiff relied on the defendant's promise in entering into the contract.

7. The plaintiff was injured as result and incurred damages, which may include actual, special and exemplary damages, along with attorney's fees and costs.

## VII.
## DAMAGES

Plaintiff has suffered damages in that he is paying into a totally illusory contract if Defendants' demands are met. Plaintiff has significantly improved the property.

Due to Defendant's conduct, being willful, intentional, and knowing, and due to such careless disregard for the rights of others, Plaintiff alleges exemplary damages should be imposed.

The amount of actual damages is no less than $150,000.00. Exemplary damages should be three times that amount.

## VIII.
## JURY REQUEST

Plaintiff demands a trial by jury and the fees have been paid.

## IX.

## ATTORNEY FEES

Plaintiff hereby requests attorney fees in that attorney fees are authorized by Sec. 38.001 et seq. of the Texas Civil Practice and Remedies Code and the Texas Business and Commerce Code §27.001.

Plaintiff, John Ocie Roberts, prays that Defendants Eleanor Carte and A C Carte be cited to appear and file an answer herein. That upon final adjudication, that the contract be reformed to include a clarification of 10% simple interest on the full amount; that an accounting be given to Plaintiff; that an amortization schedule be given to Plaintiff; that actual damage be awarded to Plaintiff; that post judgment interest be awarded to Plaintiff; that exemplary damages be awarded to Plaintiff; that the transaction be declared an attempted fraud on Plaintiff by Defendants; that attorney fees be awarded to Plaintiff; that Plaintiff be awarded any other relief at law or in equity, as he may show himself justly entitled to receive.

Respectfully Submitted,

John Ocie Roberts
1726 N. Commerce
Harlingen, Texas 78550
956-797-0027



FILED ___ O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK

SEP 18 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 2000-09-3842-C

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, PLAINTIFF | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| ELEANOR CARTE | § | JUDICIAL DISTRICT |
| AC CARTE | § | |
| | § | |
| DEFENDANTS | § | CAMERON COUNTY, TEXAS |

****************************************************************************

### VERIFICATION

STATE OF TEXAS§
COUNTY OF CAMERON§

Before me, the undersigned Notary Public, on this day personally appeared John Ocie Roberts who being

by me duly sworn on his oath deposed and said that he is the above-entitled and numbered cause; that he

has read the above and foregoing ORIGINAL PETITION and that every statement contained in it is within

his personal knowledge and is true and correct.

_____
John Ocie Roberts

SUBSCRIBED AND SWORN TO BEFORE ME on 17th of Sept _____, 2000, to certify which

witness my hand and official seal.

JULIE A. BARNETT
Notary Public, State of Texas
My Commission Expires
December 22, 2002

_____
Notary Public

_____
Julie A. Barnett
Typed Name

Notary Public in and for Cameron County, Texas.

# THE STATE OF TEXAS,

COUNTY OF _____CAMERON_____

This agreement between...... A.C. CARTE AND WIFE, ELEANOR CARTE ............................................, of the
County of ......... CAMERON ........................................................, hereinafter called "Seller" and
......................JOHN ROBERTS................................of the County of ........CAMERON........................
hereinafter called "Purchaser", WITNESSETH:

1. That Purchaser has agreed, and does hereby agree, to take by conveyance from Seller a certain tract or
parcel of land situated in........CAMERON........................................County, Texas, and described as follows:

APPROXIMATELY FORTY (40) ACRES OF LAND DESCRIBED IN THAT CERTAIN
WARRANTY DEED FROM AURORA LONGORIA TO ELEANOR HUMPHRIES AND FILED
OF RECORD ON SEPTEMBER 1, 1961, AND THAT LAND DESCRIBED IN THAT
CERTAIN WARANTY DEED EXECUTED BY ANTONIAS SANCHEZ AND PEDRO VITE
SANCHEZ TO ELEANOR HENDRICKS, SAME BEING FILED OF RECORD IN VOLUME
1272, PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.

The indebtedness (principal and/or interest) evidenced herein may
be pre-paid, from time-to-time, without penalty.

Remaining balance, principal and interest shall be due and payable
fifteen (15) years from date hereof.

2. That the Purchaser agrees to pay to the Seller, and the Seller agrees to receive as payment, for tract or
parcel of land the sum of.............79,888...................................................dollars, to be paid as follows:

(Underline fully the terms of payment, rate of interest)

$500 PER MONTH AT 10% INTEREST. COMPREHENSIVE AND GENERAL, PUBLIC
LIABILITY INSURANCE. THE LIMITS OF SUCH INSURANCE SHALL BE AGREED
UPON BY AND BETWEEN SELLER AND PURCHASER. PROPERTY DAMAGE INSURANCE
IN AN AMOUNT NOT LESS THAN ONE HUNDRED (100%) PERCENT OF THE FULL
INSURABLE VALUE OF THE PREMISES.

3. That the Purchaser agrees to pay any and all taxes that may be hereafter levied on the aforesaid tract
or parcel of land, before the same shall become delinquent.

4. That if any default shall be made in the payment of any of the said installments as herein provided,
and if such default shall continue for sixty (60) days, then, after the lapse of said period of sixty (60) days, all
payments previously paid shall, at the option of the Seller, without any notice or demand, be and become forfeited,
irrevocably, and be retained by the Seller as liquidated damages, and, thereupon, this agreement shall determine,
and he of no further force or effect, and Purchaser shall surrender possession to Seller and Seller shall have the
right to re-enter and take full possession of such property to the complete exclusion of Purchaser.

5. That upon the purchase price being fully paid, according to the terms, provisions, and conditions of this
agreement, the Seller shall convey, by warranty deed to the Purchaser, the said tract or parcel of land, in fee simple,
free from any and all encumbrances that are not herein assumed by Purchaser.

This agreement shall apply to and bind the heirs, executors, administrators, and assigns of the respective
parties.

Witness our hands this. _feb 13_ day of................................................A. D. 19. 8 7

WITNESSES:

_A.C. Carte_ ........................................................... SELLER
A.C. CARTE

_Eleanor Carte_ ............................................................ Seller
ELEANOR CARTE

_John Roberts_ ...................................................... Purchaser
JOHN ROBERTS

NOTE: If this instrument is to be recorded it must be acknowledged by both parties to the contract.

EXHIBIT
A

THE STATE OF TEXAS,

County of __NUECES__ } BEFORE ME, __Pat Brumley,__

__Notary Public__ ........................... in and for said County and State,

on this day personally appeared __A. C. Carts__ and __Eleanor Carts__

..................................................................................... known to me

to be the person.... whose name.... __are__ subscribed to the foregoing instrument, and acknowledged to me that.... __the y__
executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office, this ____13th____ day of ____February____, 19__87__.

_Pat Brumley_
Notary Public, State of Texas
Printed Name: Pat Brumley
My commission expires 10-31-87

THE STATE OF TEXAS,

County of __NUECES__ } BEFORE ME, __Pat Brumley__

__Notary Public__ ........................... in and for said County and State,

on this day personally appeared __John Roberts__

..................................................................................... known to me

to be the person.... whose name.... __is__ subscribed to the foregoing instrument, and acknowledged to me that.... __he__
executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office, this ____13th____ day of ____February____, 19__87__.

_Pat Brumley_
Notary Public, State of Texas
Printed Name: Pat Brumley
My commission expires 10-31-87

THE STATE OF TEXAS,

COUNTY OF __NUECES__ } BEFORE ME, ...................................................... in and for said County and State, on

__Notary Public__ ..................................................................................

this day personally appeared ................................................................... known to me to be the person

whose name is subscribed to the foregoing instrument, and acknowledged to me that.... he.... executed the same for the set and deed

of ................................................................................................................. of ..................................................., Texas, and as the

................................................. thereof and for the purpose and consideration therein expressed.

Given under my hand and seal of office, this .............. day of ............................., 19......

.......................................................................
.......................................................................

THE STATE OF TEXAS,

County of ....................................... } I, ...............................................................

Clerk of the County Court of said County, do hereby certify that the above instrument of writing, dated on the................
day of ........................., 19......, with its Certificate of Authentication, was filed for record in my office, the.............
day of ........................., 19......, at........o'clock....M, and duly recorded the.................day of
19......, at........o'clock....M, in the ..............................records of said County, in Volume.........on page...........

WITNESS my hand and the seal of the County Court of said County, at office in................................
the day and year last above written.

