UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 1 7 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

JOHN OCIE ROBERTS,          §
Plaintiff,                  §
                            §          CIVIL ACTION NO. 03-170
v.                          §
                            §
ELEANOR CARTE, ET AL.,      §
Defendants.                 §

## MEMORANDUM ORDER

BE IT REMEMBERED that on September 17, 2004, after considering the motion and responses thereto, the Court **GRANTED** Defendants' Eleanor Carte and Javier Gonzalez's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b) [Dkt. No. 14].

### I. Procedural and Factual Background

On September 18, 2000, Plaintiff filed suit against the Defendants in this case, Eleanor and A.C. Carte, in the Cameron County, Texas, District Court. The nature of that suit involved a contract entered into by Plaintiff and Defendants in 1987, which concerned the sale and purchase of property located in La Feria, Cameron County, Texas. Plaintiff sought a declaratory judgment under Texas law and alleged in the state lawsuit that Defendants breached the contract, made false representations and promises, caused Plaintiff to enter into an illusory contract, and acted willfully and unconscionably. Plaintiff makes similar allegations against the same Defendants regarding the same contract in the present lawsuit before this Court.

In the state lawsuit, the Defendants counterclaimed against Plaintiff and sought judicial foreclosure and damages for breach of contract. Plaintiff's claims were dismissed after he failed to appear for a trial setting, and Defendants' counterclaim was severed and set for a bench trial. Plaintiff appealed the order dismissing his case-in-chief and severing the counterclaim, but this appeal was later dismissed for want of prosecution. After Plaintiff again failed to appear for the bench trial on the severed

1

counterclaim, the state district court conducted the bench trial, heard evidence, and then entered judgment in favor of Defendants. Plaintiff moved for a new trial on the final judgment, which the district court denied. Plaintiff's appeal from the counterclaim suit is still pending before the Thirteenth Court of Appeals.

Plaintiff then filed a second lawsuit in state court on January 22, 2002, in which he sued the same Defendants and added as parties the Estate of A.C. Carte, by and through its executrix, Celeste Bowman, and the Defendants' attorney, Javier Gonzalez. The second lawsuit arose from the same facts, but added allegations of tortious interference with a contract. Defendants in the second state lawsuit filed "motions/applications for temporary and permanent injunctions and a request for emergency relief." On September 3, 2003, Plaintiff filed the present lawsuit before this Court.

Defendants Eleanor Carte and Javier Gonzalez argue Plaintiff's claim is barred by the doctrine of res judicata. Additionally, they argue this Court lacks jurisdiction over the subject matter of this suit under Rule 12(b)(1) and Plaintiff has failed to state a claim for relief under Rule 12(b)(6). Defendants filed their Motion to Dismiss on March 17, 2004. Plaintiff did not respond to their motion until May 14, 2004. Pursuant to Chamber Civil Procedures, Rule 5C, a party must respond to an opposed motion within 20 days of the date upon which the motion was filed. Plaintiff's response, therefore, is untimely. Nevertheless, in the interests of justice, the Court will review Plaintiff's response.

## II. **Rule 12(b)(1) and 12(b)(6) Standards**

In this case, Defendants move to dismiss Plaintiff's alleged state claims under Rule 12(b)(1) for lack of subject matter jurisdiction because they argue the state claims are barred by the doctrine of res judicata. Additionally, Defendants move to dismiss Plaintiff's alleged federal claims on a dual basis under both Rule 12(b)(1) and 12(b)(6). The Court will not reach Defendants' third alternative ground for dismissal for improper venue under Rule 12(b)(3).

In *Daniel v. Ferguson*, the Fifth Circuit noted that:

[w]hether a federal court has jurisdiction to decide a case and whether a plaintiff

2

> has a cause of action under a federal statute are distinct inquiries that must be addressed separately . . . [T]he failure to present an adequate 1983 claim does not strip the court of jurisdiction unless the claim is clearly immaterial, frivolous and wholly insubstantial . . .
>
> This court, consistent with the great weight of legal authority, has held that when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case.

839 F.2d 1124, 1127 (5th Cir. 1988) (citations and footnotes omitted). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). Considering a Rule 12(b)(1) motion first, will "prevent a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* A claim that is dismissed for lack of subject matter jurisdiction does not bar a plaintiff from pursuing a claim in a court with proper jurisdiction because the court's dismissal is not a determination of the merits of the claims. *Id.*

Pursuant to 12(b)(1), district courts have "the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). *See also Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001); *Kelly v. Syria Shell Petroleum Development*, 213 F.3d 841, 845 (5th Cir. 2000) (citations omitted); *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). In deciding a Rule 12(b)(1) motion, the Court may consider and weigh factual evidence to determine whether jurisdiction is appropriate. *See MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 180-81 (5th Cir. 1992). But when the party opposing the dismissal raises factual issues, he must be given an "opportunity to be heard on the factual matters underlying jurisdiction." *Williamson*, 645 F.2d at 414.