.......................................Clerk
County Court, ............................County, Texas.
By.........................................Deputy

CONTRACT
FOR SALE OF REAL ESTATE
DEED AFTER FULL PAYMENT

TO

Filed for record ............ day ............ A. D. 19....

at ........ o'clock ...... M.

County Clerk

By ........................ Deputy

Recorded ............ A. D. 19....

County Record

Book

Page

County Clerk

By ........................ Deputy

RECORDING FEE $ ............

This Contract Should be Immediately Filed with the County Clerk for Record.

# EXHIBIT "B"

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

OCT 2 0 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DAHLILA AHUMADA DEPUTY

CAUSE NO. 2000-09-3842-C

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE and AC CARTE | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **ELEANOR CARTE and AC CARTE**, Defendants in the above-entitled

civil action and file this their Original Answer to Plaintiff's, John Ocie Roberts Original Petition and

also file their Original Counterclaim and would show the Court more fully as follows:

### I.

### GENERAL DENIAL

Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil

Procedure and respectfully request that Plaintiff be required to prove the charges and allegations

made against these Defendants by a preponderance of the credible evidence as required by the

Constitution and the laws of the State of Texas.

### II.

### AFFIRMATIVE DEFENSE

### LIMITATIONS

Without waiving the foregoing general denial, but still insisting upon the same, for further

answer herein, if any be necessary, Defendants would show that any contractual and tort causes of

action are barred by the applicable statute of limitations.

48255:941383.1:102000

**FILE COPY**

## III.

## ORIGINAL COUNTERCLAIM

COMES NOW, **ELEANOR CARTE and AC CARTE,** Defendants and now Counter-Plaintiffs complaining of Plaintiff and now Counter-Defendant, John Ocie Roberts and herein plead causes of action for the following:

A.    **Breach of Contract**

Counter-Plaintiffs herein bring a cause of action for breach of contract against Counter-Defendant.

B.    **Petition for Judicial Foreclosure**

On or about February 13, 1987, the Counter-Defendant entered into a Contract for Deed with Counter-Plaintiffs wherein they would sell the property to him at a purchase price of $78,000 over a 15 year period with simple interest accruing at 10% per year.  The Contract for Deed attached as *Exhibit "A"* to Plaintiff's Original Petition and incorporated herein by reference, provided for $500 monthly payments from Counter-Defendant and he agreeing to pay for Comprehensive and General, Public Liability insurance and Property Damage insurance and to pay all ad valorem taxes on the property throughout this 15 year period.  Monthly payments were to begin on April 10, 1997 and thereafter in installments of $500 payable on the 10th day of each month.  The Contract for Deed further provides that non-payment of an installment payment is considered a default and if it continues for 60 days, then thereafter the property automatically reverts back to Counter-Plaintiff/Sellers with the right of Counter-Plaintiffs to re-enter and take full possession of said property.

Prior to this time, an Option to Purchase was also entered into between Counter-Plaintiffs and Counter-Defendant on or about March 21, 1984 for a term of one year, wherein Counter-Defendant was to pay the sum of $2,000 for an option to purchase the property the subject of this suit at a purchase price of $78,000. The option attached hereto as *Exhibit "A"* and incorporated herein by reference, further provided that in the event Counter-Plaintiffs financed the property, then it would be at the rate of 10.5% per annum with a right of a one year renewal at the end of the Option to Purchase at the same price of $2,000. Counter-Defendant was to pay under this option, monthly payments of $350 and in turn would be granted the right of occupancy and use of the property. This option was with the agreement that Counter-Defendant was to properly insure the property and taxes being pro rated amongst the parties. In the event Counter-Defendant exercised the option or at the end of the Contract for Deed, paid the purchase price, then he was to be conveyed title to the property in fee simple.

The property the subject of this suit is located in Cameron County, Texas and is described as follows:

> APPROXIMATELY FORTY (40) ACRES OF LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED FROM AURORA LONGORIA TO ELEANOR HUMPHRIES AND FILED OF RECORD ON SEPTEMBER 1, 1961, AND THAT LAND DESCRIBED IN THAT CERTAIN WARRANTY DEED EXECUTED BY ANTONIAS SANCHEZ AND PEDRO VITE SANCHEZ TO ELEANOR HENDRICKS, SAME BEING FILED OF RECORD IN VOLUME 1232, PAGE 743, DEED RECORDS OF CAMERON COUNTY, TEXAS.

Counter-Defendant is in default of the Contract for Deed and was for the Option to Purchase in the following respects:

48255:941383.1:102000                                    -3-

1.   Counter-Defendant did not timely pay his monthly payments under the Option to Purchase;

2.   Counter-Defendant did not timely pay his installment payments under the Contract for Deed and such default continued for 60 days, so that Counter-Plaintiffs are entitled to automatic reverting of the property in question back to them to the complete exclusion of Counter-Defendant;

3.   Counter-Defendant failed to properly insure the real property pursuant to the Contract for Deed agreement; and

4.   Counter-Defendant failed to pay the real estate taxes on the property.

Counter-Defendant was given notice of these deficiencies in the form of correspondence from Counter-Plaintiffs' counsel; individually; and through taxing entity litigation to recover property taxes. True and correct copies of the correspondence and judgment are collectively marked as *Exhibit "B"* and incorporated herein by reference as if set forth fully at length herein. The above defaults were not remedied by Counter-Defendant in accordance with the Plaintiffs' demand and Counter-Plaintiffs herein seek judicial foreclosure on the property; that it be sold; and that Counter-Plaintiffs be allowed to retain previous payments made by Counter-Defendant as liquidated damages.

Counter-Plaintiffs seek recovery of their past unpaid monthly payments as well as partial unpaid taxes for 1990 through 1997 and full taxes for 1998 through the present. Furthermore, Counter-Plaintiffs seek recovery of their interest on any unpaid installment payments under the Contract for Deed at the rate of 10% per annum.

C.   **Declaratory Judgment Action**

Counter-Plaintiffs further seek to have this Court determine the rights and obligations of the parties to the Contract for Deed made the basis of this lawsuit and marked as *Exhibit "A"* to

Plaintiff's Original Petition and specifically would ask the Court for the following declarations, among others:

1.    Counter-Defendant is in default under the Contract for Deed;

2.    Said default was not remedied;

3.    Counter-Plaintiffs have suffered damages and are entitled to any past installment payments of Counter-Defendant as liquidated damages;

4.    Counter-Defendant breached a contract entered into with Counter-Plaintiffs; and

5.    Counter-Plaintiffs shall have the real property in interest reverted back to them for their exclusive use and possession and the right to re-enter and take possession of the property to the exclusion of Counter-Defendant and any subtenants.

## IV.

### ATTORNEY'S FEES

Because of Plaintiff/Counter-Defendant's acts or omissions, Defendants/Counter-Plaintiffs were forced to retain attorneys, Royston, Rayzor, Vickery & Williams, L.L.P. Defendants/Counter-Plaintiffs would show that their attorneys' services are reasonable and necessary, and a recovery of attorneys fees pursuant to the Texas Civil Practice & Remedies Code, Declaratory Judgment Act, and contract theories, would be fair and just and that all conditions precedent for such a recovery have been met.

**WHEREFORE, PREMISES CONSIDERED, ELEANOR CARTE and AC CARTE,** Defendants/Counter-Plaintiffs pray that this Court upon consideration of their Original Answer and Counterclaim, order that Plaintiff's claims be dismissed in their entirety with prejudice, with Plaintiff taking nothing and costs be taxed against him; that Counter-Defendant be cited to appear and answer, and that on final trial the Counter-Plaintiffs have the following:

48255:941383.1:102000                                    -5-

1.      The unpaid principal balance due to the Counter-Plaintiffs with pre-judgment simple interest at the rate of 10% per annum from the date of the default until judgment;

2.      the recovery of unpaid ad valorem taxes on the property the subject of this suit;

3.      reasonable and necessary attorney's fees;

4.      pre-judgment and post-judgment interest as provided by law from the date of the breach until the date of judgment being paid;

5.      costs of suit;

6.      establishment and foreclosure of the sellers' lien securing the counter-defendant's obligations, and for order of sale; and

7.      such other and further relief to which Defendants/Counter-Plaintiffs may be justly entitled.