3

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 365 (5th Cir. 2000); *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247(5th Cir. 1997) (quoting *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). *See also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

Plaintiff rests jurisdiction in this case upon 28 U.S.C. § 1331(a) and 28 U.S.C. § 1343 for his alleged civil rights claims under 42 U.S.C. §§ 1981 and 1983, and under the United States Constitution. In light of the above standards, the Court will first address Defendants' Motion to Dismiss Plaintiff's federal claims under Rule 12(b)(1) and 12(b)(6). Although arguably Plaintiff's federal claims could be considered "clearly immaterial, frivolous, and wholly insubstantial," the Court will carefully address the adequacy of Plaintiff's claim and assume the claims are not frivolous. Additionally, Defendants' attack on this Court's jurisdiction under 12(b)(1) rests on the argument that Plaintiff has failed to allege sufficient facts in the complaint, and thus has failed to allege federal causes of action. As a result, Defendants' attack is really a direct attack on the merits of Plaintiff's case, and as such should not be considered as an attack on this Court's jurisdiction. As a result, the Court will address Defendants' Motion to Dismiss Plaintiff's federal claims under the 12(b)(6) standard. As the Court's opinion will set out, because the Court will dismiss Plaintiff's federal claims and there is no independent basis for jurisdiction over the state claims, the Court will not exercise its

4

supplemental jurisdiction under 28 U.S.C. § 1367, and it will dismiss Plaintiff's state claims.

## III. Analysis

Concisely stated, Plaintiff has presented nothing more than scant and nebulous factual allegations concerning federal causes of action.  Plaintiff states, "[t]he acts and practices of the Defendants and their agents, as herein alleged, were performed under color of law, and therefore, constitute actions of the State within the meaning of the Fourteenth Amendment to the United States Constitution." Pl's Cmplt, ¶ 7 & 37.  In order to establish a claim for relief under 42 U.S.C. § 1983, a plaintiff must "(1) allege a violation of a right secured by the Constitution of laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000); *see also Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).  A private party may only be held to be a state actor under section 1983 in three circumstances: (1) where a private party exercises powers that are "traditionally the exclusive prerogative of the state," that is, the Court applies the "public function test"; (2) where the state has exercised coercive power or has provided such significant encouragement, covert or overt, that the action of the private party must be deemed legally to be the action of the state; or (3) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may fairly be treated as that of the state itself. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).

Plaintiff has made nothing but vague and conclusory assertions that cannot satisfy the state action requirements necessary to establish a claim under 42 U.S.C. § 1983.  A review of Plaintiff's complaint shows no factual allegations that even hint at state action on the part of Defendants Eleanor Carte, a private individual and Javier Gonzalez, her attorney in earlier state court proceedings.  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Plaintiff additionally mentions a "deprivation under color of a statute or,

5

ordinance, or, regulation of a privilege or an immunity secured to plaintiff by the Act of Civil Rights, Section 1981 et seq. providing for equal rights citizens of all persons within the jurisdiction of the United States . . ." in the jurisdiction portion of his complaint. *See* Pl's Cmplt. ¶ 6. Section 1981 provides liability for acts of racial discrimination in connection with the making and enforcement of contracts. *See* 42 U.S.C. § 1981. *See also Adams v. McDougal*, 695 F.2d 104, 107 (5th Cir. 1983). Plaintiff has not alleged any facts that would support such discrimination.

## IV. Conclusion

Having found Plaintiff has failed to allege any federal causes of action against the Defendants, the Court will not exercise its supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a). Additionally, the Court cannot exercise independent jurisdiction over Plaintiff's state claims because there is no diversity of citizenship between the parties as all parties are citizens of Texas. *See* 28 U.S.C. § 1332.

Accordingly, the Court **GRANTS** Defendants' Eleanor Carte and Javier Gonzalez's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. No. 14]. Although the Motion to Dismiss this case was filed by only two parties, because there are no remaining federal claims and the Court has ruled it will not exercise supplemental jurisdiction over the state claims, the dismissal is effective as to all parties.

DONE at Brownsville, Texas, this 17th day of September, 2004.

Hilda G. Tagle
United States District Judge

6