                                    Respectfully submitted,


                                    _____
                                    Keith N. Uhles
                                    Texas State Bar No. 20371100
                                    Cameron County ID No. 3609
                                    Javier González
                                    Texas State Bar No. 00787561
                                    Cameron County ID No. 3614
                                    Attorneys for Defendants/Counter-Plaintiffs,
                                    **ELEANOR CARTE and AC CARTE**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P. O. Box 3509
Brownsville, TX  78523-3509
Tel:  (956) 542-4377
Fax:  (956) 542-4370


48255:941383.1:102000                        -6-

## CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the foregoing, **Defendants' Original Answer and Counterclaim** has been forwarded to the opposing *pro se* party, via **U. S. MAIL** and **Certified Mail, RRR** on the ____ day of **October, 2000**:

               John Ocie Roberts
               1726 N. Commerce
               Harlingen, Texas 78550

               _____

               Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

## OPTION TO PURCHASE

Agreement made by and between Eleanor Carte, the former Eleanor Hendricks, and the former Eleanor Humphries, and Husband, A.C. Carte, hereinafter referred to as Seller, and John Roberts, hereinafter referred to as Purchaser.

WHEREAS, Purchaser desires to acquire certain properties owned by Seller, and Seller desires to sale to Purchaser such property; and,

WHEREAS, the exact terms and conditions of such conveyance have not been agreed upon by and between Seller and Purchaser.

IT IS THEREFORE AGREED:

1.    For and in consideration of the sum of $2,000, the receipt of which is hereby acknowledged, Seller hereby grants to Purchaser the right to purchase approximately forty (40) acres of land such being more fully defined and described in that certain Warranty Deed from Aurora Longoria to Eleanor Humphries and filed of record on September 1, 1961, and that land described in that certain Warranty Deed executed by Antonias Sanchez and Pedro Vite Sanchez to Eleanor Hendricks, same being filed of record in Volume 1232, Page 743, Deed Records of Cameron County, Texas.

2.    The option granted herein may be exercised at anytime within twelve (12) months of date hereof. In the event Purchaser fails to exercise such option within the twelve (12) month period, then same shall automatically be revoked and of no force or effect. Upon expiration of this option, purchaser may tender an additional $2,000.00 to Seller and receive an additional 12 months exclusive option to purchase.

3.    The price at which the Purchaser may purchase the land within such twelve (12) month period is $78,000, and if Seller finances such purchase price, same shall be at a rate of 10.50 percent per annum. The exact terms and conditions of the purchase shall be negotiated between Seller and Purchaser at time of the exercising of the option, and Seller agrees not to be unreasonable as to such terms and conditions.

4.     In addition to the option to purchase granted herein, Seller hereby grants to Purchaser the right of occupancy and use of the above described property for twelve (12) months, and Purchaser hereby agrees to pay to Seller the sum of $4,200 for the right of occupancy and use of said land.

*a.c. ec. $4200. JR.*

5.     The total sum of ~~$4,750~~ shall be paid in equal, consecutive monthly installments of $350 per month with the first such payment being due and payable on the __/__ day of *April*_____, 1984, and a like sum being due and payable on the same day of the next consecutive eleven (11) months thereafter. All payments by Purchaser to Seller shall be made in Nueces County, Texas.

6.     At all times subsequent to taking possession of the premises, Purchaser shall, at his sole cost and expense, provide the following insurance coverages:

A.     Comprehensive and general, public liability insurance against claims for personal injury, death or property damage occurring with the connection with the use and occupancy of the premises or arising out of the improvement, repair, or alteration of the premises. The limits of such insurance shall be agreed upon by and between Seller and Purchaser.

B.     Property damage insurance in an amount not less than $100,000 for damage to property arising out of any one occurance.

C.     Insurance on any improvement upon the premises against loss or damage by fire and against loss or damage by other risk embrassed by the so called "extended coverage" in amounts at all times significant to prevent Seller or Purchaser from being a coinsured under the terms of the applicable policies, but, in any event, in an amount not less than one hundred (100%) percent of the then full insurable value of the premises.

D.     Sellers risk public liability insurance with single limits to be agreed upon by and between Seller and Purchaser.

7.     Taxes shall be prorated to the date of closing.

8.     Buyer will receive fee Simple Estate.

-2-

**WITNESS OUR HANDS** in duplicate originals on this <u>21st</u> day of March, 1984.

SELLER:

_Eleanor Carte_
ELEANOR CARTE

_A.C. Carte_
A.C. CARTE

PURCHASER:

_John Roberts_
JOHN ROBERTS

SWORN AND SUBSCRIBED BEFORE ME, on the 21st day of March, 1984 by ELEANOR CARTE and husband, A.C. CARTE.

_Sylvia Padilla_
Notary Public in and for Cameron County, Texas.

SWORN AND SUBSCRIBED BEFORE ME, on the 21st day of March, 1984 by JOHN ROBERTS.

_Sylvia Padilla_
Notary Public in and for Cameron County, Texas.

THE STATE OF TEXAS }
COUNTY OF CAMERON }

This instrument was acknowledged before me on the 21st day of March, 1984 by ELEANOR CARTE and husband, A.C. CARTE.

_Sylvia Padilla_
Notary Public in and for Cameron County, Texas.

THE STATE OF TEXAS }
COUNTY OF CAMERON }

This instrument was acknowledged before me on the 21st day of March, 1984 by JOHN ROBERTS.

_Sylvia Padilla_
Notary Public in and for Cameron County, Texas.

-3-

November 5, 1998

Mr. John Roberts:
1726 North Commerce
Harlingen, Texas 78550

DearJohn:
    I am forwarding the receipts of the amounts I paid for all delinquent taxes to date. I've itemized these receipts for you. It is my understanding that I will be fully reimbursed no later than the 17th of this month without fail.

Eleanor Carte

# THOMPSON & WELSH

### ATTORNEYS AT LAW

### 426 S. TANCAHUA STREET

### CORPUS CHRISTI, TEXAS 78401

ROBERT R. THOMPSON
N.J. WELSH, III

J. HODGE THOMPSON (1906-1981)
FAX (512) 883-0129
(512) 883-1704

December 3, 1998

Mr. John Roberts
1726 N. Commerce
Harlingen, TX 78550

Dear Mr. Roberts:

I represent Eleanor Carte in connection with her sale of forty acres to you. You recently requested that she give you a total of the money paid by you. Under the contract dated February 13, 1987, a purchase price of $78,000 is to be paid, with $500.00 monthly payments being made through the course of the contract; such payments began in April, 1987; all amounts that had not been paid would be due fifteen years from the date of the contract. Calculations made by Ben House almost immediately after the contract was signed indicated that the $500.00 monthly payments would not even be enough to pay the interest that accrued under the contract. After fifteen years, all of the principal would remain unpaid, and there would be an accrual of about $27,000.00 in unpaid interest. Some months ago, I made similar calculations, and I had similar results.

Mrs. Carte could be precise about the amounts paid by you to her, but it would require substantial work on her part. She says that she believes that, of the $500.00 monthly payments, you have paid all of them except for approximately $5,000.00.

To resolve this matter completely, Mrs. Carte would be willing to convey the property to you, outright, for a cash payment of $30,000.00, plus any taxes that she has paid. She has paid $4,371.20 in taxes, and so far, you have reimbursed her $3,700.00, which means that $671.20 in taxes is unpaid. Mrs. Carte would want this matter to be closed through a title company, and because of the reduced price she has proposed, she would expect all of the costs being paid by you.

December 3, 1998
Page 2


    As you can see, the proposal represents a substantial reduction in the price to be paid for the property.  Mrs. Carte is willing to convey the property to you on the terms of this letter if the sale can be closed within sixty days from the date of this letter.  If not, she will expect you to abide by the terms of the 1987 contract.

    Please let us hear from you at your earliest possible convenience.


                        Sincerely,


                        N. J. Welsh, III

## THOMPSON & WELSH
### ATTORNEYS AT LAW
426 S. TANCAHUA STREET
CORPUS CHRISTI, TEXAS 78401

ROBERT R. THOMPSON
N. J. WELSH, III

J. HODGE THOMPSON (1906-1981)
(512) 883-1704

June 10, 1993

Mr. John Roberts
1726 N. Commercial
Harlingen, Texas 78550

Dear Mr. Roberts:

A few weeks ago, you and I talked on the telephone about resolving the matter of your purchase of property from Mrs. Carte. You had indicated that you would contemplate the matter and call me back. My understanding was that you intended to do so within about ten days. It has been about two months since we talked. If we cannot resolve this matter, then I will have to recommend that Mrs. Carte pursue other remedies.

I would appreciate hearing from you at your earliest possible convenience.

Sincerely,

N. J. Welsh, III

cc: Eleanor Carte

BEN HOUSE, P.C.

A PROFESSIONAL CORPORATION

ATTORNEY AT LAW

401 N. TANCAHUA

CORPUS CHRISTI, TEXAS 78401

———

(512) 882-7776

February 16, 1987

John Roberts
Route 2, Box 300-B
LaFeria, Texas 78559

Re:  A. C. & Eleanor Carte

Dear Mr. Roberts:

This correspondence is a follow up to our office conference last Friday and pertains to your agreement with my clients named above. A contract for deed was executed in my office in which my clients agreed to deed to you certain land in Cameron County if you fully pay for same.

The purchase price agreed upon was $78,000.00 and such shall bear interest at the rate of ten (10) percent per annum. You have agreed to pay $500.00 per month towards the purchase; however, as I informed you in our office conference, such payment will not even pay the interest associated with the purchased price.

There shall be $650.00 per month accumulated during the term of this note and after fifteen (15) years, you shall owe still my clients the original $78,000.00 and interest of $27,000.00. My clients will not require you to pay "interest upon interest", but will demand at the end of fifteen (15) years, you pay to them the sum of $105,000.00 in order to gain title to the land.

The document you signed in my office did not state the commencement date, but all parties agreed that the first $500.00 payment shall be due and payable on April 10, 1987, and a like installment of $500.00 shall be paid on the tenth day of each day thereafter.

You are three (3) months in arrears in the payment of your prior agreement and such totals $1,050.00. My client have waived interest on that amount, but do expect you to pay the $1,050.00 within the near future as you can so afford.

In my opinion, the contract for sale is not to your benefit, and

I strongly advise you to consult with someone in this regard. You will pay to Mr. & Mrs. Carte $6,000.00 a year, but if you failed to pay the balance of $105,000.00 at the end of fifteen (15) years, you will not receive the deed to the land and Mr. & Mrs. Carte will still own it.

In the event you seek the assistance of someone in this matter, they may contact me at their convenience and I would be glad to discuss this situation.

Very truly yours,

Original sig.

BEN HOUSE

Ben House

BH/ss

cc:  A.C. & Eleanor Carte
     1726 Second Street
     Corpus Christi, Texas 78404

NO. 96-08-4064 *CC 3-501*
*VCC 3-505*

LA FERIA INDEPENDENT SCHOOL DISTRICT                IN THE DISTRICT COURT

VS.                                                 103RD JUDICIAL DISTRICT

ELEANOR G. HOLLINGSWORTH, ET AL                     CAMERON COUNTY, TEXAS

*REFUSED FOR FRAUD UNDER*
*UNDER RULE 12 CP(b)*

## JUDGMENT

BE IT REMEMBERED, that on the 24th day of September, 1998, came on to be heard in regular order the above numbered and entitled cause, wherein La Feria Independent School District is Plaintiff and wherein La Feria Irrigation District Cameron County Number Three and Cameron County are Impleaded Defendant Taxing Units or Intervenors; and wherein JOHN ROBERTS, who answered herein pro se and was notified of this setting, and ELEANOR HOLLINGSWORTH, who being duly served with process as required by law, failed to appear or answer herein and wholly made default, are Defendants; and

This cause coming on for trial came Plaintiff and Intervenors above named by their attorneys, and all of said parties announced ready for trial; and Plaintiff having moved the Court to dismiss from this suit any parties not named above, it was so ordered; and as to those Defendants above named who appeared and answered pro se, the Court is of the opinion and finds that Plaintiff and Intervenors should have judgment for taxes owing them and for foreclosure and Order of Sale as hereinbelow decreed; and a jury being waived, the parties submitted all matters of controversy, both of fact and of law, to the Court without the intervention of a jury, and evidence was submitted concerning the ownership and title of the land hereinafter described, and the inventory sheets, assessment rolls, and delinquent tax records of Plaintiff and Intervenors were introduced into evidence, and evidence was submitted as to the value of the hereinafter described land; and the Court having heard the pleadings, the evidence and the argument of counsel, is of the opinion and finds as follows:

There are taxes, penalties, interest and attorney's fees due, owing and unpaid to Plaintiff and Intervenors in the amounts hereinafter set out upon the hereinafter described land. Said taxes, penalties, interest and attorney's fees constitute a separate, valid and subsisting lien in favor of Plaintiff and Intervenors and on each tract of land hereinafter described to secure the payment of the taxes, penalties, interest and attorney's fees hereinafter adjudged to be due against each separate tract of land hereinafter described, which said lien is prior and superior to all claims, right, title, interest or liens asserted by any of the Parties Defendant hereto.

It is therefore ORDERED, ADJUDGED AND DECREED that there is due, owing and unpaid to Plaintiff and Intervenors in the capacity in which they sue the following amounts of taxes, penalties, interest and attorney's fees for all delinquent years upon the following described property as set out in the Schedule immediately following, together with additional penalties and interest at the rates prescribed by Subchapters A and C of Chapter 33, Property Tax Code, which accrue hereafter on all said taxes from date of judgment until paid, to wit:

## SCHEDULE

Delinquent taxes, penalties, interest and attorney's fees due for which judgment is herein rendered covering all years delinquent at the date of the judgment:

Property Description

All of Block 80, Minnesota-Texas Land and Irrigation Company Subdivision in the La Feria Grant, Cameron County, Texas.  Account Nos. 855380-0800-0100-00 & 855380-0800-0100-10

AMOUNTS DUE TO:

| | | |
|---|---|---|
| La Feria ISD | $ | 744.50 |
| La Feria ID Cameron County Number Three | $ | 2,447.57 |
| County of Cameron | $ | 731.02 |
| TOTAL TAXES DUE | $ | 3,923.09 |

ADJUDGED VALUE:    $66,306.00

It is further ORDERED, ADJUDGED AND DECREED that Plaintiff and Intervenor do have and recover judgment for all sums set out in the foregoing Schedule, together with all costs of suit and sale now or hereafter incurred, including abstract costs incurred in securing data and information as to the name, identity, and location of necessary parties and the necessary legal description of the above described property, as such abstract costs are more particularly set out in Plaintiff's Petition on file herein, in the total amount of $50.00. In the event one or more of the Defendants shall pay off and discharge all of the amounts herein adjudged to be due against one or more tracts, prior to the holding of the foreclosure sale hereinafter decreed, such Defendant shall be liable only for the pro rata part of the accrued costs properly chargeable to such tract or tracts; but the proceeds of any foreclosure sale in this cause shall be applied first to the payment of all accrued costs of suit and sale, and any residue shall be distributed pro rata to Plaintiff and Intervenors as provided by law.

It is further ORDERED, ADJUDGED AND DECREED that a lien exists against each of said lots, tracts, or parcels of land, for the amount of the taxes, penalties, interest, attorney's fees and costs herein adjudged to be due on each particular lot, tract, or parcel of land, which lien is prior and superior to all claims, right, title, interest or liens asserted by any of the Parties Defendant herein, and that Plaintiff and Intervenors have foreclosure of their liens on each of said lots, tracts or parcels of land as against all the Defendants herein or any person claiming under the said Defendants by any right acquired pending this suit; that an Order of Sale be issued by the Clerk directed to the Sheriff or any Constable of said County, commanding such officer to seize, levy upon and advertise the sale of each of said tracts of land, and sell the same to the highest bidder for cash, as under execution, provided that none of said property shall be sold to any party other than a taxing unit which is a party to this suit for less than the amount of the adjudged value of the property or the aggregate amount of the judgment against the property in said suit, whichever is lower; the said adjudged value, or reasonable fair value of the property as set by this Court is as shown on the foregoing Schedule; but if the Defendant, in person or by attorney, shall at any time before the sale file with the Sheriff or other officer in whose hands said Order of Sale shall be placed a written request that the property described herein shall be divided and sold in less tracts than the whole, together with a description of said subdivision, then such officer shall sell the land in such subdivisions as the

Defendant may request and, in such case, shall only sell as many subdivisions as necessary to satisfy this judgment, interest, attorney's fees and cost, the net proceeds of any sale of such property made hereunder to any party other than a taxing unit who is a party to this suit to be applied to satisfy the judgment and liens foreclosed herein, but any excess in the proceeds of sale over and above the amount necessary to pay the taxes due, defray the costs of suit and sale and other expenses chargeable against said property, shall be paid to the parties legally entitled to such excess; that the owner of such property, or anyone having an interest therein, or their heirs, assigns, or legal representatives, may redeem such property in the time and manner prescribed by law; that the officer executing the Order of Sale shall make proper conveyance to the purchaser or purchasers of said land, as prescribed by law, subject to such right of redemption; and that if before the expiration of the period of redemption fixed by law no person who is entitled to redeem the said property has exercised the right of redemption, then a Writ of Possession shall be issued to the purchaser at foreclosure sale or his assigns by the Clerk of this Court within twenty (20) days after recording the sheriff's/constable's deed, ordering the Sheriff or proper officers to place the purchaser br purchasers, or their heirs, executors, assigns, or administrators in possession of the property so purchased in accordance with the laws of the State of Texas.

All relief prayed for in any of the pleadings in the cause which is not specifically granted by this judgment is hereby denied.

SIGNED, APPROVED and ORDERED FILED and RECORDED this the 24th day of September, 1998.

_____
JUDGE PRESIDING

09/28/98 COPIES AS TO:

APPROVED AS TO FORM:

_____
Attorney for Plaintiff, La Feria Independent
School District and Intervenor, La Feria Irrigation
District Cameron County Number Three

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
SEP 25 1998
DISTRICT COURT OF CAMERON COUNTY, TEXAS

_____
Attorney for Intervenor, Cameron County

REFUSED FOR FRAUD UNDER *UCC 3-501*
UNDER RULE *FRCP 9b* *UCC 3-505*

_____
Defendant, John Roberts, Pro Se

*REFUSED FOR FRAUD BECAUSE OF CONVERSION, ATTEMPTED EXTORTION, COLLUSION AND A SUBSTANTIVE RIGHTS VIOLATION GUARANTEED AND PROTECTED BY THE CONSTITUTION.*

# EXHIBIT "C"

CAUSE NO. 2000-09-3842-C

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE and AC CARTE | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING TRIAL, DISMISSING CASE-IN-CHIEF
## AND SEVERING COUNTERCLAIM

On the 28th day of March, 2001, came on to be considered Plaintiff's, John Ocie Roberts Motion for Reinstatement and for Trial Setting Hearing and Counter-Plaintiffs', **ELEANOR CARTE and A C CARTE** Motion for Reinstatement and for Trial Setting of Counterclaim in the above-entitled civil action. Counter-Plaintiffs appeared by and through attorney of record, Javier González and *pro se* plaintiff, John Ocie Roberts did not appear although duly notified of Counter-Plaintiffs' Motion being set for hearing by order dated March 12, 2001 and of his own Motion to Reinstate by Order dated March 22, 2001. The Court after considering the arguments of counsel, the pleadings on file, having the *pro se* plaintiff paged over the intercom to the Court's chambers to confer with opposing counsel to obtain a mutually agreeable trial date, the evidence presented and the applicable law is of the opinion that Counter-Plaintiffs' Motion for Reinstatement and for Trial Setting of Counterclaim is granted. Accordingly, it is therefore,

**ORDERED, ADJUDGED and DECREED** that Counter-Plaintiffs' Motion for Reinstatement and for Trial Setting of Counterclaim is **GRANTED,** and that the Counterclaim is reinstated and set for trial only. It is further,

**ORDERED, ADJUDGED and DECREED** that *pro se* Plaintiff's Motion for Reinstatement and for Trial Setting Hearing is **DENIED**, although *pro se* Plaintiff having been duly notified of the hearing on his Motion and Counter-Plaintiffs' Motion by Orders dated March 22 and 12, 2001, respectively, and being called over intercom at the Cameron County Courthouse on March 28, 2001 to appear in the Court's chambers to confer with opposing counsel on an agreeable trial date and *pro se* plaintiff's failure to appear at the hearing on March 28, 2001. Accordingly, the Court dismisses plaintiff's claims for want of prosecution as advised in the Court's Order dated February 15, 2001. It is further,

**ORDERED, ADJUDGED and DECREED** that at the request of Counter-Plaintiffs' counsel, the case is taken off the jury docket and placed on the Court's bench docket, without objection made at the hearing on March 28, 2001 by the *pro se* plaintiff, and the case is hereby set for announcements on August 10, 2001 at 9:00 a.m. with a bench trial on August 13, 2001 at 9:00 a.m. in this Court. It is further,

**ORDERED, ADJUDGED and DECREED** that Counter-Plaintiffs' Counterclaim is severed from this action at the request of Counter-Plaintiffs' counsel at the hearing on March 28, 2001 and so the Counterclaim is made the subject of a separate action to be styled *Eleanor Carte vs. John Ocie Roberts* and shall have the following docket No.: _2001-05-2303-C_.

**SIGNED FOR ENTRY** this 4th day of ~~March~~ April, 2001.

<br>

**HON. MIGDALIA LOPEZ**
**JUDGE PRESIDING**

cc:  Javier González, ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P., P. O. Box 3509, Brownsville, Texas 78523-3509
cc:  John Ocie Roberts, *pro se* Party, 1726 N. Commerce, Harlingen, Texas 78550

48255:962302.1:032901                     -2-

PLEASE NOTE: SEVERED CASE IN NOW NO.#2001-05-2303-C IN THE
197TH COURT STYLED ELEANOR CARTE -VS- JOHN OCIE ROBERTS
PLEASE USE THIS NUMBER AND COURT DESIGNATION ON ALL
FUTURE PLEADINGS AND ORDERS.    THANK-YOU

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
APR - 4 2001
DISTRICT COURT OF CAMERON COUNTY TEXAS

# EXHIBIT "D"

CERTIFIED COPY

## CAUSE NO. 2001-05-2303-C

| | | |
|---|---|---|
| ELEANOR CARTE, | § | IN THE DISTRICT COURT |
| *Counter-Plaintiff* | § | |
| | § | |
| vs. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| JOHN OCIE ROBERTS | § | |
| *Counter-Defendant* | § | CAMERON COUNTY, TEXAS |

## JUDGMENT

On the 13TH day of August, 2001, came on to be considered this severed counterclaim wherein **ELEANOR CARTE and CELESTE BOWMAN, AS INDEPENDENT EXECUTRIX OF THE ESTATE OF A C CARTE** are Counter-Plaintiffs and **JOHN OCIE ROBERTS** is Counter-Defendant. The Court after calling this case for trial on its bench docket, without objection by counter-defendant, counter-plaintiffs announced present and ready for trial and counter-defendant did not appear notwithstanding having been given notice of the setting by order dated April 4, 2001 in this cause and Cause No. 2000-09-3842-C styled *John Ocie Roberts v. Eleanor Carte, et al.* Upon such announcements, the Court called this case back up for a bench trial on August 15, 2001, wherein counter-plaintiffs announced present and ready for trial and counter-defendant did not appear nor object to the case proceeding before the bench. The Court took judicial notice of all documents in this cause and cause no. 2000-09-3842-C and proceeded thereafter to a trial wherein counter-plaintiffs presented evidence before the Court. The Court after considering the pleadings on file in this civil cause, the applicable law, the argument of counsel and the evidence presented is of the opinion that judgment should be granted for and in favor of counter-plaintiffs, **ELEANOR CARTE and CELESTE BOWMAN, AS INDEPENDENT EXECUTRIX OF THE ESTATE**

48255:979362.1:081701

**OF A C CARTE** against counter-defendant, John Ocie Roberts and enters the following orders accordingly:

**ORDERED, ADJUDGED and DECREED** and the Court so finds that the allegations in counter-plaintiffs Original Counterclaim filed in Cause No. 2000-09-3842-C and severed into this cause of action are admitted and accepted and the Court further finds that on or about March 21, 1984, a option to purchase (hereinafter "the option to purchase") was entered into between Eleanor Carte and A. C. Carte and John Roberts for the purchase of approximately 40 acres of land such being more fully defined and described in that certain warranty deed from Aurora Longoria to Eleanor Humphries and filed of record on September 1, 1961, and that land described in that certain warranty deed executed by Antonias Sanchez and Pedro Vite Sanchez to Eleanor Hendricks, same being filed of record in Volume 1232, page 743, Deed Records of Cameron County, Texas (hereinafter "the property") wherein Eleanor and A. C. Carte were the Sellers and John Roberts the Purchaser and that thereafter on or about February 13, 1987, a contract for deed was signed and entered into between A. C. Carte and Eleanor Carte as Sellers and John Roberts as Purchaser of the property (hereinafter "the contract for deed"). The Court further finds that there has been a material breach and default of said option to purchase and contract for deed and said defaults were not remedied. The Court further finds that counter-plaintiffs have suffered damages and are entitled to any past installment payments by counter-defendant as liquidated damages, pursuant to the contract for deed and counter-plaintiff, Eleanor Carte shall have as her separate and sole property, the property reverted back and awarded to her for her exclusive use, ownership and possession and shall have the right to re-enter and take possession of the property to the exclusion of counter-defendant under said contract for deed. The Court further finds that pursuant to the Texas Declaratory

Judgments Act, counter-plaintiffs are *"prevailing parties"* as that term is defined by law and as such, are entitled to recover reasonable attorney's fees and also as allowed under §38.001 of the Texas Civil Practice & Remedies Code, as a result of the material breaches of contract. The Court further finds that counter-plaintiffs shall have judgment against counter-defendant for the debt owed, property taxes, court costs, attorney's fees and pre-judgment and post-judgment interest as provided by law and automatic reversion and ownership of the property back to Eleanor Carte, without cloud to title. Accordingly, it is therefore,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs recover the sum of $7,500 for unpaid payments up until August of this year under the contract for deed and interest as stated under the contract for deed on this amount at 10% annual simple interest of $500 from June of 2000. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs shall have and recover from counter-defendant the sum of $1,050 under the option to purchase and pre-judgment interest on that amount at the rate of 6% annual simple interest of $912.88 from February 13, 1987. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs shall have and recover against counter-defendant the sum of $5,000 under the contract for deed plus pre-judgment interest at the rate of 10% annual simple interest of $1,347.85 from December 3, 1998. It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs shall have and recover from counter-defendant the sum of $101.71 for unreimbursed property taxes paid for tax years 1984 through 1986 to the Cameron County tax office plus pre-judgment interest at the rate of 6% annual simple interest of $84.79 from September 21, 1987. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs shall have and recover from counter-defendant the sum of $600 for unreimbursed property taxes paid to the La Feria Independent School District for tax year 1997; to La Feria Irrigation district for tax years 1990-1997; and to Cameron County for tax years 1994-1997 and court costs and attorney's fees at a pre-judgment simple interest of 10% of $170.95. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs shall have and recover from counter-defendant unpaid property taxes from 1998 through 2000 for Cameron County taxes of $1,079.60; for La Feria Independent School District taxes in the amount of $3,361.57; and for La Feria Irrigation District taxes in the amount of $750.24; and also recover and have pro-rated estimated taxes for each of these three taxing entities for the year 2001 up to August 14, 2001 of $649.23 for Cameron County; $101.68 for the La Feria Irrigation District; and $481.88 for the La Feria Independent School District. It is further,

ORDERED, ADJUDGED and DECREED that counter-plaintiffs have and recover from counter-defendant reasonable attorney's fees in the amount of $11,945.00 and an additional $10,000 in reasonable attorney's fees should this case be appealed to the Court of Appeals and an additional $10,000 for reasonable attorney's fees should this case be appealed to the Texas Supreme Court. It is further,

ORDERED, ADJUDGED and DECREED that Eleanor Carte shall retain any and all previous payments made by counter-defendant as liquidated damages as provided under the contract for deed; that the contract for deed and agreement is determined to be of no further force or effect; that John Ocie Roberts is ordered to surrender possession of the property to Eleanor Carte and she shall have the right to re-enter and take full possession of such property to the complete exclusion

of John Ocie Roberts and others as provided under the contract for deed and as specific performance under such contract and that a writ of possession shall issue to place Eleanor Carte in possession of the property without the requirement that she start proceedings for that purpose and this Order shall be relied upon and acted upon instanter by any Sheriff or Constable or other law enforcement officer(s) within the County, as provided under Texas Rule of Civil Procedure 310. It is further,

ORDERED, ADJUDGED and DECREED that title to the property is quieted in favor of Eleanor Carte as her sole and separate property and ownership and she is granted any and all remedies and benefits to the property and entitled to any and all rights, ownership and glories to the property and title, ownership and any and all rights and interest to the property are automatically conveyed and transferred in fee simple, without any cloud to title, to Eleanor Carte and that this judgment shall be filed as a conveyance and transfer of such property to Eleanor Carte as the sole and rightful owner in fee simple in the official deed records of Cameron County, Texas and shall serve as a full conveyance of the property to Eleanor Carte as owner and give notice to all others who may act or rely upon it. It is further,

ORDERED, ADJUDGED and DECREED that for taxing purposes, any and all taxing entities including but not limited to Cameron County, the La Feria Irrigation District, the La Feria Independent School District and the Cameron County Appraisal District are hereby ordered to change their tax rolls to reflect Eleanor Carte at P. O. Box 331276 in Corpus Christi, Texas 78463 as owner of the property and that such taxing entities and Appraisal District shall treat the property as vested in Eleanor Carte for any and all taxing purposes upon the date of this Order and are ordered to do so for Cameron County account nos. 85/5380/0800/0100/10 and 85/5380/0800/0100/00; for the La Feria Irrigation District account nos. 00029-00-080-0001-00 and 00029-00-080-0000-00; and

for the La Feria Independent School District account nos. of 855380-0800-0100-10 and 855380-0800-0100-00; and that Eleanor Carte shall be reflected as title owner of the property the subject of this suit on any and all tax rolls and as owner and possessor of the property and that it be declared and ordered that there are no clouds, encumbrances, hypothecations, liens, hindrances, or other claims to the property other than property taxes owed to Cameron County, the La Feria Irrigation District for 1998 to the present and the La Feria Independent School District and any such other encumbrances, hypothecations, liens, hindrances, clouds or claims to the property are extinguished by this judgment and that the only allowable encumbrances, hypothecations, hindrances, liens or claims, except for taxes owed for 1998 to the present to the three taxing entities noted above, shall only be those created by Eleanor Carte and no other person or entity.  It is further,

ORDERED, ADJUDGED and DECREED that this judgment shall be effective after recording in the official records of Cameron County, Texas where the property is located ,to establish a chain of title awarding fee simple interest to Eleanor Carte only and serve to give notice thereof to any and all persons or entities hereafter.  It is further,

ORDERED, ADJUDGED and DECREED that any and all subtenants, tenants, lessees or other possessors on the property now, shall be allowed to finish their lease terms and it is ordered that they are to pay monthly rents hereon out to Eleanor Carte for her use and benefit at P. O. Box 331276 in Corpus Christi, Texas 78463 or in person to her via hand-delivery and she is to be considered landlord and lessor of the property to them and that Eleanor Carte shall notify each and every such subtenant, tenant, lessee or other possessor of the property in writing of her status as owner, landlord and lessee of the property and that rent payments are to be directed to her and that if any such lease term or arrangement by which a subtenant, tenant, lessee or other possessor of the

property is to be extended, it shall be done at the sole discretion of Eleanor Carte and any such agreement by her shall be signed in writing to be enforceable.  It is further,

**ORDERED, ADJUDGED and DECREED** that counter-plaintiffs recover and have judgment against counter-defendant, post-judgment interest at the rate of 10% per year on the total judgment herein from the date of judgment rendered herein until paid, compounded annually and counter-plaintiff shall recover all court costs.  It is further,

**ORDERED, ADJUDGED and DECREED** that with the ordering of this judgment, this judgment expressly disposes of all claims and all parties of this severed action and this is a final judgment as to all claims and all parties in the severed action and counter-plaintiffs are granted and allowed all such writs and processes that may be necessary, including seizure, execution, and garnishment and all such other writs and processes, to collect this judgment.

The Court denies all relief not expressly granted in this judgment.

**SIGNED FOR ENTRY** this ___17th___ day of August, 2001.

_____
**JUDGE PRESIDING**

AUG 1 7 2001

cc:    Hon. Javier González
       ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
       P. O. Box 3509
       Brownsville, Texas 78523-3509

cc:    John Ocie Roberts
       1726 N. Commerce
       Harlingen, Texas 78550

FILED ___3:00___ O'CLOCK ___P___ M
AURORA DE LA GARZA DIST CLERK
AUG 17 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _12/3/01_
BY _____ 
DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS

# EXHIBIT "E"

10-20

## QUITCLAIM DEED

**Date:**                                        Sept 29 , 2000.

**Grantor:**                             A. C. Carte, a single person
**Grantor's Mailing Address**    P. O. Box 3562, Houston,
                                         Texas 77253-3562


**Grantee:**                             Eleanor Carte, a single person
**Grantee's Mailing Address**    1726 Second St.,
                                         Corpus Christi, Nueces County,
                                         Texas 78404

**Consideration:**                  Ten & No/100ths ($10.00)
                                         Dollars

**Property (including any improvements):**

        All those certain tracts of land located in Cameron
        County, Texas, and described as follows:

        A tract of land containing 38.34 acres out of Block
        Eighty (80) of the Minnesota-Texas Land &
        Irrigation Company's Subdivision of the La Feria
        Grant in Cameron County, Texas (and being all of
        such Block 80 except the north one acre tract),
        according to the map or plat of such subdivision
        recorded in Vol. 2, Page 38, Map Records of Cameron
        County, Texas, and being the same 38.34 acre tract
        which was conveyed by deed dated July 24, 1961,
        from Aurora Longoria to Eleanor Humphries, and
        recorded under clerk's file no. 18920 on August 31,
        1961, in he Deed Records of Cameron County, Texas.
    AND
        A tract of land containing one (1) acre of land,
        more or less, out of Block Eighty (80) of the
        Minnesota-Texas Land & Irrigation Company's
        Subdivision of the La Feria Grant in Cameron
        County, Texas, according to the map of such
        subdivision recorded in Vol. 2, Page 38, Map
        Records of Cameron County, Texas, and being the
        same one acre tract which was conveyed by deed
        dated May 1, 1981, from Antonio S. Sanchez and
        Pedro Vite Sanchez to Eleanor Hendricks, and
        recorded under clerk's file no. 13354 in Vol. 1232,
        Page 743, Deed Records of Cameron County, Texas, to
        which reference is here made for a metes and bounds
        description of such one acre tract.

        Grantor, for the above mentioned consideration, receipt
of which is acknowledged, has QUITCLAIMED and does hereby
QUITCLAIM to Grantee all of Grantor's right, title, and
interest in and to the Property and any contracts rights

pertaining to the Property, to have and to hold all of Grantor's rights, title, and interest in and to the above described property, and any contract rights pertaining to same, unto the Grantee and Grantee's heirs, executors, administrators, successors and assigns forever, so that neither the Grantor, nor the Grantor's heirs, legal representatives, or assigns shall have, claim, or demand any right or title to such property, premises, contract rights, or appurtenances or any part thereof.

Grantor recognizes that the above described real property and all rights pertaining to such real property were always the separate property of Grantee, and this quitclaim is given for the purpose of acknowledging and confirming the same.

_____
A. C. Carte

**STATE OF TEXAS**                    §
**COUNTY OF NUECES**                  §

This instrument was acknowledged before me on Sept 29 , 2000, by A. C. Carte.



_____
Notary Public, State of Texas
Commission expires: _____
_____
James L. Cason III
(printed name)

JAMES L. CASON III
Notary Public, State of Texas
My Commission Expires
November 12, 2001

# EXHIBIT "F"

NO.  90-4280-F

| | | |
|---|---|---|
| IN THE MATTER OF | } | IN THE 214TH DISTRICT |
| THE MARRIAGE OF | } | |
| | } | COURT OF |
| ELEANOR CARTE | } | |
| AND | } | |
| ALVIN C. CARTE | } | NUECES COUNTY, TEXAS |

## DECREE OF DIVORCE

On the 2nd day of October, 1990, trial on the merits was held in this cause.

The Petitioner appeared in person and by attorney and announced ready for trial.  The Respondent has been duly served with citation and has approved this Decree of Divorce.

The Court, after examining the pleadings and listening to the evidence and argument of counsel, finds that it has jurisdiction over this cause and the parties and that Petitioner's Original Petition for Divorce has been on file in this Court for at least 60 days.

The Court finds that at the time this suit was filed, Petitioner had been a domiciliary of this state for the preceding six months and a resident of this county for the preceding 90 days.

No jury having been demanded by either of the parties, all matters in controversy, including all questions of fact and of law, were submitted to the Court.  The Court is of the opinion that the material allegations in Petitioner's Original Petition for Divorce are substantially correct and have been proved by full and satisfactory evidence.  The Court finds that a divorce should be granted.

IT IS THEREFORE ORDERED that the bonds of matrimony between the Petitioner, ELEANOR CARTE, Social Security Number 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, and Respondent, ALVIN C. CARTE, Social Security Number 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, be and are hereby dissolved, and a decree of divorce is hereby granted to the parties.

The Court finds that there is no child of this marriage now under the age of 18 years or that has not been emancipated, and that none are expected.

The Court finds that the parties own community property which should be divided in an equitable manner.

IT IS THEREFORE ORDERED that the community property owned by the parties be divided as follows:

Petitioner, ELEANOR CARTE, is awarded as her sole and separate property the following:

(1)  1988 Chrysler, Texas License # 879-SJG.

(2)  All checking accounts, savings accounts, or Certificates of Deposit in the name of the Petitioner.

(3)  All other personal property in the Petitioner's possession or control, unless specifically awarded to the Respondent.

    (4)    All community interest in Lot 2, Block 1, Del Monte, an
           Addition to the City of Corpus Christi, Nueces County,
           Texas.

All property awarded to Petitioner shall be subject to any indebtedness
charged against it.

    Respondent, ALVIN C. CARTE, is awarded as his sole and separate prop-
erty the following:

    (1)    All property in his possession or control.

    (2)    All community interest in a 1979 Southwind Motor Home,
           Texas License # 444SVQ.

    (3)    All checking, savings, or Certificates of Deposit in
           the name of the Respondent.

    (4)    A cash settlement of One Thousand Five Hundred and
           No/100 ($1,500.00) Dollars.

    (5)    The Respondent shall also have the right to park the
           Southwind motor home on the Petitioner's property in
           the area that it has always been located in, for so
           long as the Respondent wishes to use that portion of
           the property.

    The Court further finds that the Petitioner, ELEANOR CARTE, owned the
following property prior to this marriage, which constitutes the separate
property of the Petitioner, ELEANOR CARTE:

1.    Lot 21, Block 21, Lindale Park Subdivision to the City
      of Corpus Christi, Nueces County, Texas, also known as
      810 Ohio, Corpus Christi, Texas.

2.    Lot 4, Block 5, Lindale Park Subdivision to the City of
      Corpus Christi, Nueces County, Texas, also known as 817
      Ohio, Corpus Christi, Texas.

3.    Lot 34, Block 1, Del Monte Subdivision in the City of
      Corpus Christi, Nueces County, Texas, also known as 464
      Ohio, Corpus Christi, Texas.

4.    The land and improvements located at 1429 Date Street,
      Corpus Christi, Texas.

5.    Forty (40) acres of land in La Feria, Texas, located
      in Abstract 10, Minn, Tex Block 80.

6.    Forty (40) acres of land in Mathis, Texas, which con-
      sists of all of Tract 2, McNair Subdivision of Tract 5,
      6, and 7 of same land described in Contract for Deed
      from Veterans Land Board to Paul J. Hendricks, dated
      May 25, 1950.

7.    Lot 5, Block 5, Del Mar Addition to the City of Corpus
      Christi, Nueces County, Texas, also known as 1726 2nd
      Street, Corpus Christi, Texas.

8.  The balance owed on the sale of the property located at
605-609 South Carancahua, Corpus Christi, Texas.

9.  1210 North Chaparral, Corpus Christi, Texas, plus all
rents or lease payments on said property.

10.  Lots 7-9, Block 49, Div. B, Avalon, a Subdivision in
Bandera County, Texas.

All property awarded to Respondent shall be subject to any indebtedness
charged against it.

The Court finds that the parties owed certain debts and had other
financial obligations which should be divided in an equitable manner.

IT IS THEREFORE ORDERED that the debts and financial obligations shall
be divided between the parties:

a)  Petitioner, ELEANOR CARTE, is ordered to pay the follow-
ing debts and assume the following obligations:

Balance owed to Visa, MBank on the financing of the
Southwind motor home, note with MBank, and Sears,
plus any other accounts in her name.

b)  Respondent, ALVIN C. CARTE, is ordered to pay the follow-
ing debts and assume the following obligations:

All accounts in the name of Respondent.

All costs are assessed against the party who incurred the same.

SIGNED on this the 2 day of October, 1990.

RANDALL MASTER
COURT MASTER

PREPARED AND SUBMITTED BY:

CHARLES W. CROMWELL, Attorney
for Petitioner, ELEANOR CARTE

APPROVED:

ELEANOR CARTE, Petitioner

JUDGE PRESIDING

STATE OF TEXAS
COUNTY OF NUECES

I, OSCAR SOLIZ, DISTRICT CLERK OF NUECES COUNTY,
Texas, do hereby certify that the foregoing is a
true and correct copy of the original record, now
in my lawful custody and possession, as appears
of record in Vol. 89, Page _____, Minutes of
the 214 District Court on file in my office.
Witness my official hand and seal of office,

this OCT 0 2 1990

OSCAR SOLIZ, DISTRICT CLERK
Nueces County, Texas

Deputy

ALVIN C. CARTE, Respondent

-3-

# EXHIBIT "G"

CAUSE NO. 2002-01-252-E

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE, THE ESTATE OF | § | |
| A.C. CARTE BY AND THROUGH | § | |
| ITS EXECUTRIX, CELESTE BOWMAN | § | |
| AND JAVIER GONZALES | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## AFFIDAVIT OF ELEANOR CARTE

STATE OF TEXAS     §
COUNTY OF CAMERON  §

Before me, the undersigned notary, on this day, personally appeared, **ELEANOR CARTE,** a person whose identity is known to me. After I administered an oath to her, upon her oath, she said:

1.  "My name is Eleanor Carte and I am a named-defendant in the above-referenced litigation. I am over the age of eighteen (18) years; have never been convicted of a felony; and am fully competent to make this affidavit, based on personal knowledge and the facts herein are true and correct. I am making this affidavit in support of my summary judgment.

2.  On or about September 29, 2000, my ex-husband, A.C. Carte gave me a quitclaim deed to approximately 40 acres of real estate legally described as approximately forty (40) acres of land described in that certain warranty deed from Aurora Longoria to Eleanor Humphries and filed of record on September 1, 1961, and that land described in that certain warranty deed executed by Antonias Sanchez and Pedro Vite Sanchez to Eleanor Hendricks, same being filed of record in Volume 1232, Page 743, deed records of Cameron County, Texas ("the property"). This deed was filed in the official records of Cameron County, Texas on or about October 20, 2000.

3.  The property was legally declared as separate property owned by me prior to any marriage between myself and A.C. Carte. I bought this property before I married A.C. Carte. A court in Nueces County, Texas so ordered this and signed a Decree of Divorce in *the Matter of the Marriage of Eleanor Carte and Alvin C. Carte* in Cause No. 90-4280-F, back on or about October 2, 1999, which was marked as Exhibit "F" to the motion for summary judgment and is a true and correct copy. Although A.C. Carte signed the quitclaim deed, I never thought he had any interest to convey to me, as the property was the sole and separate property of mine already.

Nonetheless, A.C. Carte signed a quitclaim deed on or about September 29, 2000, quitclaiming any and all rights, title interest to the property and any contract right pertaining to the property, in case he so claimed. He never claimed so, as far as I know.

4.    I wish to state that I have never interfered or for that matter, tortuously interfered with any contract between John Ocie Roberts and A.C. Carte. The property is and has always been my separate property. I want to keep my property. Furthermore, there was not a contract that existed that was subject to interference because A.C. Carte had no interest to convey. My obtaining the quitclaim deed was not done with any ill-will, malice or."

Further affiant sayeth naught.

*Eleanor Carte*

**ELEANOR CARTE**

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the ⎯31⎯ day of December, 2003.

*Yolanda J. Almaguer*

Notary Public, State of Texas

My Commission Expires: ⎯1-2-05⎯

YOLANDA T. ALMAGUER
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 01-02-05

-2-

# EXHIBIT "H"



## NUMBER 13-01-314-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI

| | |
|---|---|
| **JOHN OCIE ROBERTS,** | **Appellant,** |
| **v.** | |
| **ELEANOR CARTE AND A. C. CARTE,** | **Appellees.** |

### On appeal from the 197th District Court
### of Cameron County, Texas.

## O P I N I O N

### Before Justices Dorsey, Yañez, and Castillo
### Opinion Per Curiam

Appellant, JOHN OCIE ROBERTS, perfected an appeal from a judgment entered by the 197th District Court of Cameron County, Texas, in cause number 2000-09-3842-C. No clerk's record has been filed due to appellant's failure to pay or make arrangements to pay the clerk's fee for preparing the clerk's record.

COURT OF APPEALS

Thirteenth Judicial District

Corpus Christi, Texas

Below is the JUDGMENT in the numbered cause set out herein to be Filed and Entered in the Minutes of the Court of Appeals, Thirteenth Judicial District of Texas, at Corpus Christi, as of the 19th day of July, 2001. If this Judgment does not conform to the opinion handed down by the Court in this cause, any party may file a Motion for Correction of Judgment with the Clerk of this Court.

CAUSE NO. 13-01-00314-CV                        (Tr.Ct.No. 2000-09-3842-C)

JOHN OCIE ROBERTS,                                                    Appellant,

v.

ELEANOR CARTE AND A. C. CARTE,                                       Appellees.

On appeal to this Court from Cameron County, Texas.

\* \* \* \* \* \* \*
J U D G M E N T

On appeal from the 197th District Court of Cameron County, Texas, from an order signed April 4, 2001. Opinion Per Curiam. Do not publish. TEX. R. APP. P. 47.3.

THIS CAUSE is before the Court on appellant's failure to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, this Court's notice, and appellant's failure to respond. The Court, having examined and fully considered the documents on file and appellant's failure to comply with the rules, is of the opinion that the appeal should be dismissed for want of prosecution. The appeal is hereby DISMISSED FOR WANT OF PROSECUTION.

Costs of the appeal are adjudged against appellant, John Ocie Roberts. It is further ordered that this decision be certified below for observance.

\* \* \* \* \* \*
CATHY WILBORN, CLERK

# EXHIBIT "I"

CAUSE NO. 2002-01-252-E

| | | |
|---|---|---|
| JOHN OCIE ROBERTS, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| ELEANOR CARTE, THE ESTATE OF | § | |
| A.C. CARTE BY AND THROUGH | § | |
| ITS EXECUTRIX, CELESTE BOWMAN | § | |
| AND JAVIER GONZALES | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## AFFIDAVIT OF JAVIER GONZÁLEZ

**STATE OF TEXAS**       §
**COUNTY OF CAMERON**  §

      Before me, the undersigned notary, on this day, personally appeared, **JAVIER GONZÁLEZ**, a person whose identity is known to me.  After I administered an oath to him, upon his oath, he said:

1.    "My name is Javier González and am the attorney representing Defendants, Eleanor Carte, The Estate of A.C. Carte, by and through its Executrix, Celeste Bowman and Javier González in the above-referenced litigation.  I am over the age of eighteen (18) years; have never been convicted of a felony; and am fully competent to make this affidavit, based on personal knowledge and the facts herein are true and correct, to the best of my ability.

2.    Plaintiff's, John Ocie Roberts, Original Petition in Cause No. 2000-09-3842-C, marked as Exhibit "A"; Eleanor and A. C. Carte's Original Answer and Counterclaim filed in Cause No. 2000-09-3842-C, marked as Exhibit "B"; the Order Setting Trial, Dismissing Case-in-Chief and Severing Counterclaim in Cause No. 2000-09-3842-C signed April 4, 2001, marked as Exhibit "C"; the Final Judgment entered in Cause No. 2001-05-2303-C on August 17, 2001 and marked as Exhibit "D"; the quitclaim deed from A.C. Carte to Eleanor Carte dated September 29, 2000 and marked as Exhibit "E"; the decree of divorce in the matter of the marriage of Eleanor Carte and Alvin C. Carte in Cause No. 90-4280-F signed on October 2, 1990, marked as Exhibit "F"; and the copy of the judgment filed and entered in the minutes of the Thirteenth Court of Appeals on July 19, 2001 in Cause No. 13-01-00314-CV, marked as Exhibit "H"; all appear to be and/or are true and correct copies to the best of my knowledge and belief at this time."

49802:1087395.1:123003

Further affiant sayeth naught.

_____
**JAVIER GONZÁLEZ**

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the _30ᵗʰ_ day of **December, 2003.**



_____
Notary Public, State of Texas
My Commission Expires: _____

-2-